Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 1 of 38

NEW YORK SUPREME COURT
COUNTY OF NEW YORK
-------------------------------------------------------- X
In the Matter of the Application of:          :
                                              :
THE NEW YORK CITY MUNICIPAL LABOR             :
COMMITTEE; HARRY NESPOLI as President         :
of UNIFORMED SANITATIONMEN'S                  :
ASSOCIATION, LOCAL 831, IBT; HENRY            :          Index No. _____
GARRIDO, as Executive Director of DISTRICT    :
COUNCIL 37, AFSCME; MICHAEL                    :          Hon. _____, J.S.C.
MULGREW, as President of UNITED               :
FEDERATION OF TEACHERS; MARK                  :
CANNIZZARO as President of COUNCIL OF         :
SCHOOL SUPERVISORS AND                        :          **VERIFIED PETITION**
ADMINISTRATORS; GREGORY FLOYD as              :
President of INTERNATIONAL                    :
BROTHERHOOD OF TEAMSTERS, LOCAL               :
237; JOSEPH MANNION as President of           :
SANITATION OFFICERS' ASSOCIATION,             :
LOCAL 444; JOSEPH COLANGELO as                :
President of SERVICE EMPLOYEES                 :
INTERNATIONAL UNION, LOCAL 246;               :
MARTIN LYDON as Civil Service Director of     :
DISTRICT COUNCIL OF CARPENTERS;               :
CHRIS MONAHAN as President of CAPTAINS         :
ENDOWMENT ASSOCIATION; LOUIS                  :
TURCO as President of LIEUTENANTS             :
BENEVOLENT ASSOCIATION; WILLIAM               :
LYNN as Business Manager of                   :
INTERNATIONAL UNION OF OPERATING              :
ENGINEERS, LOCAL 30; DALVANIE                 :
POWELL as President of UNITED PROBATION        :
OFFICERS ASSOCIATION; JAMES                   :
MCCARTHY as President of UNIFORMED            :
FIRE OFFICERS ASSOCIATION, LOCAL 854,         :
I.A.F.F.; IGNAZIO AZZARA as President of      :
UNIFORMED SANITATION CHIEFS                   :
ASSOCIATION; and JOSEPH AZZOPARDI as          :
Business Manager and Secretary Treasurer of   :
DISTRICT COUNCIL NO. 9 PAINTERS &             :
ALLIED TRADES,                                :
                                              :
                              Petitioners,    :
                                              :
For a Judgment Pursuant to Article 78 of the New  :

1

York Civil Practice Law and Rules,                    :
                                                      :
        -against-                                     :
                                                      :
                                                      :
                                                      :
THE CITY OF NEW YORK; NEW YORK CITY                   :
DEPARTMENT OF HEALTH AND MENTAL                       :
HYGIENE; THE BOARD OF EDUCATION OF                    :
THE CITY SCHOOL DISTRICT OF THE CITY                  :
OF NEW YORK,                                          :
                                                      :
                    Respondents.                      :
----------------------------------------------------------- X

  Petitioners Municipal Labor Committee ("MLC"); Harry Nespoli, as president of the

Uniformed Sanitationmen's Association, Local 831 IBT ("Local 831"); Henry Garrido, as

Executive Director of District Council 37 ("DC37"); Michael Mulgrew, as President of the

United Federation of Teachers ("UFT"); Mark Cannizzaro, as President of Council of School

Supervisors and Administrators ("CSA"); Gregory Floyd, as President of International

Brotherhood of Teamsters, Local 237 ("Local 237"); Joseph Mannion, as President of Sanitation

Officers' Association, Local 444 ("Local 444"); Joseph Colangelo, as President of Service

Employees International Union, Local 246 ("Local 246"); Martin Lydon, as Civil Service

Director of District Council of Carpenters; Chris Monahan as President of Captains Endowment

Association ("CEA"); Louis Turco as President of Lieutenants Benevolent Association ("LBA");

William Lynn as Business Manager of International Union of Operating Engineers, Local 30

("Local 30"); Dalvanie Powell as President of United Probation Officers Association ("UPOA");

James McCarthy as President of Uniformed Fire Officers Association, Local 854, I.A.F.F.

("UFOA"); Ignazio Azzara as President of Uniformed Sanitation Chiefs Association ("USCA");

and Joseph Azzopardi as Business Manager and Secretary Treasurer of District Council No. 9

Painters & Allied Trades ("DC9"), on behalf of their members, including employees at all

schools across the City, state the following as and for their Petition pursuant to Article 78 and Article 63 of the New York Practice Laws and Rules ("CPLR") to vacate the Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for Department of Education Employees, Contractors, and Others, dated August 24, 2021 ("the Order")[1]; and to enjoin Respondents the City of New York, The New York City Department of Health and Mental Hygiene ("DOHMH"), and the Board of Education of the City School District of the City of New York ("DOE") (collectively "Respondents") from implementing the Order, so as (a) to prevent the violation of bodily integrity for those workers who will be forced to undergo a mandatory medical procedure – vaccination – without due process of law; (b) to ensure due process of law for permanent DOE appointees in myriad occupational titles who will be subject to summary disciplinary action and/or termination if they remain unvaccinated despite reasonable requests for accommodation; (c) to safeguard the health of DOE employees for whom vaccination is medically contraindicated; and (d) to protect the rights of those employees objecting to inoculation due to sincerely-held religious beliefs.

## INTRODUCTION

1.      Respondents file this Verified Petition for judgment pursuant to Article 78 of the New York Civil Practice Laws and Rules ("CPLR") as follows:

   a.  vacating the Order as arbitrary,  capricious and contrary to law; and

   b.  enjoining Respondents from implementing the Order.

2.      Respondents engage in definitionally capricious conduct, as – after a month and a half of proclamations and piecemeal policies allowing for alternatives to vaccination for City

---

[1] The Order is attached hereto as Exhibit A.

3

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 4 of 38

employees – Respondents now jettison those prior requirements before they could even be implemented, in favor of a vaccination-only decree for all workers at DOE facilities.

3.       The Order is improper for myriad reasons.  Fundamentally, the Order violates employees' individual bodily integrity and right to refuse medical treatment by forcing employees to undergo unwanted medical procedures or be precluded from engaging in their chosen professions.  Moreover, the Order violates employees' due process rights by involuntarily preventing permanently-appointed DOE and City employees declining vaccination from engaging in their employment, resulting in a deprivation of their vested property rights without due process.[2]  U.S. CONST. amend. XIV, N.Y. CONST. art. 1, § 6, N.Y. Educ. Law §§ 3020, 3020-a, N.Y. Civ. Serv. Law § 75.  It further fails to provide required exceptions for those with medical contraindications, or sincerely-held religious objections, to inoculation.

4.       The inappropriate generality of the Order is in contrast to initial DOHMH orders that first allowed alternatives to vaccination for City healthcare, residential, and congregate setting employees, which have since been superseded by State regulations mandating vaccination, but still providing for medical and other reasonable accommodations for those employees.[3]

---

[2] Petitioners do not concede that the Order can contravene statutory due process protections, despite facially purporting to do so.  This issue, as well as the lack of medical/religious exemptions, are part of an ongoing, expedited arbitration between Petitioner UFT and DOE regarding the Order's implementation.  Petitioners will apprise the Court of arbitral updates; however, any determination reached there will only bind UFT, and may be inapplicable to the needs of other Respondents.  In light of the approaching first day of school, the expedited arbitration addresses implementation bargaining, should the order be sustained.  In the instant proceeding, Petitioners challenge the facial validity of the Order.

[3] See Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination or Testing for Staff in Public Healthcare Settings, New York City Department of Health and Mental Hygiene (July 21, 2021), attached to the Verified Petition as Exhibit B; Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination or Testing for Staff in Residential and Congregate Settings, New York City Department of Health and Mental Hygiene (Aug. 10, 2021), attached to the Verified Petition as Exhibit C.  As described infra at ¶ 10 n.5, the State Department of Health imposed an emergency regulation on August 26, 2021 mandating vaccination for employees in most medical settings.

4

5.      To be clear, Petitioners support vaccination and encourage all employees to vaccinate if they are able.  However, that support does not extend to a poorly-conceived mandate that neither provides exceptions for employees who cannot be vaccinated for medical or religious reasons, nor considers the constitutionally-protected property rights of myriad workers who are entitled to due process prior to preclusion from their chosen and vested professions.

6.      Furthermore, Petitioners cannot abide by an order that violates employee bodily integrity by subjecting them to coerced medical procedures.  Indeed, threatening employees – especially lower income workers – with the loss of public employment, their health benefits, and anticipated pensions, is extremely coercive.

7.      The instant Order is also indicative of a troubling trend – the City's ever-expanding emergency powers, purportedly justified by the continuing pandemic.

8.      Although the extraordinary powers granted to Governor Cuomo have been relinquished, and the State's declaration of emergency – first announced on March 7, 2020 – ended on June 24, 2021,[4] the City has chosen to remain in a state of perpetually-renewed declarations of emergency.

9.      Despite the collective progress in combatting COVID-19 in 2021, Mayor de Blasio has not rescinded the emergency powers he first invoked on March 12, 2020, and the City of New York continues to issue ever-changing edicts affecting our public sector employees' lives, careers, and – now – bodies.

10.      Throughout this summer, the City has proclaimed – via a combination of executive orders, agency announcements, and talk show appearances – myriad policies regarding

---

[4] Governor Hochul has *not* declared a renewed state of emergency for COVID-19 in light of the Delta variant.

5

public sector employees, including a citywide "Vax-Or-Test" mandate[5] requiring all employees

(and vendors) to provide proof of vaccination or to submit to weekly testing, lest they summarily

lose pay or their jobs.

11.    Each of the recent policies were announced without first bargaining with the

unions, thereby underscoring Respondents' disregard for the rights of employees and their

representatives.[6]

12.    Notwithstanding the validity of the preexisting "Vax-Or-Test" mandate, the City

has seemingly abandoned that framework prior to its institution in earnest.  Rather than

implement and gauge the effectiveness of "Vax-Or-Test," the City has imposed a vaccination

mandate with no exceptions or accommodations, giving school-based employees one option –

vaccination.

13.    Although the City purports that these restrictions are necessary due to the

pandemic, COVID-19 cannot form the basis for the abridgement of rights (constitutional or

otherwise) *ad infinitum*.  While Petitioners recognize that the times are difficult – and have been

for eighteen months – the presence of COVID-19 in our communities has now become an aspect

---

[5] As described in further detail, *infra*, the "Vax-Or-Test" policy in the healthcare worker context was first announced by the Mayor on July 21, 2021.  See Transcript: Mayor de Blasio Appears Live on MSNBC's Morning Joe, NYC Office of the Mayor (July 21, 2021), https://www1.nyc.gov/office-of-the-mayor/news/508-21/transcript-mayor-de-blasio-appears-live-msnbc-s-morning-joe.  Thereafter, announcements were made regarding expansion of the policy to all public sector employees.  See Transcript: Mayor de Blasio Holds Media Availability, NYC Office of the Mayor (July 26, 2021), https://www1.nyc.gov/office-of-the-mayor/news/517-21/transcript-mayor-de-blasio-holds-media-availability; Recovery for All of Us: Mayor de Blasio Announces City Workforce Health Care Mandate, NYC Office of the Mayor (July 26, 2021), https://www1.nyc.gov/office-of-the-mayor/news/518-21/recovery-all-us-mayor-de-blasio-city-workforce-health-care-mandate ("Beginning September 13th, City will require proof of vaccination or weekly COVID-19 tests for all city workers").  It was not until August 31, 2021 that the Mayor issued Executive Order No. 78, mandating "Vax-Or-Test" for all City employees.  See Executive Order No. 78, NYC Office of the Mayor (Aug. 31, 2021), attached hereto as Exhibit D.  The State Department of Health imposed an emergency regulation on August 26, 2021 mandating vaccination for employees in most medical settings.

[6] Petitioner UFT has separately challenged the Order's implementation (*i.e.,* the failure to allow for reasonable medical and religious accommodations) in an impasse proceeding before the Public Employment Relations Board ("PERB").

of life that will ebb and flow.  Therefore, the appropriate response to COVID-19 is not a managerial fiat disregarding the medical, religious, and due process rights of school-based City employees.

14.     As Justice Gorsuch stated in <u>Roman Catholic Diocese of Brooklyn v. Cuomo</u>, there was "willingness to defer to executive orders in the pandemic's early stages based on the newness of the emergency and how little was then known about the disease."  <u>See</u> 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring).  Yet, in "a second calendar year living in the pandemic's shadow, that rationale has expired according to its own terms.  Even if the Constitution has taken a holiday during this pandemic, it cannot become a sabbatical."  <u>See id.</u> at 70 (Gorsuch, J., concurring).

15.     Here, the Order is a sweeping employment policy that violates the rights of DOE and City employees in the school system and, if rolled out to the entire City workforce, will impact some 400,000 individuals and their families.

16.     Accordingly, emergency relief is needed to protect DOE employees from Respondents' illegal Order, which flouts employees' bodily integrity without due process of law, deprives workers of their vested property interest in their occupations without due process of law, disregards individual medical needs, and disrespects sincerely-held religious beliefs.

## **PARTIES**

17.     The MLC is an unincorporated association of City unions with its principal place of business in the City and County of New York, and was created pursuant to a memorandum dated March 31, 1966 and codified pursuant to Section 12-303(k) of the New York City Administrative Code.  MLC member unions, many of which are also Petitioners, represent City and DOE employees throughout the City, including at City schools.

7

INDEX NO. 158368/2021
RECEIVED NYSCEF: 09/09/2021

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 8 of 38

18.     Petitioner Harry Nespoli is the Chair of the MLC and is the President of Local

831.  Local 831 is a public employee organization within the meaning of § 12-303(j) of the

NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining

agent for workers employed by the Department of Sanitation of the City of New York ("DSNY")

in the title Sanitation Worker.

19.     Petitioner Henry Garrido is the Executive Director of DC37.  DC37 is a public

employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal

place of business in New York City.  It is the recognized bargaining agent for workers in various

citywide and agency-specific civilian titles throughout the City, including in City schools and at

other agencies per a Citywide certificate.

20.     Petitioner Michael Mulgrew is the President of UFT, Local No. 2 American

Federation of Teachers, AFL-CIO.  UFT is a public employee organization within the meaning

of N.Y. Civ. Serv. Law § 200 *et seq.* (the "Taylor Law"), with its principal place of business in

New York City.  It is the recognized bargaining agent for all nonsupervisory pedagogical

personnel and classroom paraprofessionals employed by DOE.  The UFT also represents titles

employed by the City, but working in City Schools.

21.     Petitioner Mark Cannizzaro is the President of CSA.  CSA is a public employee

organization within the meaning of the Taylor Law, with its principal place of business in New

York City.  It is the recognized bargaining agent for principals, assistant principals, supervisors,

and education administers employed by the DOE.

22.     Petitioner Gregory Floyd is the President of Local 237.  Local 237 is a public

employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal

place of business in New York City.  It is the recognized bargaining agent for workers employed

by government agencies, libraries, and schools across the City of New York.

23.     Petitioner Joseph Mannion is the President of Local 444.  Local 444 is a public

employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal

place of business in New York City.  It is the recognized bargaining agent for sanitation officers

employed by the DSNY.

24.     Petitioner Joseph Colangelo is the President of Local 246.  Local 246 is a public

employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal

place of business in New York City.  It is the recognized bargaining agent for motor maintenance

and repair workers employed by the City of New York.

25.     Petitioner Martin Lydon is the Civil Service Director of District Council of

Carpenters.  District Council of Carpenters is a public employee organization within the meaning

of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the

recognized bargaining agent for skilled carpenters, millwrights, dockbuilders, timbermen,

cabinetmakers, floorcoverers, and industrial workers employed by the City of New York.

26.     Petitioner Chris Monahan is the President of CEA.  CEA is a public employee

organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of

business in New York City.  It is the recognized bargaining agent for captains employed by the

Police Department of the City of New York ("NYPD").

27.     Petitioner Louis Turco is the President of LBA.  LBA is a public employee

organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of

business in New York City.  It is the recognized bargaining agent for lieutenants employed by

the NYPD.

9

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 10 of 38

28.     Petitioner William Lynn is the Business Manager of Local 30.  Local 30 is a public employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining agent for engineers and mechanics employed by the City of New York.

29.     Petitioner Dalvanie Powell is the President of the UPOA.  UPOA is a public employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining agent for probation officers employed by the Department of Probation of the City of New York.

30.     Petitioner James McCarthy is the President of UFOA.  UFOA is a public employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining agent for fire officers employed by the Fire Department of the City of New York.

31.     Petitioner Ignazio Azzara is the President of USCA.  USCA is a public employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining agent for sanitation chiefs employed DSNY.

32.     Petitioner Joseph Azzopardi is the Business Manager and Secretary Treasurer of DC9.  DC9 Painters & Allied Trades is a public employee organization within the meaning of § 12-303(j) of the NYCCBL, with its principal place of business in New York City.  It is the recognized bargaining agent for workers, including painters, drywall finishers, and lead abatement workers, employed by the City of New York.

33.     Respondent City of New York is a municipal corporation. The City's principal offices are located in New York County.

10

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 11 of 38

34.     Respondent DOHMH is the City agency responsible for public health.  DOHMH is located at 125 Worth Street, New York, New York 10013.

35.     Respondent DOE is located at 52 Chambers Street, New York, New York, and is a school board organized under, and existing pursuant to, the Education Law of the State of New York.  For all purposes, DOE serves as the government or public employer of all persons appointed or assigned by it.

## JURISDICTION AND VENUE

36.     This Court has jurisdiction to hear this matter pursuant to Articles 78 and 63 of the CPLR.

37.     No prior application has been made for the relief requested herein.

38.     Venue is proper in this Court pursuant to CPLR 7804(b) and CPLR 506(b), because the material events in this matter otherwise took place principally in New York County.

39.     Venue is also proper because Respondents DOHMH, DOE, and the City are located in New York County.

## ALLEGATIONS

I. New York's State of Emergency, Shutdown, and Reopening

40.     On March 12, 2020, Mayor Bill de Blasio declared a state of emergency for New York City, recognizing that "the risk of community spread throughout New York City impacts the life and health of the public and public health is imperiled by the person-to-person spread of COVID-19[.]"[7]  This announcement echoed Governor Cuomo's declaration of a disaster emergency for all of New York State, made days earlier.[8]

---

[7] See Emergency Executive Order No. 98, NYC Office of the Mayor (Mar. 12, 2020) (Verified Petition Exhibit E).

[8] See Executive Order No. 202, State of New York Executive Chamber (Mar. 7, 2020) (Verified Petition Exhibit F).

11

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 12 of 38

41.     Thereafter, on March 20, 2020, Governor Cuomo issued Executive Order 202.8 and announced the "New York State on PAUSE" plan, which shuttered all non-essential businesses statewide, and banned "[n]on-essential gatherings of individuals of any size for any reason (*e.g.*, parties, celebrations or other social events)[.]"[9] From that time until roughly May of this year, it was best practice to periodically close indoor spaces where individuals gather, in order to reduce community spread.[10]

42.     The change was due primarily to the widespread utilization of the Pfizer, Moderna, and Johnson & Johnson vaccines,[11] which provide 86% - 95% efficacy against severe disease.[12]  Today, all individuals aged 12 years and older are eligible to receive the vaccine, and those with compromised immune systems are eligible to receive a third COVID-19 vaccine dose as a booster.[13]  Nonetheless, the State has not issued a general vaccination mandate.

43.     Within the past few months, a strain of COVID-19 known colloquially as the "Delta variant" arrived in the United States, and quickly became the predominant version of the virus affecting City residents.[14]

[9] See New York State Governor, Governor Cuomo Signs the 'New York State on PAUSE' Executive Order (Mar. 20, 2020), https://www.governor.ny.gov/news/governor-cuomo-signs-new-york-state-pause-executive-order (last accessed Sept. 7, 2021) (Verified Petition Exhibit G).

[10] Sharon Otterman, New York Is Reopening.  Here's What That Actually Means, N.Y. TIMES (May 19, 2021), https://www.nytimes.com/2021/05/19/nyregion/nyc-reopening-restrictions-masks-vaccines.html.

[11] See id.

[12] Kathy Katella, Comparing the COVID-19 Vaccines: How Are They Different, YALE MEDICINE (Feb. 24, 2021; updated Aug. 26, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.

[13] See COVID-19 Vaccine: Safe, Effective, Free, New York State, https://covid19vaccine.health.ny.gov/ (last accessed Sept. 7, 2021).

[14] See COVID-19: Data, NYC Health, https://www1.nyc.gov/site/doh/covid/covid-19-data-variants.page (last accessed Sept. 7, 2021).

12

Case 1:21-cv-07863-VEC  Document 17-8  Filed 10/04/21  Page 13 of 38

44.     Some percentage of vaccinated individuals have been known to catch "breakthrough" Delta infections and – for at least a period of time – have viral loads as high as the unvaccinated.  Accordingly, they can spread the virus to others.[15]

45.     It is difficult to account for all breakthrough infections, as some vaccinated individuals may be asymptomatic (albeit contagious) or simply go untested.[16]  However, of the 173 million people in the United States fully vaccinated, there are approximately 12,908 known breakthrough cases that have resulted in hospitalization or death.[17]

46.     Still, hospital admissions are significantly below their 2020 peaks.[18]  An average of 1,219 New Yorkers were hospitalized for COVID-19 from August 27 through September 2[19] – in contrast with nearly 19,000 average *daily* hospitalizations in April 2020.[20]

II. "Vax-Or-Test"

47.     Presumably in response to growing concerns regarding the Delta variant, the City and State have issued a series of requirements and mandates regarding vaccination and COVID-19 safety protocols.

48.     The initial stage of the "Vax-Or-Test" mandate applied only to City public sector health care workers, and was first announced by the Mayor on July 21, 2021.[21]

---

[15] See Delta Variant: What We Know About the Science, Centers for Disease Control and Prevention (updated Aug. 26, 2021, last accessed Sept. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html.

[16] See id.

[17] COVID-19 Vaccine Breakthrough Case Investigation and Reporting; Centers for Disease Control and Prevention (last accessed Sept. 7, 2021), https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html.

[18] See Sharon Otterman, Here's Who Is Hospitalized for Covid in New York City as Cases Rise, N.Y. Times (July 30, 2021), https://www.nytimes.com/2021/07/30/nyregion/nyc-covid-hospitalizations.html.

[19] See Tracking Coronavirus in New York City, N.Y., N.Y. Times (Sept. 8, 2021), https://www.nytimes.com/interactive/2021/us/new-york-city-new-york-covid-cases.html.

[20] See Otterman, Here's Who Is Hospitalized for Covid in New York City as Cases Rise, supra n. 18.

13

49.  That day, the Commissioner of DOHMH ordered vaccination or weekly testing for staff in public healthcare settings.[22]

50.  Less than a week later, the Mayor proclaimed via press conference that "every single city employee will be expected to be either vaccinated or be tested weekly."[23]

51.  On July 27, 2021, the Office of Labor Relations ("OLR") emailed Harry Nespoli, Chair of Petitioner MLC and President of Petitioner Local 831, relaying a DOHMH draft letter that the Commissioner of DOHMH intended to send to all City employees that evening.[24]

52.  The letter outlined the "Vax-Or-Test" mandate, stating: "all City employees and contractors will soon be responsible for meeting the COVID-Safe Requirement, to be phased in from August 2nd to September 13th.  This policy requires all City employees and contractors to show either one-time proof of vaccination or a negative COVID-19 test once every seven days."

53.  The MLC quickly responded to this citywide unilateral change to the terms and conditions of employment for the City's entire workforce, and, having sought a discussion, met (virtually) on July 28, 2021 with two Deputy Mayors, the Commissioner of Labor, and several other commissioners and senior staff from various agencies, together with MLC officers, regarding the "Vax-Or-Test" mandate.

54.  The following day, Mayor de Blasio appeared on the radio station Hot 97 to announce further, unspecified edicts to supplement "Vax-Or-Test," stating that edicts will "phase in over the next few weeks. . . . We are going to keep pushing mandates of all kinds[.]"[25]:

---

[21] Transcript: Mayor de Blasio Appears Live on MSNBC's Morning Joe, NYC Office of the Mayor (July 21, 2021), https://www1.nyc.gov/office-of-the-mayor/news/508-21/transcript-mayor-de-blasio-appears-live-msnbc-s-morning-joe.

[22] See Order dated July 21, 2021, Exhibit B.

[23] See Transcript: Mayor de Blasio Holds Media Availability, NYC Office of the Mayor (July 26, 2021), https://www1.nyc.gov/office-of-the-mayor/news/517-21/transcript-mayor-de-blasio-holds-media-availability.

[24] The July 27, 2021 email from OLR to Harry Nespoli is attached hereto as Exhibit H.

14

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 15 of 38

55.     Based on subsequent correspondence with OLR, detailed _infra_, the City agreed to bargain implementation of these plans.

56.     Despite Petitioner unions best efforts to work together on implementation of "Vax-Or-Test," the City continued to unilaterally dictate the program.[26]

57.     On August 19, 2021, the City – via OLR – sent counsel for a MLC-member union an email attaching a 10-page document titled "COVID-Safe Requirement: Frequently Asked Questions" (the "COVID-Safe Requirement") purporting to require for all City employees, _inter alia_:

    a.  Proof of full vaccination or a weekly negative PCR test;

    b.  "If an employee, volunteer, or intern does not want to undergo weekly testing for any reason, they must get fully vaccinated."

    c.  "If an employee, volunteer, or intern has a medical reason for not complying with these requirements, they should be referred to the agency EEO office to review and discuss that information";

    d.  "Any employee who prefers to keep their vaccination status private can do so by providing a weekly COVID-19 PCR test and wearing a face covering.";

    e.  Leave without pay for any noncompliant employees; and – in seeming conflict with that provision –

    f.  Termination for the unvaccinated.[27]

---

[25] See Transcript: Mayor de Blasio Appears Live on Hot 97, NYC Office of the Mayor (July 29, 2021), https://www1.nyc.gov/office-of-the-mayor/news/529-21/transcript-mayor-de-blasio-appears-live-hot-97 (emphasis added).

[26] Failure to bargain is a separate violation of law that is not being addressed in the instant Petition.

15

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 16 of 38

58.     The COVID-Safe Requirement also incorporates by reference mayoral Executive

Order 75, which requires all new hires to "provide proof of having received at least one dose of

an approved COVID-19 vaccine prior to beginning their employment (unless they have a

reasonable accommodation)."[28]

59.     The MLC, in further efforts to facilitate bargaining over implementation of the

"Test-Or-Vax" mandate, sent a letter dated August 12, 2021 to First Deputy Mayor Dean

Fuleihan, Chief of Staff and Deputy Mayor for Administration Emma Wolfe, and OLR

Commissioner Renee Campion, underscoring the fact that the City had ignored the various

proposals MLC had made during the virtual meeting on July 28, 2021, but expressing the desire

to arrive at a workable "Vax-Or-Test" program expeditiously.[29]

60.     Shortly thereafter, the MLC received word that the City was considering

jettisoning the "Vax-Or-Test" mandate before it had even begun, in favor of a vaccination-only

mandate.  Therefore, on August 17, 2021, the MLC sent an additional letter to First Deputy

Mayor Fuleihan, Chief of Staff and Deputy Mayor Wolfe, and OLR Commissioner Campion,

highlighting the capricious switch to a vaccination mandate before "Vax-Or-Test" had even

begun in earnest.[30]

61.     This letter, too, went ignored.

62.     On August 31, 2021, the Mayor issued Executive Order No. 78, mandating "Vax-

Or-Test" for City employees and many City contractors.

---

[27] The COVID-Safe Requirement, dated August 11, 2021, is attached hereto as Exhibit I.

[28] See Executive Order No. 75, NYC Office of the Mayor (Aug. 2, 2021), https://www1.nyc.gov/office-of-the-mayor/news/075-000/executive-order-75 and Executive Order No. 76, NYC Office of the Mayor (Aug. 17, 2021), https://www1.nyc.gov/office-of-the-mayor/news/076-000/executive-order-76 (amending Executive Order No. 75).

[29] MLC's August 12, 2021 Letter is attached hereto as Exhibit J.

[30] MLC's August 17, 2021 Letter is attached hereto as Exhibit K.

63.     On September 2, 2021, the State Department of Health ("DOH") issued a "Vax-Or-Test" requirement for all New York State schools.[31]

III.  The City's Vaccination Mandate

64.     On August 23, 2021, Mayor de Blasio and DOHMH Commissioner Chokshi announced a vaccination mandate for all employees in the City school district.[32]

65.     The following day, DOHMH imposed the Order, which requires all DOE staff, City employees, and contractors who "work in-person in a DOE school setting or DOE building"; and "[a]ll employees of any school serving students up to grade 12 and any UPK-3 or UPK-4 program that is located in a DOE building who work in-person, and all contractors hired by such schools or programs to work in-person" to – no later than September 27, 2021 – provide proof that they (a) have been fully vaccinated; (b) have received a single dose vaccine; or (c) have received the first dose of a two-dose vaccine, and must additionally provide proof that they have received the second dose within 45 days of the initial inoculation.[33]

66.     The City has signaled that this is part of a larger effort to intensify vaccine mandates for all municipal employees in the days to come.[34]

67.     The Order violates Petitioners' members bodily integrity by forcing them to undergo a medical procedure – inoculation – without due process.

---

[31] New York State Department of Health, Covid-19 Reporting & Testing, §§ 2.9, 2.62 (Sept. 2, 2021), https://regs.health.ny.gov/sites/default/files/pdf/emergency_regulations/COVID-19%20Reporting%20and%20Testing.pdf.

[32] See Mayor de Blasio, Chancellor Porter and Commissioner Chokshi Announce Department of Education Employee Vaccine Mandate, NYC Office of the Mayor (Aug. 23, 2021), https://www1.nyc.gov/office-of-the-mayor/news/578-21/mayor-de-blasio-chancellor-porter-commissioner-chokshi-department-education.

[33] See Exhibit A.

[34] See Eliza Shapiro, Educators Will Be First N.Y.C. Workers to Face Full Vaccine Mandate, N.Y. TIMES (Aug. 23, 2021; updated Aug. 30, 2021), available at: https://www.nytimes.com/2021/08/23/nyregion/nyc-schools-vaccine-mandate.html.

17

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 18 of 38

68.     Additionally, the Order is silent with regard to the disciplinary procedure for those who do not comply, be it for medical, religious, or other reasons.

69.     To the extent the Orders purports to prevent unvaccinated employees from engaging in their work, due either to forced leave or termination, the Order deprives workers of their vested property interest in their occupations and is contrary to due process of law.[35]

70.     Finally, the Order fails to provide for exemptions based on medical contraindication to vaccination or sincerely-held religious objection.

IV.  The Threat of Imminent Harm to Employees

71.     Petitioners reemphasize that they support and encourage vaccination for all who are able.  However, Petitioners should not have to abide a vaccination mandate (a) forcing individuals to undergo a medical procedure against their will; (b) truncating the due process rights of those who could lose their livelihoods, health benefits, and pensions; (c) disregarding those for whom vaccination is medically contraindicated; and (d) disrespecting the sincerely-held religious belief of employees.

72.     Although the Pfizer, Moderna, and Johnson & Johnson ("J&J") vaccines are said to be safe, that is not a certainty this early in their usage (with only Pfizer securing full FDA approval).  Incontrovertibly, some individuals may suffer from mild-to-severe side effects, including:

> a.   Anaphylaxis and other allergic reactions.  Those with allergies to polyethylene glycol (PEG) should not receive the Pfizer or Moderna

---

[35] However, as noted supra, Petitioners do not concede that the Order would allow DOE and the City to take any disciplinary action other than a prohibition on unvaccinated employees entering DOE facilities.

vaccines, while those with a polysorbate allergy should not receive the J&J vaccine;

b.  Thrombosis with thrombocytopenia syndrome ("TTS") – blood clots that can result in heart attack, stroke, and other infarctions, which have been seen in a small number of J&J recipients, and two Moderna recipients;

c.  Guillain-Barré Syndrome, where the body's immune system damages nerve cells, resulting in muscle weakness and possible paralysis.  While most fully recover, some have permanent nerve damage.  This side effect has been seen in a small number of J&J recipients; and

d.  Myocarditis and pericarditis – inflammation of the middle and outer layers of the heart, respectively, which have been seen in a small number of Pfizer and Moderna recipients.[36]

73.    Additionally, individuals may have pre-existing medical conditions, procedures or other infections which are contraindicated for receiving the vaccine in the near future or at all.

74.    Therefore, the Order forces those with certain preexisting conditions or negative reactions to choose between the risk of possible death and severe bodily harm, or employment.

75.    While Petitioners were initially led to believe that medical/religious exemptions would be available, the Order does not so provide.

---

[36] Selected Adverse Events Reported after COVID-19 Vaccination, Centers for Disease Control and Prevention (Sept. 2, 2021, last accessed Sept. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/adverse-events.html; COVID-19 Vaccines for People with Allergies, Centers for Disease Control and Prevention (Mar. 25, 2021, last accessed Sept. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/specific-groups/allergies.html.

19

76.     To that end, DOE has advised that it will not allow those with medical or religious exceptions – should those be accepted – to continue working in person under a strict testing regimen, or remotely with those students receiving remote instructions.

77.     Nor is it clear at this stage how those who refuse vaccination will be treated as to leaves, benefits, and other statutory rights.

78.     Amidst a global pandemic that has left millions without work, the Order appears to unduly force school-based staff to submit to unwanted vaccination or abruptly suffer the loss of their jobs, livelihoods, and – most distressing, given our current reality – healthcare coverage. The summary termination of an employee's source of income and medical treatment, particularly in these circumstances, carries frightening consequences and is irreparable.

79.     As the school year begins in person and our country makes progress against this virus, our workers should not be forced to make such choices.  Rather the City should – and can – tailor an order that allows for medical and religious exemption while also respecting the rights of those who chose not to vaccinate by providing for an alternative regime, such as testing.

**FIRST CAUSE OF ACTION: JUDGMENT PURSUANT TO CPLR ARTICLE 7803(3) VACATING THE ORDER OF DOHMH'S COMMISSIONER TO REQUIRE COVID-19 VACCINATION FOR DEPARTMENT OF EDUCATION EMPLOYEES, CONTRACTORS, AND OTHERS, IN VIOLATION FEDERAL AND STATE LAW**

80.     Petitioners repeat and reallege the allegations set forth in Paragraphs 1 through 79 as if set forth herein.

81.     Pursuant to CPLR 7803(3), this Court has jurisdiction to vacate Commissioner Chokshi's August 24, 2021 Order if it "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion."

82.     The vaccination Order promulgated by DOHMH are mandatory on many of Petitioners' members.

20

83.     The Order violates these employees' individual bodily integrity and right to refuse medical treatment by forcing employees to undergo unwanted medical procedures or be precluded from engaging in their chosen professions.

84.     The Order violates employees' due process rights by involuntarily preventing permanently-appointed DOE and City employees declining vaccination for any reason from engaging in their employment, resulting in the summary deprivation of their vested property rights without due process.  U.S. CONST. amend. XIV, N.Y. CONST. art. 1, § 6, N.Y. Educ. Law §§ 3020, 3020-a, N.Y. Civ. Serv. Law § 75.

85.     The Order does not allow for an exception based on an individual employee's medical inability to receive a vaccination.  Failing to provide a medical exemption and thereby sacrificing the health of vulnerable populations contradicts the purpose of the Order: to protect the public health.

86.     The Order does not allow for an exception based on an individual employee's sincerely held religious objection to vaccination.  To the extent the City or DOE deprive employees of their employment because they choose not to get vaccinated for religious reasons, the Order unequivocally conflicts with Title VII's anti-discrimination laws.

87.     The Order does not allow for any exceptions to vaccination – such as weekly testing or mask-wearing – which were present in other, now-superseded, DOHMH COVID-19 vaccination orders applicable to healthcare and nursing home/congregate setting workers, and which are currently applicable to other City employees.

88.     The Order is therefore arbitrary, capricious, and should be vacated.

21

### SECOND CAUSE OF ACTION: INJUNCTIVE RELIEF PROHIBITING <u>RESPONDENTS FROM IMPLEMENTING THE ORDER</u>

89.     Petitioners repeat and reallege the allegations set forth in Paragraphs 1 through 88 as if set forth herein.

90.     Pursuant to CPLR Article 63, this Court may issue an injunction where the Petitioner can demonstrate (1) the likelihood of success on the merits; (2) the prospect of irreparable injury if injunctive relief is denied; and (3) that the equities favor injunctive relief.

91.     Respondents' vaccine mandate is in violation of Petitioners' members' due process, medical, religious rights.

92.     If Respondents are permitted to implement the Order, employees' individuals' constitutional rights to bodily integrity and right to refuse medical treatment will be violated by virtue of forced inoculation, lest those employees be deprived of their livelihood and precluded from engaging in their chosen professions.

93.     If Respondents are permitted to implement the Order, permanently appointed DOE and City employees declining vaccination will be prevented from engaging in their chosen professions, resulting in loss of pay, benefits, and possibly pension rights without regard to their constitutional and statutory rights to due process.

94.     If Respondents are permitted to implement the Order, employees with preexisting medical complications contraindicated to vaccination may suffer death or bodily harm resulting from vaccination.

95.     If Respondents are permitted to implement the Order, employees with sincerely-held religious beliefs against inoculation will be forced to violate their religious tenets or be subject to discipline, including termination.  The Order is therefore at odds with Title VII's prohibitions against unlawful discrimination on the basis of religion.

22

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 23 of 38

96.     The inconvenience that would result if Respondents are enjoined from enforcing the Order would pale in comparison to the truncation of due process rights, risk of bodily harm, and loss of religious dignity, outlined <u>supra</u>.

97.     Moreover, Respondents have, in other employment contexts, crafted orders that take due process, medical, and religious issues into consideration by offering alternatives to mandatory COVID-19 vaccination, such as weekly testing and face coverings.  They can do the same here.

98.     Therefore, an injunction should issue prohibiting Respondents implementing the Order.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioners respectfully request that the Court:

1.  vacate the Order as arbitrary and capricious;

2.  enjoin Respondents from implementing the Order; and

3.  award Petitioners such other and further relief as the Court deems just and proper.

Dated: September 9, 2021                    Respectfully submitted,


                                           /s/ ALAN M. KLINGER
                                           STROOCK & STROOCK & LAVAN LLP
                                           Alan M. Klinger, Esq.
                                           Dina Kolker, Esq.
                                           Arthur J. Herskowitz, Esq.
                                           Elizabeth C. Milburn, Esq.
                                           180 Maiden Lane
                                           New York, New York 10038
                                           (212) 806-5400
                                           aklinger@stroock.com
                                           dkolker@stroock.com
                                           aherskowitz@stroock.com
                                           ecmilburn@stroock.com

                                           *Co-counsel for Petitioners*

23

-and-

Robin Roach, Esq.
DISTRICT COUNCIL 37
125 Barclay St.
New York, New York 10007
(212) 815-1000
rroach@dc37.net

*Co-counsel for the MLC and District Council 37*

-and-

GREENBERG BURZICHELLI
GREENBERG P.C.
Harry Greenberg, Esq.
3000 Marcus Avenue, Suite 1W7
Lake Success, New York 11042
(516) 570.4343
hgreenberg@gbglawoffice.com

*Co-counsel for the MLC, Local 246, CEA, LBA, Local 30, UPOA, UFOA, USCA, and DC9*

24

# **VERIFICATION**

STATE OF NEW YORK    )
                      ss.:
COUNTY OF NEW YORK )

HARRY NESPOLI, being duly sworn, deposes and says:

I am Chair of the Municipal Labor Committee ("MLC") and President of the Uniformed Sanitationmen's Association, Local 831, IBT ("Local 831"), each a Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by MLC and Local 831, or obtained through investigation of the facts.

                                        Harry Nespoli

Affirmed to before me this
8th day of September, 2021

NOTARY PUBLIC

YAYASTRIE RAMPRASAD
Notary Public, State of New York
No. 01RA6160279
Qualified in Queens County
Commission Expires February 05, 2023

## VERIFICATION

STATE OF NEW YORK    )
                      ss.:
COUNTY OF NEW YORK )

HENRY GARRIDO, being duly sworn, deposes and says:

I am the Executive Director of District Council 37, AFSCME ("DC37"), a Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by DC37 or obtained through investigation of the facts.

_____
Henry Garrido

Affirmed to before me this
8th day of September, 2021

_____
NOTARY PUBLIC

MAXINE A. MORAN
Notary Public, State of New York
No. 01MO6054191
Qualified in Westchester County
Commission Expires  7/8/23

Case 1:21-cv-07863-VEC    Document 17-8    Filed 10/04/21    Page 27 of 38

**VERIFICATION**

STATE OF NEW YORK   )
                              ss.:
COUNTY OF NEW YORK )

       MICHAEL MULGREW, being duly sworn, deposes and says:

       I am President of the United Federation of Teachers ("UFT"), a Petitioner in this

proceeding.  I have read the foregoing Verified Petition, know the contents thereof and the same

are true to my knowledge, except those matters therein which are stated to be alleged on

information and belief, and as to those matters I believe them to be true.  The grounds of my

belief as to all matters therein not stated to be upon my knowledge are based upon documents

and information maintained by UFT or obtained through investigation of the facts.

                                   Michael Mulgrew

Affirmed to before me this
9th day of September, 2021

             NOTARY PUBLIC

YAYASTRIE RAMPRASAD
Notary Public, State of New York
No. 01RA6160279
Qualified in Queens County
Commission Expires February 05, 2023

## VERIFICATION

STATE OF NEW YORK      )
                                          ss.:
COUNTY OF NEW YORK )

MARK CANNIZZARO, being duly sworn, deposes and says:

I am the President of the Council of School Supervisors and Administrators ("CSA"), a

Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents

thereof and the same are true to my knowledge, except those matters therein which are stated to

be alleged on information and belief, and as to those matters I believe them to be true. The

grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon

documents and information maintained by CSA or obtained through investigation of the facts.

_____
                                                     Mark Cannizzaro

Affirmed to before me this
1st day of September , 2021

_____
                    NOTARY PUBLIC

DAVID GRANDWETTER
Notary Public, State of New York
No. 02GR6146665
Qualified in Westchester County
Commission Expires 09/17/20 22

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 29 of 38

## VERIFICATION

STATE OF NEW YORK    )
                                        ss.:
COUNTY OF NEW YORK )

GREGORY FLOYD, being duly sworn, deposes and says:

I am the President of the International Brotherhood of Teamsters, Local 237 ("Local

237"), a Petitioner in this proceeding.  I have read the foregoing Verified Petition, know the

contents thereof and the same are true to my knowledge, except those matters therein which are

stated to be alleged on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters therein not stated to be upon my knowledge are based

upon documents and information maintained by Local 237 or obtained through investigation of

the facts.

_____
Gregory Floyd

Affirmed to before me this
9th day of September, 2021

_____
NOTARY PUBLIC

PATRICIA S. GRONER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6098202
Qualified in Putnam County
My Commission Expires September 08, 2019 2023

## VERIFICATION

STATE OF NEW YORK    )
                                        ss.:
COUNTY OF NEW YORK )

JOSEPH MANNION, being duly sworn, deposes and says:

I am President of the Sanitation Officers Association, SEIU Local 444 ("Local 444"), a

Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents

thereof and the same are true to my knowledge, except those matters therein which are stated to

be alleged on information and belief, and as to those matters I believe them to be true. The

grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon

documents and information maintained by Local 444or obtained through investigation of the

facts.

_____
Joseph Mannion

Affirmed to before me this
7th day of September, 2021

_____
NOTARY PUBLIC

JACQUELINE DIAZ
NOTARY PUBLIC, State of New York
No. 01DI6352853
Qualified in Kings County
Commission Expires January 9, 2025

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 31 of 38

## VERIFICATION

STATE OF NEW YORK    )

                      ss.:

COUNTY OF NEW YORK )

       Joseph Colangelo, being duly sworn, deposes and says:

       I am the President of SEIU Local 246, a Petitioner in this proceeding.  I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by SEIU Local 246 or obtained through investigation of the facts.

_____
Joseph A. Colangelo

Affirmed to before me this
8 day of September 2021

_____
NOTARY PUBLIC

COLLEEN NYSTROM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NY5084799
Qualified in Nassau County
Commission Expires September 8, 20 25

Case 1:21-cv-07863-VEC Document 17-8 Filed 10/04/21 Page 32 of 38

**VERIFICATION**

STATE OF NEW YORK   )

                                 ss.:

COUNTY OF NEW YORK )

MARTIN LYDON, being duly sworn, deposes and says:

I am the Civil Service Director of the District Council of Carpenters ("DCC"), a

Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents

thereof and the same are true to my knowledge, except those matters therein which are stated to

be alleged on information and belief, and as to those matters, I believe them to be true. The

grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon

documents and information maintained by DCC or obtained through investigation of the facts.

_____

                                      Martin Lydon

Affirmed to before me this

_8_ day of _Sept_ , 2021

NOTARY PUBLIC

YARIELA CARVAJAL
Notary Public, State of New York
No. 01CA6251695
Qualified in Queens County
Commission Expires Nov. 14, 2019

## VERIFICATION

STATE OF NEW YORK   )
                                ss.:
COUNTY OF NEW YORK )

       CHRIS MONAHAN, being duly sworn, deposes and says:

       I am President of the Captains Endowment Association ("CEA"), a Petitioner in this

proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same

are true to my knowledge, except those matters therein which are stated to be alleged on

information and belief, and as to those matters I believe them to be true. The grounds of my

belief as to all matters therein not stated to be upon my knowledge are based upon documents

and information maintained by CEA or obtained through investigation of the facts.


_____
                              Chris Monahan


Affirmed to before me this
____ day of _____, 2021

_____
NOTARY PUBLIC

MICHAEL A. PIRONE
Notary Public, State of New York
No. 01PI5061799
Qualified in Nassau County
Commission Expires 06/17/20 22

NYSCEF DOC. NO. 1
INDEX NO. 158368/2021

RECEIVED NYSCEF: 09/09/2021

## VERIFICATION

STATE OF NEW YORK )

ss.:

COUNTY OF NEW YORK )

LOUIS TURCO, being duly sworn, deposes and says:

I am President of the Lieutenants Benevolent Association ("LBA"), a Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by LBA or obtained through investigation of the facts.

_____
Louis Turco

Affirmed to before me this

___ day of _Sept_, 2021

_____
NOTARY PUBLIC

MICHAEL A. PIRONE
Notary Public, State of New York
No. 01PI5061799
Qualified in Nassau County
Commission Expires 06/17/20__

Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 35 of 38

## VERIFICATION

STATE OF NEW YORK   )
                         ss.:
COUNTY OF NEW YORK )

WILLIAM LYNN, being duly sworn, deposes and says:

I am the Business Manager of the International Union of Operating Engineers, Local 30

("Local 30"), a Petitioner in this proceeding.  I have read the foregoing Verified Petition, know

the contents thereof and the same are true to my knowledge, except those matters therein which

are stated to be alleged on information and belief, and as to those matters I believe them to be

true.  The grounds of my belief as to all matters therein not stated to be upon my knowledge are

based upon documents and information maintained by Local 30 or obtained through

investigation of the facts.

_____
                                     William Lynn

Affirmed to before me this
9th day of September, 2021

_____
            NOTARY PUBLIC

CAROL ANN KAHL
Notary Public, State of New York
No 01KA6066542
Term Expires 11/19/20  Qualified in Queens County

11/19/2021

FILED: NEW YORK COUNTY CLERK 09/09/2021 07:19 PM
INDEX NO. 158368/2021
NYSCEF DOC. NO. 1
Case 1:21-cv-07863-VEC   Document 17-8   Filed 10/04/21   Page 36 of 38
RECEIVED NYSCEF: 09/09/2021
Firefox
about:blank

**VERIFICATION**

STATE OF NEW YORK   )
                   ss.:
COUNTY OF NEW YORK )

      DALVANIE POWELL, being duly sworn, deposes and says:

      I am President of the United Probation Officers Association ("UPOA"), a Petitioner in

this proceeding.  I have read the foregoing Verified Petition, know the contents thereof and the

same are true to my knowledge, except those matters therein which are stated to be alleged on

information and belief, and as to those matters I believe them to be true.  The grounds of my

belief as to all matters therein not stated to be upon my knowledge are based upon documents

and information maintained by UPOA or obtained through investigation of the facts.


_____
                     Dalvanie Powell


Affirmed to before me this
9 day of SEPTEMBER 2021

_____
      NOTARY PUBLIC

HARRY GREENBERG
Notary Public, State of New York
No. 492008
Qualified in Nassau County
Commission Expires January 25, 20

## VERIFICATION

STATE OF NEW YORK  )
                            ss.:
COUNTY OF NEW YORK )

JAMES MCCARTHY, being duly sworn, deposes and says:

I am President of the Uniformed Fire Officers Association, Local 854, I.A.F.F. ("Local 854"), a Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by Local 854 or obtained through investigation of the facts.

_____
James McCarthy

Affirmed to before me this
7th day of September 2021

_____
NOTARY PUBLIC

BRIAN V. HARVEY
NOTARY PUBLIC, State of New York
No. 01HA6298970
Qualified in Queens County
Commission Expires Mar. 17, 2022

**VERIFICATION**

STATE OF NEW YORK   )
                 ss.:
COUNTY OF NEW YORK )

JOSEPH AZZOPARDI, being duly sworn, deposes and says:

I am the Business Manager and Secretary Treasurer of District Council No. 9 Painters & Allied Trades ("DC9"), a Petitioner in this proceeding. I have read the foregoing Verified Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters therein not stated to be upon my knowledge are based upon documents and information maintained by DC9 or obtained through investigation of the facts.

_____
Joseph Azzopardi

Affirmed to before me this
9 day of September, 2021

_____
NOTARY PUBLIC

CRYSTAL GARCIA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GA6311894
Qualified in Kings County
My Commission Expires 09-22-2022