UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kate, et al.<br><br>      Plaintiffs,<br><br>      vs.<br><br>de Blasio, et al.<br><br>      Defendants. | DECLARATION OF<br>ROBERT DILLON, IV<br><br>Civil Action No. 1:21-cv-07863 |

STATE OF NEW YORK     )
                                    ) ss.:
COUNTY OF NEW YORK  )

**Robert Dillon, IV**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1. My name is Robert Ernest Dillon IV.

2. I am a New York City Department of Education public school teacher.

3. I work in the Morris Park section of The Bronx and teach computers, in addition to my many other duties using various systems and software essential to the operation of our school.

4. I have been teaching for the New York City Department of Education for 23 years.

5. I have sincere and firmly held religious objections to the COVID-19 vaccine.

6. On 9/15/21 I timely submitted a valid religious exemption letter and a letter from an ordained minister through the DOE's SOLAS system.

7. On 9/17/21 I received an email from solas_donotreply@schools.nyc.gov stating that I was denied as accommodating any religious exemptions would be an undue burden on the NYC school system. A true and accurate copy of the content of that email (cut and pasted) is attached as <u>Exhibit A</u>.

8. I timely appealed within one school day on Sunday, 9/19/21.

9. On 9/25/21 I received an email from vaccineappeals@scheinmanneutrals.com stating: "Dear Robert Dillon, Enclosed, please find your decision of the Arbitrator from Scheinman Arbitration and Mediation Services (SAMS).

10. Attached to the email was a document signed by an arbitrator on 9/24/21. A true and accurate copy of the document is attached as <u>Exhibit B</u>. It provided no explanation but simply denied me.

11. I was not offered a hearing at any point in the appeal process.

12. The reason given for my initial denial was that the DOE "cannot offer another worksite as an accommodation, as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations."

13. As part of my appeal, I submitted a letter explaining that the reason for rejection did not apply to me, given the fact that I was working on an SBO (a modification of our contract) and was capable of performing my duties "STARS programming, Google Domain management etc) remotely.

14. I also attached documentation from my principal corroborating what I stated in my letter. He wrote:

> "I am writing this letter on behalf of Robert Dillon, a pedagogue here at P.S. 83. It has come to my understanding that he is in the process of applying for an exemption to the vaccine mandate being enforced by the City of New York. As it stands now, the majority of Mr. Dillon's work can be done remotely as he is the school's programmer, scheduler and instructional technology specialist. A position that has been voted upon and approved by the UFT. This position requires most of his time to be spent behind a computer working with programs such as STARS, ATS, Skedula, New Visions, and the Google domain.
>
> The work performed by Mr. Dillon is vital to the overall operations of the school. At this point in time it would be too difficult to abruptly remove him from his position without causing a disruption to the structure of our daily work. If permissible, I would gladly allow Mr. Dillon to work remotely while still being an employee at PS 83.

15. Given the obvious contradiction between the reason my religious exemption request was initially denied and the nature of my duties, it appears that the arbitrator was biased and/or did not read the documentation that I submitted.

16. At no point in the process was any reference made to the sincerity of my beliefs nor to the degree to which I hold them. The sole reason given for being unable to grant my exemption request was that it would be a burden to place me elsewhere. Yet, I submitted signed documentation from my principal stating that it would be a burden to have to replace me. Just as A cannot be B, I cannot both be a burden to accommodate and a burden to not accommodate.

17. If I am unable to continue my work it will force my principal to move someone else out of the classroom in order to perform my duties. This will place an even greater strain on the school because other teachers will have to cover the classes of the teacher replacing me.

18. Not only that, the duties I perform are oftentimes complex and require a level of knowledge and familiarity that will take my replacement time to master, if they are able to master them at all.

19. Some of my responsibilities include programming special education students correctly so that the school is in compliance with mandates.

20. My abrupt removal will make it likely that our school will not be in compliance in some areas and we may lose funding or be penalized in other ways.

21. Additionally, many teachers rely on my technical expertise and often seek my assistance for various tech related issues. I am capable of doing this remotely, as evidenced by the fact that I did it successfully for the spring of 2020 and all of last school year.

22. Therefore, removing me from my position will make the jobs of other teachers much more difficult, especially if the school must go remote at some point in the future.

23. The loss of anywhere between 7,000-15,000 teachers next week, in addition to all the other DOE employees who are essential to the operation of the NYC DOE school system, is going to severely hamper the education of the children of New York City.

24. Most of us have worked tirelessly and safely in person throughout this pandemic. Allowing us to be removed because we are not in compliance with a mandate that is not in effect nor deemed necessary anywhere else within hundreds (if not thousands) of miles, is unfair to both them and the children whom they serve.

25. I pray that the Court can help us.

_____

Robert Dillon

# EXHIBIT A

(Cut and pasted from email)

Dear ROBERT DILLON,

We have reviewed your application and supporting documentation for a religious exemption from the DOE COVID-19 vaccine mandate. Your application has failed to meet the criteria for a religious based accommodation because, per the Order of the Commissioner of Health, unvaccinated employees cannot work in a school building without posing a direct threat to health and safety. Due to the configuration for the 2021 - 2022 school year, which includes no remote classwork, we cannot offer another worksite as an accommodation, as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

This application was reviewed in accordance with applicable law as well as the Arbitration Award in the matter of the UFT and the Board of Education regarding the vaccine mandate.

Under the terms of the Arbitration Award, you may appeal this denial to an independent arbitrator. If you wish to appeal, you must do so within one school day of this notice by logging into SOLAS https://dhrnycaps.nycenet.edu/SOLAS and using the option "I would like to APPEAL". As part of the appeal, you may submit additional documentation and also provide a reason for the appeal.

Sincerely,

HR Connect

Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

# EXHIBIT B

SCHEINMAN ARBITRATION AND MEDIATION SERVICES
---------------------------------------------- x
In the Matter of the Arbitration
                                            x
                   between
                                            x
NEW YORK CITY DEPARTMENT OF EDUCATION          Re: UFT.255
                                            x
                    and
                                            x
            ROBERT DILLON
                                            x
---------------------------------------------- x

Issue: _Religious Exemption_

Date of Hearing: _N/A_

Award

APPLICATION FOR EXEMPTION: GRANTED [ ]   DENIED [X]   OTHER [ ]

_____

_____

_____

_____

_____

_____

_[signature]_                                                       9/24/2021
Arbitrator                                                          Date
Martin F. Scheinman, Esq.