

September 15, 2021

**Via E-Mail Only**
Renee Campion, Commissioner
Steven H. Banks, Esq.
New York City Office of Labor Relations
The Office of Labor Relations
22 Cortlandt Street, 14th Floor
New York, NY 10007

Alan M. Klinger, Esq.
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane, 33rd Floor
New York, NY 10038

David N. Grandwetter, Esq., General Counsel
Mark Cannizzaro, President
Council of Supervisors and Administrators
40 Rector Street, 12th Floor
New York, NY 10006

**Re:  Board of Education of the City School District of the City of New York
and
Council of Supervisors and Administrators
(Impact Bargaining)**

Dear Counsel:

Enclosed please find my Award in the above referenced matter.

Thank you.

Sincerely,

Martin F. Scheinman

MFS/sk
BOE.CSA.Impact Bargaining.trans

```
------------------------------------ X
In the Matter of the Arbitration
                                      X
          between
                                      X
BOARD OF EDUCATION OF THE CITY                    Re: Impact Bargaining
SCHOOL DISTRICT OF THE CITY OF        X
NEW YORK
                                      X
             "Department"
                                      X
          -and-
                                      X
COUNCIL OF SUPERVISORS
AND ADMINISTRATORS                    X

               "Union"                X

------------------------------------ X
```

**APPEARANCES**

**For the Department**
Renee Campion, Commissioner of Labor Relations
Steven H. Banks, Esq., First Deputy Commissioner
and General Counsel of Labor Relations


**For the Union**
STROOCK & STROOCK & LAVAN, L.L.P.
    Alan M. Klinger, Esq.


David N. Grandwetter, Esq., General Counsel
Mark Cannizzaro, President




**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

**BACKGROUND**

In the aftermath of the Arbitration Award issued by the undersigned to resolve the Impasse regarding the implementation of the City's Vaccine Only mandate between the United Federation of Teachers ("UFT"), on the one hand, and the City of New York and NYC Department of Education ("DOE"), dated September 10, 2021, on the other, the Council of Supervisors & Administrators ("CSA") and the City of New York ("City") reached out to me to similarly address their concerns. Given the exigencies of the opening of school and the imminent effective date of the City's mandate, it was agreed the parties would promptly move to arbitration. Accordingly, an arbitration session was held on September 14, 2021, in which representatives of all parties participated.

At the September 14, 2021, session, it became apparent much of the UFT/DOE Award would govern, here. The proceeding thereupon focused on the few, but important matters, at issue. Therefore, I find that the terms of the UFT/DOE Award shall apply with the three (3) modifications set forth below and in my Opinion and Award:

1. Due to the imminent deadlines for submission of exemption requests, I issued an interim direction that SOLAS portal be opened to any CSA member at the start of business on September 15, 2021. Any CSA member may now apply in SOLAS for a COVID-19 Vaccination Mandate Related Exemption or Accommodation. The deadline for requests to be considered

2

as part of this process must be submitted via SOLAS system by Tuesday, September 21 at 5:00 p.m.

2. The assigned arbitrator identified by SAMS who shall hear appeals for exemptions or accommodations may request the employee or the DOE to submit additional documentation from the Doctors as part of this appeal review process.

3. Section II (E) references to "CSA Parental Leave" shall be changed to "CSA Paid Parental Leave".

**Opinion**

After having carefully considered the record evidence, and after having the parties respond to countless inquiries, I have requested to permit me to make a final determination, I make the rulings set forth, below. While some of the language has been drafted, initially, by the parties in response to my rulings, in the end the language set forth, herein, is mine alone. I hereby issue the following Award:

**I.   Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation process, the City, the Board of Education of the City School District for the City of New York (the "DOE"), and CSA (collectively the "Parties) shall be subject to the following Expedited Review Process to be implemented immediately for Principals, Assistant Principals, Education Administrators and Clinical Supervisors. This process shall only apply to (a) religious and medical exemption requests to

3

the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system no later than Tuesday, September 21, 2021, by 5:00 p.m.

- A. Full Medical Exemptions to the vaccine mandate shall only be considered where an employee has a documented contraindication such that an employee cannot receive any of the three (3) authorized vaccines (Pfizer, Moderna, J&J)— with contraindications delineated in CDC clinical considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one (1) type of vaccine will be a precaution for the other types of vaccines, and may require consultation with an allergist.
- B. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:
  - o Within the isolation period after a COVID-19 infection;
  - o Within ninety (90) days of monoclonal antibody treatment of COVID-19;

- Treatments for conditions as delineated in CDC clinical considerations, with understanding CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;
- Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and the employee must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described, above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or

5

philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, he or she is unable to mount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case shall be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee Relations. These determinations shall be made in writing no later than Thursday, September 23, 2021, and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination. The request for appeal shall include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services

("SAMS") within forty eight (48) hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond forty eight (48) hours and permit the use of CAR days after September 27, 2021, for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals, and may request the employee or the DOE submit additional documentation. The assigned arbitrator may also request information from City and/or DOE Doctors as part of the review of the appeal documentation.  The assigned arbitrator, at his or her discretion, shall either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the arbitrator requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall be held via Zoom telecommunication and shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the arbitrator's request shall be

provided to the DOE at least one (1) business day before the hearing or the issuance of the written decision without hearing.

H. Appeal decisions shall be issued to the employee and the DOE no later than Saturday September 25, 2021. Appeal decisions shall be expedited without full Opinion, and final and binding.

I. While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below. However, if a larger number of employees than anticipated have a pending appeal as of September 27, 2021, as determined by SAMS, SAMS may award different interim relief consistent with the parties' intent. Those employees who are vaccinated and have applied for an accommodation shall have the ability to use CAR days while their application and appeal are pending. Should the appeal be granted, these employees shall be reimbursed any CAR days used retroactive to the date of their initial application.

J. The DOE shall cover all arbitration costs from SAMS under this process. To the extent the arbitrator requests additional medical documentation or information from the DOE, or consultation with City and/or DOE Doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the DOE.

8

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. Such employees may be assigned to work outside of a school building (e.g., at DOE administrative offices) to perform academic or administrative functions as determined by the DOE while the exemption and/or accommodation is in place. For those with underlying medical issues granted an accommodation under Section I(D), the DOE will make best efforts to ensure the alternate work setting is appropriate for the employee's medical needs. The DOE shall make best efforts to make these assignments within the same borough as the employee's current school, to the extent a sufficient number of assignments exist in the borough. Employees so assigned shall be required to submit to COVID testing twice per week for the duration of the assignment.

L. The process set forth, herein, shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school. The process shall be

9

deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

II. **Leave**

 A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

 B. Except as otherwise noted, herein, this leave shall be treated consistent with other unpaid leaves at the DOE for all purposes.

 C. During such leave without pay, employees shall continue to be eligible for health insurance. As with other DOE leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

 D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the DOE prior to November 30, 2021, shall have a right of return to the same school as soon as is practicable but in no case more than one

10

(1) week following notice and submission of documentation to the DOE.

E. CSA Paid Parental Leave

   i. Any soon-to-be birth mother who starts the third trimester of pregnancy on or before September 27, 2021, (e.g. has a due date no later than December 27, 2021), may commence CSA Paid Parental Leave prior to the child's birth date, but not before September 27, 2021.

   ii. No documentation shall be necessary for the early use of Parental Leave, other than a doctor's written assertion the employee is in her third trimester as of September 27, 2021.

   iii. Eligible employees who choose to start Parental Leave prior to the child's birth date, shall be required to first use CAR days until either: 1) they exhaust CAR/sick days, at which point the Parental Leave shall begin, or 2) they give birth, at which point they shall be treated as an approved Parental Leave applicant for all purposes, including their prerogative to use additional CAR days prior to the commencement of Parental Leave.

   iv. Eligible employees who have a pregnancy disability or maternity disability outside of the regular maternity period may, in accordance with existing rules, borrow CAR/sick days and use a Grace Period. This eligibility to borrow CAR/sick days does not apply to employees during

11

    the regular maternity recovery period if they have opted to use Parental Leave.

  v. In the event an eligible employee exhausts CAR/sick days and parental leave prior to giving birth, the employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).

  vi. If not otherwise covered by existing Family Medical Leave Act ("FMLA") or leave eligibility, an employee who takes Parental Leave before the birth of the child shall be eligible to be on an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section).

  vii. All other eligibility and use rules regarding CSA Parental Leave as well as FMLA remain in place.

### III. Separation

A. During the period of September, 28, 2021, through October 29, 2021, any employee who is on leave without pay due to vaccination status may opt to separate from the DOE. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's involuntary resignation, including, but not limited

12

to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused CAR days on a one (1) for one (1) basis at the rate of 1/200th of the employee's salary at departure per day, up to 100 days, to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the DOE, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health insurance through September 5, 2022, unless they are eligible for health insurance from another source (e.g., a spouse's coverage or another job).

B. During the period of November 1, 2021, through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022.

Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to the same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions contained, herein, all parties retain all legal rights at all times relevant, herein.

September 15, 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NASSAU       )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

September 15, 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator

DOE.CSA.Impact Bargaining.awd