UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MICHAEL KANE; WILLIAM CASTRO; MARGARET
CHU; HEATHER CLARK; STEPHANIE DI CAPUA;
ROBERT GLADDING; NWAKAEGO NWAIFEJOKWU;
INGRID ROMERO; TRINIDAD SMITH; AMARYLLIS
RUIZ-TORO,

                                        Plaintiffs,                    No.: 21-CV-7863 (VEC)

                        - against -

BILL DE BLASIO, IN HIS OFFICIAL CAPACITY AS
MAYOR OF THE CITY OF NEW YORK; DAVID
CHOKSHI, IN HIS OFFICIAL CAPACITY OF HEALTH
COMMISSION OF THE CITY OF NEW YORK, NEW
YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

**GEORGIA M. PESTANA**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

*Of Counsel:*

                Amanda C. Croushore
                Lora Minicucci

# PRELIMINARY STATEMENT

Plaintiffs' motion to categorically enjoin the COVID-19 vaccination mandate for school workers must be denied. They rashly strive to squelch a validated public safety measure that has been repeatedly upheld by courts. This application, like the others before it, is fruitless. While plaintiffs press individual rights, arguing for their own exemption from the mandate, the legal footing for the mandate remains sound, as recent judicial review proves. Moreover, plaintiffs present no basis to warrant enjoining the mandate exemption process, which owes its existence to a neutral arbitrator's award. Here, there is no debate. Each plaintiff in effect contests a determination derived from that exemption process: that he or she did not present sufficient grounds to receive legitimate excusal from the mandate. While plaintiffs may wish to challenge their individual determinations, those challenges may properly lie in a state proceeding or a plenary action. But here – and now – plaintiffs' application for a sweeping injunction absolutely must be denied. The vaccination mandate is lawful, founded on public health officials' expertise, and supported by solid medical science.

Earlier this week, District Judge Vyskocil, sitting in Part One, denied plaintiffs' emergency application for a temporary restraining order ("TRO"). Now afforded this opportunity to supplement their prior submission in opposition to injunctive relief,[1] defendants respectfully address specific questions raised by Judge Vyskocil during the TRO hearing and provide the Court further grounds for denying plaintiffs' motion for a preliminary injunction.

To begin, and as already noted, the vaccination mandate is altogether constitutional. The courts, including the Second Circuit and the Supreme Court, have spoken, denying similar

---

[1] The Court is respectfully referred to Docket No. 31, which sets forth, among other things, the provenance of the vaccination mandate, the exemption process of the impact arbitration award, and the failure of plaintiffs to satisfy the requirements for a preliminary injunction.

applications for injunctive relief and permitting the mandate to proceed.  The same arguments plaintiffs reiterate here fare no better.  And their odd assertion that the Health Commissioner's Order does not permit exemption for religious or medical accommodation (a patently false contention) further skews their angle.  Further, before the filing of this motion, the mandate was implemented; thus plaintiffs' application can be only for a mandatory injunction, which imposes a higher burden to show a "clear" or "substantial" likelihood of success on the merits.  Plaintiffs fail to meet that significant burden.

Next, plaintiffs lack standing. They seek to challenge the process for exemptions to the vaccination mandate. Yet that exemption process originates from a labor arbitration award, issued to resolve a dispute between the New York City Department of Education and plaintiffs' collective bargaining representatives.  Absent any claimed breach of duty of fair representation, plaintiffs lack standing to challenge the process their unions participated in creating.  Plainly here too, and given the constitutionality of the mandate, plaintiffs' challenge can only be construed as an as-applied challenge to the exemption process set forth in the arbitration award. Each plaintiff challenges the denial of his or her individual request for religious accommodation.[2] That is not an issue appropriate for a preliminary injunction, nor is this the proper procedural posture for considering that issue.  If plaintiffs wish to appeal a decision made by an arbitrator, the process for doing so is well established and there is no need for a preliminary injunction.  Finally, and most critical, unvaccinated staff in New York City public schools pose a direct threat to the health and safety of the City's children.  As of Monday, October 4, 2021, only DOE staff who have received a COVID-19 vaccination may report to schools.  It is critical that this Court uphold that mandate. Plaintiffs' preference to remain unvaccinated while teaching children who are not eligible to be

---

[2] One plaintiff, Trinidad Smith, does not allege to have made any request for exemption.

vaccinated is dwarfed by the public's interest in safely resuming full school operations for the City's one million public school students, and ensuring the continued safety of those students, their families, and their communities. Plaintiffs have not come close to justifying the extraordinary relief that they seek here.

Accordingly, plaintiffs' motion for a preliminary injunction should be denied.

## ARGUMENT

### I.    PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE IMPACT ARBITRATION AWARD

Plaintiffs argue that the vaccination mandate itself violates their constitutional rights because it lacks a provision for religious or medical exemption – a claim that is patently untrue. *See* Minicucci Decl. Exh. B at p. 4 ("Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law."). In fact, it is the existence of the Impact Arbitration Award that plaintiffs challenge. However, they lack standing to do so.

"[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v Columbia Univ.,* 15 F.3d 23, 24-25 (2d Cir. 1994). The remedy for an individual is to pursue a duty of fair representation claim against his or her union. *See id.* at 24-25. *See also Velasco v. Beth Isr. Med. Ctr*., 279 F. Supp. 2d 333, 336 (S.D.N.Y. 2003) (dismissing challenge to arbitration award on standing grounds); *Blake v. Potter*, 2004 U.S. Dist. LEXIS 6596, at *9 (S.D.N.Y. Apr. 12, 2004) (same).

This is precisely the situation plaintiffs here find themselves in: they are challenging the validity of the Impact Arbitration Award, but that was the result of negotiations between the DOE and UFT, not plaintiffs individually. *See* Minicucci Decl. Exh. C at pp. 2-4 ("The Union . . . protest[ed] the [DOE's] failure to reach agreement on the impact of its decision mandating all employees working in [DOE] buildings show proof that they started the Covid-19

vaccination protocols by September 27, 2021. . . . On September 1, 2021, the UFT filed a Declaration of Impasse . . . . By agreement of the parties, the process moved to arbitration.").

Accordingly, plaintiffs do not have standing to challenge the Award.

## II.   PLAINTIFFS SEEK A MANDATORY INJUNCTION, AND FAIL TO MEET THE ASSOCIATED BURDEN

A typical injunction seeks to maintain the status quo pending a trial on the merits. *Abdul Wali v. Coughlin*, 754 F.2d 1015 (2d Cir. 1985). Movants are required to meet the higher standard of a mandatory injunction when (1) the injunction would alter, rather than maintain the status quo or (2) if the injunction would grant the movant with substantially all the relief sought and that relief cannot be undone even if defendants would prevail on the merits. *Tom Doherty Assocs. v. Saban Entm't, Inc*., 60 F.3d 27, *33-34 (2d Cir. 1995). Here, both prongs are met.

First, the status quo in a preliminary injunction is the "last, peaceable uncontested status which preceded the pending controversy." *LaRouche v. Kezer*, 20 F3.d 68, 74 n.7 (2d Cir. 1994). The Health Commissioner's Order required DOE employees to submit proof of vaccination by October 1, 2021. In fact, this deadline was an extension of the original September 27, 2021 deadline. Yet, despite filing their Complaint on September 21, 2021, plaintiffs delayed until Monday, October 4, 2021 before moving for injunctive relief. By that date, schools were already implementing the effect of the October 1 deadline, and ensuring that only staff who had provided proof of vaccination were permitted to enter school buildings. Thus, if plaintiffs' application were granted, it would alter, not maintain, the status quo. Most troublingly, if a mandatory injunction were granted, we would revert to the time before the vaccination mandate was implemented, when unvaccinated adults would be permitted within DOE schools, a result upending the singular principle of the mandate, and jeopardizing the safety of DOE pupils.

Indeed, and with respect to the second prong, an injunction suspending the Health Commissioner's Order would allow unvaccinated staff to have prolonged contact with children in

DOE's care, exposing them to an increased and unnecessary risk of contracting and spreading COVID-19, increasing the likelihood of children or their families getting sick, and potentially interrupting the in-person learning which has been prioritized for DOE's over one million school children.

Accordingly, plaintiffs must meet the higher standard required for mandatory injunctions. In particular, they must show a "clear" or "substantial" likelihood of success on the merits. *Tom Doherty Assocs. v. Saban Entm't, Inc*., 60 F.3d 27 (2d Cir. 1995); *Doninger v. Niehoff*, 527 F.3d 41, *47 (2d Cir. 2008). From their Complaint, as set forth in defendants' opposition to injunctive relief, and herein, it is clear that plaintiffs will not be able to meet this burden, as their challenge to the Health Commissioner's Order will not survive scrutiny on the merits.

For these same reasons, plaintiffs cannot even meet the lower, more permissive standard of a prohibitory injunction. To meet that standard, they must demonstrate: 1) irreparable harm absent injunctive relief; 2) a likelihood of success on the merits; 3) the balance of equities tips decidedly in their favor; and 4) that the public interest weighs in favor of granting an injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008); *Almontaser v. N.Y. City Dep't of Educ.,* 519 F.3d 505, 508 (2d Cir. 2008). An injunction is unwarranted because plaintiffs cannot demonstrate any of these requirements.

### III.        VACCINE MANDATES ARE CONSTITUTIONAL

Fundamental rights, such as First Amendment Rights under the United States Constitution, do not overcome the state interest in keeping children and the public at large safe and healthy. *Whitlow v. Cal. Dep't of Educ.*, 203 F. Supp. 3d 1079 (S.D. Cal. 2016), citing *Prince v. Massachusetts*, 321 U.S. 158, 64 S. Ct. 438 (1944). The right to practice religion freely does not include liberty to expose the community or a child to communicable disease or the latter to ill health or death. *Prince*, 321 U.S. at 166-67. Courts have ruled time and again that compulsory

vaccination is constitutional. *See Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905); see also *Phillips v. City of N.Y.*, 775 F.3d 538, 542-43 (2d Cir. 2015); *V.D. v. New York*, 403 F. Supp. 3d 76 (E.D.N.Y. 2019) (challenges to vaccination mandates for children to attend school upheld); *see also Sherr v. Northport-East Northport Union Free Sch. Dist.*, 672 F. Supp 81, 83 (E.D.N.Y. 1987) ("It has long been settled that one area in which religious freedom must be subordinated to the compelling interests of society involves protection against the spread of disease."). There can be no doubt, therefore, that the vaccination mandate, as set forth by the Health Commissioner's Order, is constitutional.

Moreover, in *Phillips*, the Second Circuit found that the Department of Education's compulsory vaccination mandate for students, which at the time still allowed for religious exemptions, did not violate the free exercise clause of the Constitution. *Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015). The court also found that excluding unvaccinated children from school during an outbreak did not violate their constitutional rights under the Free Exercise Clause. *Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015). Courts have also upheld individual cases where a school board assessed whether parental requests for vaccination exemptions were based on objections not religious in nature. *NM v. Hebrew Acad. Long Beach*, 155 F. Supp. 3d 247 (E.D.N.Y. 2016) (holding that the plaintiffs in that case held a sincere belief against vaccinating their child but that the belief was not related to their Jewish Orthodox religion, even as they interpreted it); *Caviezel v. Great Neck Pub. Sch.*, 701 F. Supp. 2d 414 (E.D.N.Y. 2010) (Plaintiffs' personal beliefs that vaccinations were "not necessary" were not religious). *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47 (2d Cir. 1988) (denial of a plaintiff's individual religious exemption does not make the mandatory vaccine mandate unconstitutional).

Here, in the midst of a pandemic and yet another wave of hospitalizations, students and staff must be protected from COVID-19 the same way they needed to be protected from

measles during the recent outbreaks and other communicable diseases. Plaintiffs may have challenges to the individual determinations on their specific applications for religious exemptions, but the Commissioner's Order which mandates the vaccines and, most importantly, excludes unvaccinated adults from coming into contact with DOE pupils on DOE property is Constitutional, altogether lawful, and has the weight of over a century of vaccine caselaw to support it.

## IV.   THE VACCINATION MANDATE DOES NOT VIOLATE THE FREE EXERCISE CLAUSE OR THE ESTABLISHMENT CLAUSE

As defendants' prior submission articulates (*see* Dtk. 31, at 10-17), plaintiffs are unlikely to succeed on the merits of their Free Exercise or Establishment Clause claims because the Health Commissioner's Order, which is the genesis for the vaccination mandate, sets forth on its face that "[n]othing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." There is no alternative to this fact, and certainly not the blatantly false assertions made by plaintiffs.[3]

## V.   PLAINTIFFS' CASE IS IN FACT TEN INDIVIDUAL AS-APPLIED CHALLENGES TO THE DENIALS [OR ANTICIPATED DENIALS] OF THEIR ACCOMMODATION REQUESTS

Plaintiffs contend that they challenge the Health Commissioner's Order and Impact Arbitration Award on both a "facial" and "as-applied" basis. *See* Compl. ⁋ 2. "A 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual[; whereas] [a]n 'as-applied challenge' . . . requires an analysis of

---

[3] Per DOE's records, as stated in the Updated and Supplemented Declaration of Vicki Bernstein, dated October 8, 2021, exemptions to date have been granted to DOE employees who self-identify as adhering to one of approximately 20 different religions; for example, they self-identify as Roman Catholic, Jewish, Buddhist, Baptist, Muslim, Seventh Day Adventist, Christian, Evangelical Christian, Orthodox Christian, "Jew following Christ," Sabbath Day Adventist, Esin Orisa Ibile, Christian Scientist, Greek Orthodox, Church of God (Seventh Day), Universal Life Church, Krishna, Apostolic Pentecostal, and Kemetic, and include individuals as to whom their specific religion is not identifiable..

the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174-175 (2d Cir. 2006) (internal citations and quotation marks omitted).

As discussed *supra*, the vaccination mandate is not, on its face, unconstitutional. Because plaintiffs essentially seek review of the determinations made in their own individual cases, there can be no doubt that their challenges are "as-applied."

Analyzing plaintiffs' claims on this basis, it becomes apparent that each of the individual plaintiffs, save one, is at some stage in the exemption or appeals process, and that they have had an opportunity to present evidence in support of their application. Indeed, one plaintiff did not apply for a religious exemption (Smith), there are no records that another plaintiff appealed her denial from DOE (Nwaifejokwu), six plaintiffs have appeals pending (Kane, Castro, Chu, Gladding, Romero, and Ruiz Toro) and the remaining two plaintiffs have had their appeals denied by a neutral arbitrator (DiCapua and Clark). *See, e.g.,* Dkt. 20, Kane Decl ("On Friday October 1, 2021 at around 10pm I received an email saying on Monday I will NOT be placed on unpaid leave as my exemption and appeal are still under review . . .). As discussed *infra*, if plaintiffs wish to further appeal any ultimate denial of their accommodation requests, they may do so through the arbitration appeals process, and ultimately by bringing a proceeding under Article 75 of the New York Civil Practice Law and Rules. *See* NY CPLR Section 7501. As such, a preliminary injunction of the entire Health Commissioner's order regarding their particular cases at this stage is neither appropriate nor necessary. *See Thomas v. City of N.Y.*, 143 F.3d 31, 34 (2d Cir. 1998) ("an Article III court cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

Because plaintiffs have not yet exhausted their appeals, their challenges to the vaccination mandate are both unripe and unfit for a preliminary injunction here.

## VI.     UNVACCINATED DOE TEACHERS AND STAFF POSE A DIRECT THREAT TO THE SAFETY OF SCHOOL CHILDREN

Plaintiffs, and any unvaccinated school staff, cannot be permitted within a school building as they represent a "direct threat" to the health or safety of others within the workplace, including not only fellow staff members, but also school children.  A "direct threat" assessment may properly adhere where all employees must meet a qualification standard that is job-related and consistent with business necessity such as, here, a safety-related standard requiring COVID-19 vaccination.  The Equal Employment Opportunity Commission has determined that the COVID-19 pandemic meets the "direct threat" standard, and it cannot reasonably be disputed that, during the pandemic, unvaccinated school staff within indoor and congregant settings pose a direct threat to unvaccinated children.[4]  Under a "direct threat" analysis, when an employee "poses a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation, that employee is not otherwise qualified to perform his or her job."  *See Umanzor v. New York City Police Dep't*, No. 14-9850, 2018 U.S. Dist. LEXIS 22707, at *12 (S.D.N.Y. Feb. 12, 2018).

Notwithstanding the EEOC's conclusion, to determine if an unvaccinated employee poses a "direct threat" in the workplace, an employer first must make an individualized assessment of the employee's present ability to safely perform the essential functions of the job. The factors that make up this assessment are: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the imminence of the

---

[4]     *See* https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

potential harm.  *See Chevron U.S.A. v. Echazabal*, 536 U.S. 73, 86 (2002)*; see also Umanzor*, 2018 U.S. Dist. LEXIS 22707, at *13.  Given these factors, the determination of direct threat is highly dependent on reasonable medical judgment and knowledge about COVID-19, including the protections afforded through vaccination and, necessarily evaluates the nature of the work environment, the frequency and duration of direct interaction with others, and the prevalence of vaccination within the workplace.

At least one court recently has considered the risks presented to others during the COVID-19 pandemic, absent reasonable and available safeguards, and concluded they present a "direct threat."  *See Hernandez v. Sales*, No. 21-00096, 2021 U.S. Dist. LEXIS 172567, at *14 (W.D. Tex Aug. 19, 2021)("[G]iven the indisputable risk to others, failure to wear a mask in a place of public accommodation during the COVID-19 pandemic is a direct threat as a matter of law.").  Here, within a school building, populated by children unable or ineligible to become vaccinated, the direct threat presented by unvaccinated school staff is unassailable, immediate, and without doubt.  Though plaintiffs bemoan a loss of contact with school children, allowing unvaccinated staff to remain in school buildings, where they have extended contact with unvaccinated children in indoor congregate settings, poses a tremendous risk to children and their families.

Upon demonstrating that an unvaccinated employee would, as here, pose a direct threat to others, an employer must consider whether providing a reasonable accommodation, absent undue hardship, would reduce or eliminate that threat.  *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 170 (2d Cir. 2006).  While plaintiffs seek to muster support for a patchwork of masking and regular COVID-19 testing, even proffering purported expert opinion to vouch for the suspect full security they provide, that falls short.  The U.S. Centers for Disease Control and Prevention has recommended that school teachers and staff be "vaccinated as soon as possible"

because vaccination is "the most critical strategy to help schools safely resume full operations" and is "the leading public health prevention strategy to end the COVID-19 pandemic." Against this, plaintiffs press their own selected science and supposed experts. In any event, "where good faith arguments can be made on both sides of the many issues raised by the pandemic," the decision is for the municipality, "not the courts, to balance the competing public health and business interests." *Columbus Ale House, Inc. v. Cuomo*, 495 F. Supp. 3d 88, 95 (E.D.N.Y. 2020). Accordingly, because unvaccinated school staff present a "direct threat as a matter of law" to unvaccinated school children, and other safety measures—though important—do not alone provide the same level of protection that vaccination affords, plaintiffs' position that they should be permitted to continue to have contact with school children or work within a DOE school building while unvaccinated must fail.[5]

---

[5] For that very reason, the Health Commissioner's Order expressly bars both unvaccinated employees as well as unvaccinated visitors from entering school buildings.  Thus, under the arbitration award, whether granted an exemption or accommodated through a period of unpaid leave with health benefits, DOE workers are neither required nor permitted to enter a school building while unvaccinated for as long as the vaccination mandate remains in effect.

**CONCLUSION**

For the foregoing reasons, and those provided in defendants' October 4, 2021 brief

(Dkt. 31), plaintiffs' motion for a preliminary injunction must be denied.

Dated:      New York, New York
            October 8, 2021

                                        GEORGIA M. PESTANA
                                        Corporation Counsel of the
                                            City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        212-356-4074
                                        lminicuc@law.nyc.gov


                            By:      _____/s/_____
                                     Amanda C. Croushore / Lora Minicucci
                                     Assistant Corporation Counsels