



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/25/2021



**GEORGIA M. PESTANA**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**

L**AW** D**EPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

A**MANDA** C. C**ROUSHORE**
Labor and Employment Law Division
Phone:  (212) 356-4074
Fax:  (212) 356-2438
Email: acrousho@law.nyc.gov

October 25, 2021

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square,
New York, NY 10007

Re:  Kane, et al. v. de Blasio, et al., Dkt. 21 Civ. 7863

Dear Judge Caproni:

I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel for the City of New York, attorneys for the defendants in the above-referenced case.  I write in response to plaintiffs' letter filed today, October 25, 2021 (Dkt. 68), seeking a stay of the briefing schedule set by Your Honor on October 12, 2021 (Dkt. 60), pursuant to which plaintiffs' supplemental brief is due tomorrow, October 26, 2021.  In addition, plaintiffs ask your honor to stay enforcement of New York City Health Commissioner's Order dated September 28, 2021, which went into force October 1, 2021.

Defendants oppose plaintiffs' application.

First, the supplemental briefing ordered by Your Honor is intended to address "whether Plaintiffs have standing to bring as-applied challenges to the DOE Vaccine Mandate as applied by the Arbitration Awards." (Dkt. 60).  In other words, the issue raised goes to whether plaintiffs have standing to bring their as applied challenges *in the case in chief*, not just for the purposes of the preliminary injunction motion, which is the subject of appeal.  Accordingly, regardless of the status or outcome of plaintiffs' appeal, the issue of standing still needs to be addressed, separate and apart from the issues that may be raised on appeal.

Moreover, Plaintiffs' request to stay the briefing schedule the day before their brief is due is untimely, and the reasons for delaying in filing it, and their notice of interlocutory appeal, are unstated.

Finally, in asking for the Health Commissioner's Order be stayed until the appeal is decided, plaintiffs are essentially asking for the same relief they were denied when their motion for an injunction was heard; i.e., they are seeking a reversal of the Court's October 12, 2021 ruling. The factors governing the issuance of a stay pending appeal under Rule 62(c) are substantially similar to those used to decide whether to grant a preliminary inunction in the first place. They are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Frye v. Lagerstrom, No. 15 Civ. 5348 (NRB), 2018 U.S. Dist. LEXIS 175509, at *3-4 (S.D.N.Y. Oct. 10, 2018) (citing SEC v. Citigroup Glob. Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012)). Your Honor has already concluded that the relief sought by plaintiffs here do not meet these standards. There is no reason given in plaintiffs' letter explaining why the Court should reach a different conclusion today.

If plaintiffs would instead like to seek an extension of their time to file their supplemental briefing, defendants would not oppose that request.

Respectfully submitted,

*/s/ Amanda C. Croushore*

Assistant Corporation Counsel

Copies to: All counsel of record (by ECF)

---

Although the Court agrees that the issue of standing goes to the case-in-chief, the Court finds that the issue of standing is likely to be raised on appeal. Accordingly, the Court finds it most appropriate to STAY this matter pending resolution of the appeal before the Second Circuit. All deadlines are adjourned *sine die*. Plaintiffs must notify the Court of any decision by the Second Circuit within one business day of its issuance.

Plaintiffs' request to stay enforcement of the DOE Vaccine Mandate pending resolution of the appeal is DENIED.

In the future, all requests for adjournment of deadlines must be made at least 48 hours in advance, absent emergency circumstances. *See* Rule 2(C) of the undersigned's Individual Practices in Civil Cases. The Court sees no emergency circumstances here, especially given that Plaintiffs likely knew of their intention to appeal the ruling for several days. Failure to comply with Court rules in the future may result in sanctions.

SO ORDERED.

*Valerie Caproni* (signature)

Date: October 25, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2