USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/2021

**MEMO ENDORSED**

| | |
|---|---|
| GIBSON LAW FIRM, PLLC | NELSON MADDEN BLACK LLP |
| SUJATA S. GIBSON, ESQ. | BARRY BLACK, ESQ. |
| 408 W Martin Luther King, Jr. St. | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |

December 11, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, New York, NY 10007

      Re: *Kane v. de Blasio* Docket 21 civ 7863
            *Keil v. City of New York* Docket 21 civ 8773

Dear Judge Caproni:

      Plaintiffs in *Kane v de Blasio* (21-CV-7863) and *Keil v. City of New York* (21-CV-8773) jointly hereby report to the Court that the proceedings before the Citywide panel have concluded.

      By this letter motion, and upon all prior papers submitted in this matter to this Court and the Second Circuit Court of Appeals, incorporated herein by reference, Plaintiffs respectfully and jointly request that this Court grant Plaintiffs an emergency injunction pursuant to Fed. R. Civ. Pro. 65(a). The basic new facts are in the attached declarations from counsel, incorporated by reference along with exhibits into this letter motion. Essentially, the Plaintiffs, having only hours earlier timely completed their submissions to the citywide panel for renewed consideration, were promptly and summarily denied any relief on Friday, December 10, 2021, with no explanation and no adequate process afforded.

      Plaintiffs further request this Court to provisionally certify a class pursuant to Fed. R. Civ. Pro. 23 to ensure that any preliminary injunctive relief afforded is provided to all similarly situated DOE employees. For the same reasons that Plaintiffs acknowledge consolidation of the two matters is appropriate, provisional class certification is likely required. Common questions of law and fact predominate, and strict scrutiny is appropriate for all DOE employees who have been subjected to the unconstitutional policies adopted by the DOE. Defendants have not applied relief consistently, and many DOE employees similarly situated to the named Plaintiffs were entirely denied the opportunity for a "fresh review" and simply informed that they would be terminated. Upon information and belief, Defendants have issued only summary denials to those who were allowed to reapply and intend to arbitrarily issue similar summary denials to all or most of the rest shortly.

      To avoid inconsistent adjudication with respect to individual proposed class members that would establish incompatible standards of conduct for the Defendants, Plaintiffs hereby request that this Court issue an order provisionally certifying a class encompassing all DOE employees

who assert a religious objection to the vaccine mandate, pending the Court's review of the motion papers concurrently filed herewith on a briefing schedule to be proposed jointly with opposing counsel on or before the deadline set forth by this Court last Friday.

For all of the arguments and reasons already set forth in Plaintiffs' motion papers for injunctive relief filed in this Court and before the Second Circuit Court of Appeals, and upon their renewed First Amendment and other objections before this Court, Plaintiffs and all similarly situated DOE employees require and should be afforded an injunction ordering their immediate reinstatement pending resolution of this litigation.

As early as Monday, December 13, and through Thursday, December 16, the various Plaintiffs must be vaccinated in violation of their sincerely-held religious beliefs or possibly face various penalties including the loss of health insurance and other benefits. We respectfully request this Court issue a decision on this letter motion no later than December 13, 2021 at 10 a.m. to avoid further irreparable harm.

Wherefore, Plaintiffs' jointly respectfully ask that this Court issue an order:

1) Enjoining enforcement of the vaccine mandate against any employee who asserts a sincere religious objection to vaccination pending resolution of this litigation; and
2) Provisionally certifying a class of all DOE employees who assert religious objections to the vaccine mandate; and
3) Ordering the Defendants to immediately reinstate Plaintiffs and all proposed Class members to their original positions prior to the enforcement of the vaccine mandate.

Respectfully Submitted,

/s/ Barry Black  
Counsel for *Keil* Plaintiffs

/s/ Sujata S. Gibson  
Counsel for *Kane* Plaintiffs

Cc: All counsel via ECF

---

Any response by Defendants is due no later than **Monday, December 13, 2021 at 2:30 P.M.** Defendants must include in their response whether they object to the consolidation of 21-CV-7863 and 21-CV-8773 pursuant to Rule 42 of the Federal Rules of Civil Procedure.

SO ORDERED.

*[signature: Valerie Caproni]*   Date: December 12, 2021

HON. VALERIE CAPRONI  
UNITED STATES DISTRICT JUDGE