

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

AMANDA C. CROUSHORE
Labor and Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2438
Email: acrousho@law.nyc.gov

December 13, 2021

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square,
New York, NY 10007

        Re:    <u>Kane, et al. v. de Blasio, et al., Dkt. 21 Civ. 7863</u>
                 <u>Keil v. City of New York, et al., Dkt. 21 Civ. 8773</u>

Dear Judge Caproni:

      I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel for the City of New York, attorneys for Defendants in the above-referenced cases. I write in response to the Court's December 12, 2021 Memo Endorsement of Plaintiffs' December 11, 2021 letter-motion for an emergency injunction, provisional certification of a class, and for reinstatement of Plaintiffs to their positions at DOE. *See* Dkt. 86 (in *Kane*).

      1.  <u>Consolidation of 21-CV-7863 and 21-CV-8773</u>

      The Court directed Defendants to indicate "whether [Defendants] object to the consolidation of 21-CV-7863 and 21-CV-8773." Dkt. 86. Defendants do not object to consolidation. Indeed, Defendants believe consolidation is the most efficient way forward, as the two cases have "common questions of fact [and] law" (Fed. R. Civ. P. 42) and having the cases on the same schedule would be the "most just, speedy and inexpensive" (*id.* Rule 1) way to proceed.

2. <u>Plaintiffs' Application</u>

In their December 11, 2021 letter, Plaintiffs seek (1) an injunction barring enforcement of the vaccine mandate as to "any employee who asserts a sincere religious objection to vaccination pending resolution of this litigation," (2) provisional certification of a class of "all DOE employees who assert a religious objection to the vaccine mandate," and (3) reinstatement of Plaintiffs "and all proposed Class members." Defendants object to each of these applications.

First, Plaintiffs previously sought an injunction categorically barring enforcement of the vaccine mandate; that injunction was denied. They thereafter appealed—unsuccessfully—to the Second Circuit seeking to enjoin the mandate yet again in that forum. They cannot once more re-litigate the issue simply because they are unhappy with the outcome.[1] Furthermore, Plaintiffs are currently on leave without pay from the DOE, and they may choose to remain on unpaid leave until September 2022. The Second Circuit has already held that this does not constitute irreparable harm. *See Kane v. De Blasio*, 2021 U.S. App. LEXIS 35102, at *29 (2d Cir. Nov. 28, 2021) ("Plaintiffs are not required to perform or abstain from any action that violates their religious beliefs. Because Plaintiffs have refused to get vaccinated, they are on leave without pay. The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable."). Accordingly, permitting Plaintiffs to seek an injunction a second time would also be futile. The case should instead proceed in the ordinary course, including by setting a schedule for Defendants' anticipated motion to dismiss the Complaint.

Second, it would be inappropriate to certify a class in this case, as Plaintiffs will be unable to show either "commonality" or "typicality" required by Fed. R. Civ. P. 23(a)(2) and (3). As Plaintiffs' own documentation and the summaries provided by the Citywide Panel show, the beliefs held by Plaintiffs are personal and unique and best suited for individualized inquiries. For this reason, Plaintiffs' claims fail to meet the standard set forth by *Dukes*: "[t]heir claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 389-390 (2011). Here, Plaintiffs have made an array of claims regarding their religious beliefs and how those beliefs prevent them from receiving any of the vaccines against COVID-19. They subscribe to a variety of faiths and beliefs. As such the determination that an accommodation was improperly denied for one Plaintiff will have no bearing on whether another Plaintiff was improperly denied an accommodation based on a completely different set of religious beliefs.[2]

---

[1] Plaintiffs state that their submissions to the Citywide Panel were "summarily denied . . . with no explanation and no adequate process afforded." Dkt. 86. A representative of the citywide panel informed appellate counsel for the City this morning that written decisions from the panel will be forthcoming. Appellate counsel will promptly provide them to plaintiffs' counsel once received.

[2] Plaintiffs state that there are "many DOE employees similarly situated to the named Plaintiffs [who] were entirely denied the opportunity for a 'fresh review' and simply informed that

Finally, reinstatement of Plaintiffs and "all proposed Class Members" should be denied. Plaintiffs have now had multiple bites at the apple—including both an arbitrator's review and review by the Citywide Panel. With the exception of plaintiff Castro, whose appeal was granted by the Citywide Panel and who will therefore be reinstated, each of the Plaintiffs' applications have been denied at each stage.[3] Plaintiffs are putting the cart before the horse by essentially seeking ultimate relief before having to prove the validity of their claims on the merits. There is no reason to permit this, particularly at the risk of endangering the City's school children by exposing them to potential infection by unvaccinated DOE employees.

Respectfully submitted,

*/s/ Amanda C. Croushore*

Assistant Corporation Counsel

---

they would be terminated." Dkt. 86. This is untrue. All DOE employees who were placed on leave without pay for failure to comply with the Vaccine Mandate, who applied for a religious exemption, were denied by the DOE and who appealed to the arbitrator, were permitted to submit their cases to the Citywide Panel for adjudication. The named plaintiffs' cases were prioritized because of the Second Circuit's decision—which provides a specific time-frame by which a decision on their applications was required—but all of the cases of the employees who sought review by the Citywide Panel will be reviewed and determined. That process is still underway.

[3]   Because reconsideration of plaintiffs' requests has now been completed, the Second Circuit's temporary stay of plaintiffs' time to opt-in to the extended leave program or risk termination has ended (see 2d Cir. ECF No. 98 at 45 ("This injunction will remain in place during reconsideration of Plaintiffs' renewed requests for religious accommodations.")). DOE is in the process of notifying the plaintiffs whose requests were denied of the timeframe to exercise their option to opt-in to the extended leave program.