USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
MICHAEL KANE, WILLIAM CASTRO,              :
MARGARET CHU, HEATHER CLARK,               :
STEPHANIE DI CAPUA, ROBERT                 :
GLADDING, NWAKAEGO NWAIFEJOKWU,            :
INGRID ROMERO, TRINIDAD SMITH,             :
AMARYLLIS RUIZ-TORO,                       :
                          Plaintiffs,      :
                                           :
          -against-                        :          21-CV-7863 (VEC)
                                           :
BILL DE BLASIO, IN HIS OFFICIAL            :
CAPACITY AS MAYOR OF THE CITY OF           :
NEW YORK; DAVID CHOKSHI, IN HIS            :
OFFICIAL CAPACITY OF HEALTH                :
COMMISSIONER OF THE CITY OF NEW            :
YORK; NEW YORK CITY DEPARTMENT OF          :
EDUCATION,                                 :
                          Defendants.      :
-------------------------------------------------------------X
-------------------------------------------------------------X
MATTHEW KEIL, JOHN DE LUCA, SASHA          :
DELGADO, DENNIS STRK, SARAH                :
BUZAGLO,                                   :
                          Plaintiffs,      :
          -against-                        :
                                           :          21-CV-8773 (VEC)
THE CITY OF NEW YORK, BOARD OF             :
EDUCATION OF THE CITY SCHOOL               :
DISTRICT OF NEW YORK, DAVID CHOKSHI,       :
MEISHA PORTER,                             :
                          Defendants.      :
-------------------------------------------------------------X

## ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 12, 2021, the Court denied a motion by Plaintiffs in *Kane et al. v.*

*de Blasio, et al.*, 21-CV-7863 (the "*Kane* Plaintiffs") for a preliminary injunction seeking to

enjoin Defendants from enforcing the City's vaccine mandate against employees of the New

York City Department of Education ("DOE") with sincere religious objections to the vaccine, 21-CV-7863, Dkt. 60;

WHEREAS on October 25, 2021, the *Kane* Plaintiffs appealed the Court's denial of their motion to the Second Circuit, 21-CV-7863, Dkt. 67;

WHEREAS on October 25, 2021, the Court stayed the *Kane* matter pending resolution of Plaintiffs' appeal to the Second Circuit, 21-CV-7863, Dkt. 70;

WHEREAS on October 28, 2021, the Court denied a motion by Plaintiffs in *Keil et al. v. City of New York, et al.*, 21-CV-8773 (the "*Keil* Plaintiffs") for a temporary restraining order and preliminary injunction that raised arguments similar to those raised by the *Kane* Plaintiffs, 21-CV-8773, Oct. 28, 2021 text entry;

WHEREAS on October 28, 2021, the *Keil* Plaintiffs appealed the Court's denial of their motion to the Second Circuit, 21-CV-8773, Dkt. 33;

WHEREAS on November 1, 2021, the Court stayed the *Keil* matter pending resolution of the Plaintiffs' appeal to the Second Circuit, 21-CV-8773, Dkt. 40;

WHEREAS on November 14, 2021, the Second Circuit motions panel entered an interim order (the "Motions Panel Order") requiring Defendants to provide the named Plaintiffs in both cases with the opportunity for reconsideration of their requests for religious accommodation by a central citywide panel (the "Citywide Panel"), 21-CV-7863, Dkt. 77 at 47–48; 21-CV-8773, Dkt. 43 at 47–48;

WHEREAS the Second Circuit heard the two appeals in tandem and, on November 28, 2021, entered an opinion on the merits of the appeals, 21-CV-7863, Dkt. 77; 21-CV-8773, Dkt. 43;

WHEREAS the Second Circuit vacated the Undersigned's orders denying preliminary injunctive relief and enjoined the Defendants consistent with the Motions Panel Order, *id.* at 45;[1]

WHEREAS the Second Circuit ordered the injunction to remain in place during the reconsideration of Plaintiffs' requests for religious accommodations by the Citywide Panel and required the parties to inform the Undersigned of the results of those proceedings within two weeks of their conclusion, *id.*;

WHEREAS the Second Circuit remanded the case to the Undersigned for further proceedings consistent with its opinion and instructed the Undersigned that she may alter the terms of the preliminary relief, "as circumstances and further development of the record may require," *id.* at 46;

WHEREAS on November 30, 2021, the Second Circuit issued mandates remanding the cases to the Undersigned, 21-CV-7863, Dkt. 81; 21-CV-8773, Dkt. 48;

WHEREAS on November 30, 2021, the Court continued the stay in the two cases pending the parties' report to the Court within two weeks of the conclusion of Plaintiffs' proceedings before the Citywide Panel, 21-CV-7863, Dkt. 80; 21-CV-8773, Dkt. 47;

WHEREAS on December 11, 2021, Plaintiffs in both cases filed a joint letter motion informing the Court that the proceedings before the Citywide Panel have concluded, 21-CV-7863, Dkt. 85 at 1; 21-CV-8773, Dkt. 50 at 1;

WHEREAS counsel for the *Kane* Plaintiffs provided copies of the decisions of the Citywide Panel as to eight of the ten Plaintiffs named in *Kane*, 21-CV-7863, Dkt. 85-3;[2]

---

[1]     Like the Undersigned, the Second Circuit rejected the Plaintiffs' facial challenge to the vaccine mandate. *See* Second Circuit Opinion, 21-CV-7863, Dkt. 77 at 2, 17–24.  Because Plaintiffs' current application focuses on their as applied challenges, the Court does not discuss Plaintiffs' facial challenges to the vaccine mandate.

[2]     The Citywide Panel approved the request of William Castro, one of the named Plaintiffs in *Kane* matter, although the e-mail approving his request, oddly, also states that he did not meet the criteria for an accommodation.

WHEREAS counsel for the *Keil* Plaintiffs provided copies of the decisions as to all five named Plaintiffs, whose requests for religious accommodations were denied, 21-CV-8773, Dkt. 50-4;

WHEREAS Plaintiffs in both matters seek (1) a preliminary injunction "enjoining enforcement of the vaccine mandate against any employee who asserts a sincere religious objection to vaccination pending resolution of this litigation;" (2) provisional certification of "a class of all DOE employees who assert religious objections to the vaccine mandate;" and (3) an order requiring "Defendants to immediately reinstate Plaintiffs and all proposed Class members to their original positions prior to the enforcement of the vaccine mandate," 21-CV-7863, Dkt. 85 at 2; 21-CV-8773, Dkt. 50 at 2;

WHEREAS on December 13, 2021, Defendants responded in opposition to Plaintiffs' requests, 21-CV-7863, Dkt. 87; 21-CV-8773, Dkt. 52, and the Plaintiffs replied in support of their requests, 21-CV-7863, Dkt. 88; 21-CV-8773, Dkt. 53;

WHEREAS no party opposes consolidation of these two cases pursuant to Rule 42 of the Federal Rules of Civil Procedure, 21-CV-7863, Dkt. 85 at 1, Dkt. 87 at 1; 21-CV-8773, Dkt. 50 at 1, Dkt. 52 at 1;

WHEREAS to be entitled to a preliminary injunction, Plaintiffs must show: (1) a likelihood of success on the merits; (2) that Plaintiffs are likely to suffer irreparable harm in the absence of an injunction; (3) that the balance of hardships tips in Plaintiffs' favor; and (4) that an

---

Decisions, 21-CV-7863, Dkt. 85-3 at 6.  In its response, Defendants clarified that Mr. Castro's request had been approved.  City's Resp., 21-CV-7863, Dkt. 87 at 3.

Plaintiffs' counsel did not provide any information about the status of the requests of the two remaining named Plaintiffs in *Kane*, Robert Gladding and Amaryllis Ruiz-Toro.  Decisions, 21-CV-7863, Dkt. 85-3.  It appears, however, that their applications were both denied.  City's Resp. at 3 (noting that with the exception of Mr. Castro, each of Plaintiffs' applications has been denied).

injunction is in the public interest, *see Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 25–26 (2d Cir. 2018);[3] and

WHEREAS to be entitled to class certification, Plaintiffs must satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure (numerosity, commonality, typicality, and adequacy of representation) and of Rule 23(b) of the Federal Rules (question of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy), *see* Fed. R. Civ. P. 23; *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017).

IT IS HEREBY ORDERED that this Court's stay of both cases is lifted and Plaintiffs' application for a preliminary injunction is DENIED.  "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation omitted).  A harm alleged to be irreparable must be "one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Id.* (internal citation omitted).  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005).

Plaintiffs have neither attempted to nor have they demonstrated irreparable harm.  As a threshold matter, Plaintiffs' letter motion seeking an injunction cites no case law and makes very few arguments generally and as to irreparable harm specifically.  In the Second Circuit's opinion

---

[3]       That burden is even higher when a party seeks "a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (cleaned up).  To meet that higher burden, a party seeking a mandatory injunction must show a "clear or substantial likelihood of success on the merits." *Doninger v. Neihoff*, 527 F.3d 41, 47–48 (2d Cir. 2008) (cleaned up).

           The Court takes no position on whether Plaintiffs are seeking a mandatory or prohibitive preliminary injunction.  The Court need not resolve that question because, for the reasons discussed *infra*, the Court's conclusions are the same under either standard.

entering an injunction pending the review by the Citywide Panel, the Second Circuit found that Plaintiffs would suffer irreparable harm absent the relief ordered by the Motions Panel.  Second Circuit Opinion, 21-CV-7863, Dkt. 77 at 30–31.  But in reaching that conclusion, the Second Circuit made clear that it was not casting "doubt on the well-established principle that loss of employment does not usually constitute irreparable injury."  *Id.* at 31 n.18 (cleaned up) (collecting cases).  The Second Circuit found that principle did not apply given the facts before it because: (1) Plaintiffs had demonstrated a likely violation of their First Amendment rights resulting from the procedure implemented by the arbitration awards; and (2) the City had consented to the entry of an injunction that would allow Plaintiffs' claims to be reconsidered promptly pursuant to procedures that are not constitutionally infirm.  *Id.*

    Although Plaintiffs' current request for injunctive relief incorporated "all prior papers submitted in this matter to this Court and the Second Circuit Court of Appeals," *see* Letter Request, Dkt. 21-CV-7863, Dkt. 85 at 1; 21-CV-8773, Dkt. 50 at 1, nowhere in any submission do Plaintiffs address whether the factors on which the Second Circuit relied in finding irreparable harm remain applicable.  The Court concludes that they do not.  The Motions Panel Order required that fresh consideration of Plaintiffs' requests for religious accommodation be considered pursuant to "the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law."  Second Circuit Opinion at 48.  The Order further clarified that the consideration "shall not be governed by the challenged criteria set forth in Section IC of the arbitration award for United Federation of Teachers members."  *Id.*  Accordingly, given that the criteria in the arbitration awards were not being used and given that the City has appeared to have completed its reconsiderations of Plaintiffs' claims and is opposing the injunctive relief sought, neither factor that the Second Circuit relied on in finding irreparable harm continues to apply.

6

Instead, the Second Circuit's well-reasoned point that Plaintiffs had not proven irreparable harm with respect to their request for reinstatement and backpay applies to their current request for injunctive relief.  As the Second Circuit explained:

> The City is not threatening to vaccinate Plaintiffs against their will and despite their religious beliefs, which would unquestionably constitute irreparable harm. Plaintiffs instead face economic harms, principally a loss of income, while the City reconsiders their request for religious accommodations.  "It is well settled, however, that adverse employment consequences," like the loss of income accompanying a suspension without pay, "are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages."  *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294–95 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (citing *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974); *Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir. 1988)).  Because those harms "could be remedied with money damages, and reinstatement is a possible remedy as well," *id.*, they do not justify an injunction reinstating Plaintiffs.  *See Savage*, 850 F.2d at 68 ("Since reinstatement and money damages could make appellees whole for any loss suffered during this period, their injury is plainly reparable and appellees have not demonstrated the type of harm entitling them to injunctive relief.") . . . .
>
> For that reason, this case is different from other pandemic-era cases that have found irreparable harm based on First Amendment violations.  *See, e.g.*, *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67– 68 (2020); *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 636–37 (2d Cir. 2020).  Those cases involved restrictions on worshippers' rights to attend religious services and so directly prohibited them from freely exercising their religion.  *See Agudath*, 983 F.3d at 636 ("The Free Exercise Clause protects both an individual's private right to religious belief and the performance of (or abstention from) physical acts that constitute the free exercise of religion, including assembling with others for a worship service.").
>
> Not so here.  Plaintiffs are not required to perform or abstain from any action that violates their religious beliefs.  Because Plaintiffs have refused to get vaccinated, they are on leave without pay.  The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable.  *See Sampson*, 415 U.S. at 91, 92 n.68, ("[L]oss of income[,] ... an insufficiency of savings or difficulties in immediately obtaining other employment ... will not [ordinarily] support a finding of irreparable injury, however severely they may affect a particular individual.").

Second Circuit Opinion at 34–36 (cleaned up).

Although Plaintiffs do not provide much explanation about the supposed irreparable harm that they will suffer without injunctive relief, they do complain that they now have the choice

either to be vaccinated or "possibly [to] face various penalties including the loss of health insurance and other benefits."  Letter Requests, 21-CV-7863, Dkt. 85 at 2; 21-CV-8773, Dkt. 50 at 2.  Additionally, in the emails denying the named Plaintiffs' requests for accommodations, the Citywide Panel[4] informed the applicants whose appeals were denied that they "now have three business days from the date of this notice to submit proof of vaccination" and "[i]f [they] do not do so, [they] will be placed on leave without pay."  Decisions, 21-CV-7863, Dkt. 85-3 (emphasis omitted); Decisions, 21-CV-8773, Dkt. 50-4 (emphasis omitted).  Accordingly, the only alleged harm is economic, and it can be remedied by money damages, were the Plaintiffs to prevail on the merits of the litigation.  In short, Plaintiffs are not entitled to injunctive relief because they have not demonstrated irreparable harm.

But even had Plaintiffs proven irreparable harm, they have not shown a likelihood of success on the merits.  The Court has almost no information about the process before the Citywide Panel.[5]  Although Plaintiffs' counsel in both cases have submitted declarations in which they assert that the Plaintiffs submitted their applications for review by the Citywide Panel on November 29, 2021, *see* Gibson Decl., Dkt. 85-1 ¶ 3; Black Decl., Dkt. 50-1 ¶ 3, no one bothered to provide copies of those applications to the Court.[6]  Additionally, only the *Keil* Plaintiffs provided copies of the supplemental materials provided to the Citywide Panel on December 10, 2021, in response to a request from the Panel for additional information.  *See* Supp. Materials, 21-CV-8773, Dkt. 50-3.  With so few facts before the Court, Plaintiffs have not

---

[4]      The Citywide Panel appears to refer to itself as the "City of New York Reasonable Accommodation Appeals Panel."  *See* Decisions, 21-CV-7863, Dkt. 85-3; Decisions, 21-CV-8773, Dkt. 50-4.

[5]      The City represented that written decisions from the Panel as to each of the Plaintiffs are forthcoming and will be provided promptly to Plaintiffs' counsel once received.  City Resp. at 2 n.1

[6]      The letter motion for injunctive relief was not accompanied by an affidavit from any Plaintiff.

shown that the Citywide Panel's process was not neutral and rational.[7]  *See also* Second Circuit

Opinion at 48 (requiring the Citywide Panel to consider the requests pursuant to the standards

established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law,

and the New York City Human Rights Law).  Because Plaintiffs have not established, at least at

this stage, that the process used by the Citywide Panel was not neutral or generally applicable,

rational basis review applies.  *See* Second Circuit Opinion at 23 (collecting cases).  For the same

reasons that the Second Circuit and the Undersigned found the vaccine mandate to be rational on

its face, the Court has no facts before it on which it could conclude that the Citywide Panel's

process was irrational in any way or infected with hostility to religion.  *See id.* at 23–24 (finding

that requiring vaccination for all DOE staff, in line with CDC guidance, was a reasonable

exercise of the State's power to act to protect public health); *see also* Denial of Preliminary

Injunction, 21-CV-7863, Dkt. 65 at 65–66 (finding that the order represents a rational policy

decision about how to best protect children during a global pandemic (citing *Maniscalco v. New

York City Dep't of Educ.*, 2021 WL 4344267, at *3 (E.D.N.Y. Sept. 23, 2021)).

    Additionally, both sets of Plaintiffs provided the Court with the Citywide Panel's request

for supplemental information from the named Plaintiffs.  *See* Email Chain, 21-CV-7863, Dkt.

85-2 at 2; Email Chain, 21-CV-8773, Dkt. 50-2 at 2.  The Panel requested that each named

Plaintiff provide additional information about (1) whether the employee has previously been

vaccinated, (2) other substances that the employee considers foreign or impermissible and that

violate the employee's religious beliefs; (3) whether the employee takes other medications

developed or tested using fetal cell derivative lines; and (4) other occasions that the employee

---

[7]       The *Kane* Plaintiffs do provide three exhibits with quotations from or purported information about Mayor
de Blasio.  *See* Ex. 8, Dkt. 85-10 (transcript from a press conference held on September 23, 2021); Ex. 9, Dkt. 85-11
(media article from 2015); Ex. 10, Dkt. 85-12 (media article from June 2020).  But none of those exhibits discusses
the Citywide Panel or the criteria it used to evaluate Plaintiffs' requests for religious accommodations; nor could
they as they all predate the establishment of the Citywide Panel in November 2021.

has acted in accordance with the employee's cited religious beliefs outside the COVID-19 context.  *Id.*

It appears that such information is geared towards developing a factual basis for reaching a conclusion as to whether any particular Plaintiff's beliefs are sincerely held and religious in nature,[8] both of which are permissible inquiries and questions of fact.  *See United States v. Seeger*, 380 U.S. 163, 185 (1965) ("[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.'  This is the threshold question of sincerity which must be resolved in every case.  It is, of course, a question of fact . . . ."); *Sherr v. Northport-E. Northport Union Free Sch. Dist.*, 672 F. Supp. 81, 94 (E.D.N.Y. 1987) (finding that "although the Sherrs [were] clearly genuinely opposed to immunization, the heart of their opposition does not in fact lie in theological considerations [and accordingly,] their claims of a sincerely religious basis for their objections to inoculation are not credible").  Without additional facts about the Citywide Panel, about the information each Plaintiff provided it, and about its decisions to deny Plaintiffs' applications, Plaintiffs have not proven that they are likely to prevail in their argument that the Panels' decisions are constitutionally or otherwise suspect.  In short, Plaintiffs have not shown that they are likely to succeed on the merits.

Because Plaintiffs have not shown irreparable harm or a likelihood of success on the merits,[9] their motion for a preliminary injunction is DENIED.  With no basis for a preliminary

---

[8]      The Court expects to have more clarity about the bases for the Citywide Panel's denials of the Plaintiffs' applications for religious accommodations once the Panel issues written decisions.

[9]      Because Plaintiffs have not shown irreparable harm or a likelihood of success on the merits, the Court need not consider whether Plaintiffs have made an adequate showing with respect to the two remaining factors — that the balance of hardships tips in their favor and that an injunction is in the public interest.

injunction, the Court also denies Plaintiffs' motion that Defendants be ordered to immediately reinstate them to their original positions prior to the enforcement of the vaccine mandate.[10]

IT IS FURTHER ORDERED that Plaintiffs' motion to certify a class of all DOE employees who assert religious objections to the vaccine mandate is DENIED without prejudice because it is premature.  As a threshold matter, the operative complaint in neither case includes class allegations.  The *Kane* Plaintiffs filed an amended complaint as a putative class action, *see* First Am. Compl. ("FAC"), 21-CV-7863, Dkt. 74, but they did so without leave of Court and despite the fact that the Court had stayed these proceedings.  *See* Order, 21-CV-7863, Dkt. 75 (ordering the *Kane* Plaintiffs to show cause why the FAC should not be stricken given that Plaintiffs did not have leave of Court to file the pleading).  The Court has yet to resolve that issue.  *See* Endorsement, Dkt. 80 (noting that the "Court will address the issue of Plaintiffs' first amended complaint once the stay has been lifted").[11]  And with respect to the *Keil* Plaintiffs, they sought leave to file a First Amended Complaint, but later withdrew their request.  *See* Letter, 21-CV-8773, Dkt. 41 (seeking leave); Letter, Dkt. 45 (withdrawing request); Endorsement, Dkt. 47

---

[10]      In their reply in support of their motion, the *Keil* Plaintiffs argue that the Second Circuit's preliminary injunction entered on November 28, 2021 is still in effect.  *See* Reply, Dkt. 53 at 2 ("This Court has the power to modify the injunction, but it has not done so, and until this Court or the Circuit Court modifies the injunction, it remains in place by its own terms.").  The Court disagrees.  The Second Circuit ordered that the "injunction will remain in place during reconsideration of Plaintiffs' renewed requests for religious accommodations."  Second Circuit Opinion at 45.  As Plaintiffs acknowledge, at least as to them, "the proceedings before the Citywide panel have concluded."  *See* Letter Request, Dkt. 21-CV-7863, Dkt. 85 at 1; Letter Request, 21-CV-8773, Dkt. 50 at 1.  Accordingly, the Second Circuit's injunction is no longer in place.

[11]      The Court questions whether the FAC filed by the *Kane* Plaintiffs was procedurally proper.  Plaintiffs claim that they filed the FAC as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See* Letter, Dkt. 76 at 1.  But Rule 15(a)(1) allows a Plaintiff to amend its pleading once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15.  Plaintiffs served their original complaint on October 7, 2021, making any amended pleading due by October 28, 2021.  *See* Executed Summons, 21-CV-7863, Dkts., 40–42.  The FAC was filed more than two weeks after that deadline, on November 16, 2021.  FAC, 21-CV-7863, Dkt. 74.  Additionally, as no responsive pleading has been filed, the 21-day clock has not yet started running.  Plaintiffs contend that this means "there is no basis for objecting to an amendment as a matter of course."  Letter, Dkt. 79 at 1.  Plaintiffs fail to cite any caselaw to support that proposition.  In any event, as the Court has not yet ruled on the issue, the operative complaint remains the original complaint at docket entry 1.

(granting Plaintiffs' application to withdraw their request).  Accordingly, the operative complaint in the *Keil* matter is the original complaint, which does not include class allegations.  Moreover, neither of the operative complaints, nor the invalid First Amended Complaint in *Kane*, nor the First Amended Complaint that was proposed but then withdrawn in *Keil* contains *any* factual allegations regarding the Citywide Panel, the decisions from which Plaintiffs now appear to be challenging — and may want to challenge on a class-wide basis.

Additionally, no adequately supported motion for class certification has actually been filed.  The *Kane* Plaintiffs filed a request for leave to file a motion for class certification, *see* Request, Dkt. 83, which the Court denied because the Citywide Panel had not reached its decisions at the time the request was made, *see* Endorsement, Dkt. 84.[12]  The *Keil* Plaintiffs have not filed any requests related to class certification beyond the letter request at issue in this order.

Without an operative complaint containing class allegations and a proposed class definition,[13] and without a fully briefed motion for class certification, it is premature to certify a class.[14]  There are difficult questions of commonality, typicality, and predominance and without

---

[12]    The Court has every intention of ordering Plaintiffs to file a consolidated amended complaint that will, hopefully, put in one place the factual allegations on which they base their individual claims and, if they so choose, class claims.  *See* Endorsement, 21-CV-7863, Dkt. 84 (requiring the parties inform the Court whether they are requesting leave to file amended complaints and to propose a briefing schedule on any motion for class certification).

[13]    It is not entirely clear whether these Plaintiffs can allege a single class.  All of the named Plaintiff pursued appeals through the Citywide Panel, so they would have standing to complain about what happened during that review.  Plaintiffs' counsel's letters, however, seem to suggest that they envision a class that includes any employee of DOE who asserts a religious objection to the COVID-19 vaccine, even if the person did not ever apply to the DOE for an exemption.  *See* Reply, 21-CV-8773, Dkt. 53 at 2 ("[The City's position] ignores the many members of the proposed class who were either denied the opportunity to submit an appeal to [the Citywide Panel], or who declined to do so given the patently unconstitutional framework for [the Citywide Panel] appeals, or who declined to submit initial applications to the DOE because of the unconstitutional standards put in place for the application process by the arbitration orders.").

[14]    Plaintiffs request that the Court "issue an order provisionally certifying a class," "pending the Court's review of the motion papers filed herewith on a briefing schedule to be proposed jointly with opposing counsel on or before the deadline set by this Court last Friday."  *See* Letter Request, Dkt. 21-CV-7863, Dkt. 85 at 1–2; Letter Request, 21-CV-8773, Dkt. 50 at 1–2.  But Plaintiffs cite no case law — and the Court is aware of none — that

full briefing and facts, the Court is not well placed to make such a decision.  Accordingly, the Court denies Plaintiffs' request for provisional certification of a class of all DOE employees who assert religious objections to the vaccine mandate.  Because the Court has not certified the class, it lacks the power to order Defendants to take action regarding persons beyond the named Plaintiffs.  Accordingly, Plaintiffs request that all proposed class members be reinstated to their original positions prior to the enforcement of the vaccine mandate is DENIED.

IT IS FURTHER ORDERED that 21-CV-7863 and 21-CV-8773 are CONSOLIDATED pursuant to Rule 42 of the Federal Rules of Civil Procedure.  No party disputes that consolidation is proper in this case.  *See* Letter Request, 21-CV-7863, Dkt. 85 at 1; City Resp., 21-CV-7863, Dkt. 87 at 1; Letter Request, 21-CV-8773, Dkt. 50 at 1; City Resp., 21-CV-8773, Dkt. 52 at 1.  Accordingly, given the overlap between the two cases, the Court finds that consolidation is appropriate.[15]

The Clerk of Court is respectfully directed to consolidate 21-CV-7863 and 21-CV-8773 and designate 21-CV-7863 as the lead case.  The Clerk is further directed to close the open motions at 21-CV-7863, Dkt. 85 and 21-CV-8773, Dkt. 50.

**SO ORDERED.**

Date:  **December 14, 2021**                                      **VALERIE CAPRONI**
       **New York, New York**                                **United States District Judge**

---

supports the conclusion that there is such a thing as a "provisional class certification" outside the settlement context or that a "provisional" class certification requires less proof than class certification.

[15]     The *Kane* Plaintiffs argue that because Defendants support consolidation given the common questions of fact and law between the two cases, it "makes no sense" that those same Defendants oppose class certification. Reply, 21-CV-7863, Dkt. 88 at 1.  But the *Kane* Plaintiffs ignore that consolidation pursuant to Rule 42 and class certification pursuant to Rule 23 serve two different purposes and involve two different legal standards.