USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 07 2025

1:21-cv-07863-NRB

22-1801-cv(L)
*New Yorkers for Religious Liberty v. City of New York*

# In the
# United States Court of Appeals
# For the Second Circuit

---

August Term 2022
Argued:  February 8, 2023
Decided: November 13, 2024
Amended: January 10, 2025

Nos. 22-1801, 22-1876

---

NEW YORKERS FOR RELIGIOUS LIBERTY, INC., GENNARO AGOVINO, CURTIS CUTLER, LIZ DELGADO, JANINE DEMARTINI, BRENDAN FOGARTY, SABINA KOLENOVIC, KRISTA ODEA, DEAN PAOLILLO, DENNIS PILLET, MATTHEW RIVERA, LAURA SATIRA, FRANK SCHIMENTI, JAMES SCHMITT, MICHAEL KANE, individually, and for all others similarly situated, WILLIAM CASTRO, individually, and for all others similarly situated, MARGARET CHU, individually, and for all others similarly situated, HEATHER CLARK, individually, and for all others similarly situated, STEPHANIE DI CAPUA, individually, and for all others similarly situated, ROBERT GLADDING, individually, and for all others similarly situated, NWAKAEGO NWAIFEJOKWU, individually, and for all others similarly situated, INGRID ROMERO, individually, and for all others similarly situated, TRINIDAD SMITH, individually, and for all others similarly situated, AMARYLLIS RUIZ-TORO, individually, and for all others similarly situated, NATASHA SOLON, individually, and for all others similarly situated,

*Plaintiffs-Appellants*,

MATTHEW KEIL, JOHN DE LUCA, SASHA DELGADO, DENNIS STRK, SARAH BUZAGLO, BENEDICT LOPARRINO, JOAN GIAMMARINO, AMOURA BRYAN, EDWARD WEBER, CAROLYN GRIMANDO,

*Consolidated Plaintiffs-Appellants*,

v.

CITY OF NEW YORK, ERIC ADAMS, ASHWIN VASAN, in his official capacity as
Health Commissioner of the City of New York, NEW YORK CITY DEPARTMENT OF
EDUCATION,

*Defendants-Appellees,*[*]

ROBERTA REARDON,

*Defendant.*

———————————

Appeal from the United States District Court
for the Eastern District of New York
No. 22-cv-752, Diane Gujarati, *Judge.*

Appeal from the United States District Court
for the Southern District of New York
No. 21-cv-7863, Naomi R. Buchwald, *Judge.*

———————————

Before:        JACOBS, LEE, AND PÉREZ, *Circuit Judges.*

In August 2021, after almost a year and a half of rapid spread of COVID-19,
New York City's Department of Education prepared to reopen its educational
facilities following the Food and Drug Administration's full approval of a COVID-
19 vaccine. The City's Commissioner of Health and Mental Hygiene then
instituted a requirement that all Department of Education staff and other City
employees and contractors working in person in school settings get vaccinated for
COVID-19. In the months and years since, the City—at times following legal
challenges requiring our intervention—updated and revamped its mandate policy

———————————

[*] The Clerk of Court is respectfully directed to amend the official case caption accordingly.

2

and religious exemption process. The two cases in this appeal present yet another test of the constitutionality of the City's approach.

Appellants are New York City public sector employees challenging, both facially and as applied, New York City's COVID-19 vaccination mandates, as amended pursuant to this Court's prior directive in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021). In the appeal from the Southern District of New York, Appellants challenge the denial of a preliminary injunction and the dismissal of their consolidated amended complaint on the merits. In the appeal from the Eastern District of New York, Appellants challenge the denial of a similar preliminary injunction motion.

Given the overlapping nature of the claims and motions below, and the relief sought on appeal, we consolidated our review of these cases. For the reasons set forth herein, we **AFFIRM IN PART** and **DISMISS IN PART** the denials of preliminary injunction, **AFFIRM** the dismissal of the facial challenges, and **AFFIRM IN PART** and **VACATE** and **REMAND IN REMAINING PART** the dismissal of the as-applied challenges.

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | JOHN J. BURSCH, *Bursch Law PLLC*, Caledonia, MI (Barry Black, *Nelson Madden Black LLP*, New York, NY; Sujata Sidhu Gibson, *Gibson Law Firm PLLC*, Ithaca, NY, *on the brief*). |
| FOR DEFENDANTS-APPELLEES: | SUSAN PAULSON (Richard Dearing, Devin Slack, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

PER CURIAM:

In August 2021, after almost a year and a half of rapid spread of COVID-19, the Department of Education of New York City ("the City") prepared to reopen its educational facilities following the Food and Drug Administration's full approval of a COVID-19 vaccine. To combat the further spread of the virus as the City returned to "normal," the City's Commissioner of Health and Mental Hygiene instituted a COVID-19 vaccine requirement for all Department of Education staff and other City employees and contractors working in person in school settings. In the months and years since, the City—at times following legal challenges requiring our intervention—updated and revamped both its mandate policy and religious exemption process. The two cases consolidated in this appeal present yet another test of the constitutionality of the City's approach.

Appellants are New York City public sector employees contesting the constitutionality, both facially and as applied, of New York City's COVID-19 vaccination mandates, as amended pursuant to this Court's prior directive in *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021) ("*Kane I*"). In the appeal from the Southern District of New York, Appellants challenge the denial of a preliminary injunction based on a consolidated amended complaint and the dismissal of that complaint

on the merits.  In the appeal from the Eastern District of New York, Appellants challenge the denial of a similar preliminary injunction motion.

Given the overlapping nature of the proceedings below, and the relief sought on appeal, we consolidated our review of these cases.  For the reasons set forth herein, we **AFFIRM IN PART** and **DISMISS IN PART** the denials of preliminary injunctions, **AFFIRM** the dismissal of the facial challenges, and **AFFIRM IN PART** and **VACATE** and **REMAND IN REMAINING PART** the dismissal of the as-applied challenges.

## I.  BACKGROUND

The facts pertaining to this appeal are comprehensively set forth in our November 28, 2021 per curiam opinion in *Kane I*, which concerned a challenge by some of the same parties in this appeal of the Southern District's initial denial of their earlier motions to preliminarily enjoin enforcement of the City's COVID-19 vaccination mandate ("Vaccine Mandate" or "Mandate").  *See Kane I*, 19 F.4th at 159–63.  Accordingly, we assume the parties' familiarity with the facts and record of prior proceedings, which we summarize and reference only as necessary for review of the instant appeal.

### A.    Our Prior Decision in *Kane I*

In *Kane I*, we held that "[t]he Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable."  19 F.4th at 164.  We also found that the Vaccine Mandate's exemption policy did not treat secular conduct more favorably than comparable religious conduct.  *Id.* at 166.  Accordingly, we determined that the *Kane I* appellants (a subgroup of the ones in this appeal) were not likely to succeed in their argument that the Mandate was facially unconstitutional.  *Id.*  We therefore refused to enjoin the Mandate pending litigation.  *Id.*

However, we made the "exceedingly narrow" determination that the *Kane I* appellants were likely to succeed on their as-applied challenges based on the City's own admission of a potential defect in how it initially reviewed requests for religious accommodations for and exemptions from the Mandate (the "Arbitration Award Standards").  *Id.* at 167.  *Kane I* arose from a teachers' union challenge to the Vaccine Mandate.  *Id.* at 159–60.  The union filed a formal objection to the Mandate's lack of medical or religious accommodations.  *Id.* at 160.  The dispute went to arbitration, which led to an "Arbitration Award" granting an exemption and accommodation request system that imposed standards "for determining . . . religious accommodations to" the Mandate and an appeals process.  *Id.*  The

6

Arbitration Award Standards provided that religious exemption "requests shall be denied where the leader of the religious organization [to which the requestor belongs] has spoken publicly in favor of the vaccine, . . . or where the objection is personal, political, or philosophical in nature." *Id.* at 168. In *Kane I*, we took issue with this text because "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, *or the validity of particular litigants' interpretations of [their] creeds*." *Id.* (quoting *Hernandez v. Commissioner*, 490 U.S. 680, 699 (1989)).

Consequently, we kept in place directions from a previous motions panel of this Court ordering the City to reconsider the *Kane I* appellants' religious accommodation requests "by a central citywide panel, which [would] adhere to the standards of, *inter alia*, Title VII of the Civil Rights Act of 1964, rather than the challenged criteria set forth in . . . the [A]rbitration [A]ward." *Id.* at 162 (internal quotation marks omitted). We also did not disturb the remainder of the motions panel's order.

## B.    Developments Since *Kane I*

After our decision in *Kane I*, the newly constituted City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel" or "Panel")

reviewed anew religious accommodation requests. In effect, the Citywide Panel offered employees who had been denied a vaccination-related accommodation a form of administrative appellate review. Each of the named plaintiffs who were then a part of *Kane I* had their claims reviewed by the Citywide Panel.[1]

In December 2021, after learning the outcome of their appeals before the Citywide Panel, the *Kane I* plaintiffs again filed a series of motions, including for a preliminary injunction, largely on the same grounds as their initial challenge to the Mandate. The Southern District denied all requests, but permitted the plaintiffs to submit a consolidated amended complaint ("CAC"). The *Kane I* plaintiffs filed an immediate interlocutory appeal of the denial of preliminary injunction, and sought to enjoin the accommodation process of the Citywide Panel. A panel of this Court denied the plaintiffs' motion for a preliminary injunction pending appeal and affirmed the district court's decision in its entirety. *Keil v. City of New York*, No. 21-3043-CV, 2022 WL 619694, at *4 (2d Cir. Mar. 3, 2022) (summary order) ("*Keil*"). We noted that because the Citywide Panel was not applying the Arbitration Awards exemption standard, the arguments that the

---

[1] Plaintiffs-Appellants Carolyn Grimando, Joan Giammarino, Benedict LoParrino, Edward Weber, Amoura Bryan, and Natasha Solon joined this litigation after the prior appeal in *Kane I*.

8

plaintiffs in *Keil* advanced were largely irrelevant to consideration of the preliminary injunction motion concerning the new Citywide Panel. *Id.* at *2. In their later-submitted CAC in the Southern District, the plaintiffs then contested the constitutionality of the new Citywide Panel's process and determinations. *See Kane v. De Blasio*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022) (Buchwald, J.) ("*Kane II*"). The instant appeal stems from proceedings following the filing of the CAC.

Around the same time, a set of plaintiffs in the Eastern District of New York, largely represented by the same attorneys representing the *Keil* plaintiffs, also challenged the Vaccine Mandate. *See generally* Complaint, *New Yorkers for Religious Liberty, Inc. v. City of New York*, No. 22-CV-752 (E.D.N.Y. Feb. 10, 2022), ECF No. 1 (Gujarati, J.) ("*NYFRL*"). The *NYFRL* plaintiffs principally made the same arguments and sought the same relief as the *Keil* plaintiffs.

The Southern District eventually dismissed the *Keil* CAC with prejudice. And both the Southern and Eastern Districts denied the respective motions for preliminary injunction before them.

## C.    The District Courts' Decisions

In their dispositions, both district courts relied on our decisions in *Kane I* and *Keil*. In the Eastern District, Judge Gujarati reasoned that the *NYFRL* plaintiffs

were unlikely to succeed on the merits of their First Amendment claims and that they failed to show irreparable harm because (1) there was no First Amendment right to an exception from a requirement that public employees get vaccinated to retain their jobs; and (2) adverse employment consequences are generally not irreparable harms.[2]  *See* Transcript of Oral Argument at 40–41, *New Yorkers for Religious Liberty, Inc. v. City of New York*, No. 22-CV-752 (E.D.N.Y. Aug. 11, 2022), ECF No. 116 (denying preliminary injunction from the bench).  In the Southern District, Judge Buchwald denied the *Keil* plaintiffs a preliminary injunction for largely the same reasons.

In addition, Judge Buchwald rejected the facial challenges to the Mandate by the *Keil* plaintiffs on the merits as having been largely resolved by *Kane I*.  She concluded that "statements [regarding religion] made by City and State officials," raised again in the CAC, do not establish "evidence of animus," attributable to those individuals personally, or to the State more generally.  *Kane II*, 623 F. Supp. 3d at 355.

---

[2] The district court stayed action on the underlying complaint in the Eastern District pending this appeal of the denial of the preliminary injunction.

On the *Keil* plaintiffs' as-applied claims, Judge Buchwald found that the subset of plaintiffs who had not "avail[ed] themselves of the [amended Citywide Panel] process for seeking a religious exemption" could not challenge that process as unconstitutional. *Id.* at 362. As to the plaintiffs who did go through the Citywide Panel process, she found their allegations too conclusory to state a claim. For the majority of those individuals, the Citywide Panel found it would be an "undue hardship" to accommodate them given the nature of their job functions. *Id.* at 363. The district court stated that the Panel's findings as to this group of plaintiffs "satisfied the requirements of Title VII," and thus the standards articulated in *Kane I*. *Id.* Judge Buchwald noted that only plaintiff Heather Clark's case turned on the Panel's conception of whether Clark had a "sincere religious belief." *Id.* at 362. Nonetheless, she determined the Panel's denial was proper with respect to Clark because it found that Clark had sought an accommodation due not to her religious beliefs, but to her beliefs about what "non-religious sources" said about the vaccine. *Id.* at 362 n.30.

This consolidated appeal of both cases followed.

11

## II.     DISCUSSION

Appellants now ask us to review the denials of preliminary injunction, and the rejection of their facial and as-applied challenges to the Vaccine Mandate and the Citywide Panel's accommodation process for alleged violations of the Free Exercise and Establishment Clauses. We address each issue in turn.

### A.     Standard of Review

"We review a district court's denial of a preliminary injunction for abuse of discretion, examining the legal conclusions underpinning the decision *de novo* and the factual conclusions for clear error." *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021).

"We review a district court's grant of a motion to dismiss de novo, 'accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013)). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausibly alleged 'when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B.   Denials of Preliminary Injunction

This is the third time that we sit in review—in one form or another—of motions seeking preliminary injunction against New York City's Vaccine Mandates.  Regarding the current version of this challenge, we dismiss as moot the request for relief in the form of recission of the Vaccine Mandate, and we deny on the merits the request for preliminary injunctive relief in the form of reinstatement and backpay.

### 1.   Recission of the Vaccine Mandate

We conclude that Appellants' request to rescind the Vaccine Mandate is moot.  "When the issues in dispute between the parties are no longer live, a case becomes moot, . . . and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which must be dismissed[.]"  *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal citations and quotation marks omitted).  "A case becomes moot 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"  *Conn.*

*Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) (quoting

*Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d. Cir. 2020)).

It is true that modification or withdrawal of a COVID-19 restriction during the course of litigation does not necessarily moot the case. *See Tandon v. Newsom*, 593 U.S. 61, 63 (2021) (holding that where litigants "'remain under a constant threat' that government officials will use their power to reinstate the challenged restrictions," they remain entitled to seek emergency injunctive relief (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 68 (2020))).  But in order to escape a mootness dismissal, a plaintiff still must demonstrate a reasonable expectation of repetition that is "more than a mere physical or theoretical possibility."  *Lillbask ex rel. Mauclaire*, 397 F.3d at 86 (internal quotation marks omitted).

Here, the City officially rescinded the Mandate on February 10, 2023—after we heard oral argument in these cases—and there is no evidence to suggest that Appellants have a reasonable expectation that is more than theoretical of its reinstatement.  Accordingly, as numerous other circuits have concluded with

14

regard to rescinded COVID-19-related restrictions, the request for recission of the

Mandate is now moot.[3]

### 2.    Reinstatement and Backpay

Appellants' request for preliminary injunctive relief in the form of

reinstatement and backpay fails on the merits.

"When a preliminary injunction will affect government action taken in the

public interest pursuant to a statute or regulatory scheme, the moving party must

demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of

---

[3] *See, e.g.*, *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (finding moot a challenge to California's suspension of in-person instruction in K-12 schools in 2020–2021 because "there [was] no longer any state order for the court to declare unconstitutional or enjoin" and because the potential reimposition of such restrictions in the future was "speculative"); *Resurrection School v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (en banc) (finding moot a challenge to a statewide mask mandate repealed nearly a year prior because there was "no reasonable possibility" that the state would reimpose a mask mandate in the future); *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 165 (4th Cir. 2021) (declaring a challenge to several state executive orders moot where "there [was] simply no reasonable expectation" that the appellant would again be subjected to executive orders restricting public and private gatherings, after they had expired and the state of emergency related to the COVID-19 pandemic had been lifted); *Cnty. of Butler v. Gov. of Penn.*, 8 F.4th 226, 229–30 (3d Cir. 2021) (finding moot a challenge to three state directives—stay-at-home orders, business closure orders, and orders setting congregation limits in secular settings—based on changed circumstances, including the state of the COVID-19 pandemic and the expiration of the challenged orders); *Hawse v. Page*, 7 F.4th 685, 692 (8th Cir. 2021) (finding moot a challenge to a public health order limiting the number of people who could gather in a single room or space because "it [was] absolutely clear that the County's disputed conduct could not reasonably be expected to recur" and "litigation over a defunct restriction" could not "present a live controversy in perpetuity").

success on the merits, and (3) public interest weighing in favor of granting the injunction." *Kane I*, 19 F.4th at 163 (quoting *Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620, 631 (2d Cir. 2020)).  However, "[i]n government personnel cases, like this one, we apply a particularly stringent standard for irreparable injury and pay special attention to whether the interim relief will remedy any irreparable harm that is found."  *Id.* at 171 (internal quotation marks omitted).  "[E]xcept in a 'genuinely extraordinary situation,' irreparable harm is not shown in employee discharge cases simply by a showing of financial distress or difficulties in obtaining other employment."  *Am. Postal Workers Union v. USPS*, 766 F.2d 715, 721 (2d Cir. 1985) (quoting *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974)).  Thus, "the injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction."  *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992).

In *Kane I*, we nevertheless found irreparable harm because "'the threat of permanent discharge' can cause irreparable harm in the First Amendment context."  19 F.4th at 170 (quoting *Am. Postal Workers Union*, 766 F.2d at 722).  And importantly, because the appellants had "demonstrated that they were denied

16

religious accommodations . . . and were consequently threatened with imminent termination if they did not waive their right to sue," *id.* at 169–70, we preliminarily enjoined the City from terminating the appellants or requiring them to opt into the extended leave program pending reconsideration of their religious accommodation requests.  *Id.* at 162–63.

At the same time, we underscored that our determination did "not cast doubt on the well-established principle that loss of employment does not usually constitute irreparable injury."  *Id.* at 170 n.18 (emphasis and internal quotation marks omitted) (quoting *Does 1-6 v. Mills*, 16 F.4th 20, 36 (1st Cir. 2021)). Consequently, we still denied the *Kane I* appellants' request for "an injunction immediately reinstating [plaintiffs] and granting them backpay pending" new "consideration of their requests for religious accommodations" because they had "not shown they would suffer irreparable harm absent this broader relief."  *Id.* at 170; *see also id.* at 171 ("[W]hen irreparable harm arises not from an interim discharge but from the threat of permanent discharge a preliminary injunction is inappropriate because harm would not be vitiated by an interim injunction." (internal quotation marks and alterations omitted)).

Turning to the instant appeal, as of the time of briefing, "all but four of the [thirteen] NYFRL" plaintiffs "and three of the [nineteen] *Kane*" plaintiffs "ha[d] been terminated or forced to resign." Appellants' Br. at 19. The only ones who had not been terminated were either "accommodated" or chose to get "vaccinated." Appellees' Br. at 1. Appellants argue their irreparable harm was the ongoing "coercive condition" of the Mandate because the City "continue[d] to offer new 'last chances' for terminated employees to be reinstated if they [received] the vaccine." Appellants' Br. at 96. Appellants argue that the City's actions imposed a "condition[] on [a] public benefit[]" that "dampen[s] the exercise of [their] First Amendment rights," which they say rises to the level of irreparable injury. *Id.* (alterations omitted) (quoting *Elrod v. Burns*, 427 U.S. 347, 358 n.11 (1976)).

However, Appellants filed the at-issue motions for preliminary injunctions *after* they were terminated. Therefore, they cannot show the "specific present objective harm or a threat of specific future harm" required of them. *Laird v. Tatum*, 408 U.S. 1, 14 (1972). Appellants' reliance on the Supreme Court's decision in *Elrod* for the proposition that ongoing irreparable harm can exist post-termination is inapt. *See, e.g.*, Appellants' Reply Br. at 7 ("Most of the *Elrod*

18

plaintiffs were already terminated for failing to comply with a coercive condition when they sought a preliminary injunction.").  Although it is true that most *Elrod* plaintiffs had already been terminated, the *Elrod* Court *did not* find irreparable harm *as to the post-termination plaintiffs*.  It found irreparable harm only for "one of the respondents [who] was . . . threatened with discharge" and other "class respondents . . . threatened with discharge or [who] had agreed to provide support for the Democratic Party in order to avoid discharge."  *Elrod*, 427 U.S. at 373.  Because harm for these still-employed plaintiffs was "both threatened and occurring *at the time of [their] motion*" for a preliminary injunction, these plaintiffs could demonstrate irreparable harm.  *Id.* at 374 (emphasis added).  *Elrod* instructs that because Appellants here had already been terminated at the time of their preliminary injunction motions, they were not suffering ongoing harms or threats of harm.  Having already been discharged, their harm is *compensable*, not *irreparable*.  Therefore, we deny Appellants' request for injunctive relief in the form of reinstatement and backpay.

## C.  Dismissal of Facial Challenges in the Consolidated Amended Complaint

The *Keil* Appellants' facial challenges to the Citywide Panel system under the Establishment and Free Exercise Clauses fail because Appellants have offered

no more than conclusory allegations that the Citywide Panel was applying unconstitutional standards or was infected with religious animus.

### 1. Free Exercise Challenge

The First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const. amend. I.  This guarantee is incorporated against the states via the Fourteenth Amendment.  *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).  "The free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires."  *Employment Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 877 (1990).  "The Free Exercise Clause thus protects an individual's private right to religious belief, as well as 'the performance of (or abstention from) physical acts that constitute the free exercise of religion.'"  *Kane I*, 19 F.4th at 163–64 (quoting *Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014)).  "This protection, however, 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'"  *Id.* at 164 (quoting *Smith*, 494 U.S. at 879).  For purposes of a facial claim, a "law that is facially neutral [may] still run afoul of the neutrality principle if it 'targets religious conduct for distinctive

treatment.'"  *Id.* (quoting *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993)).  We previously determined that the City's "Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable," and facially constitutional under the Free Exercise Clause.  *Id.*  That holding from *Kane I* remains binding against Appellants' facial Free Exercise Clause challenge.

### 2.   Establishment Clause Challenge

That leaves Appellants' facial Establishment Clause challenge.   The Establishment Clause prevents the enactment of laws that have the "purpose" or "effect" of "advancing or inhibiting religion."  *Agostini v. Felton*, 521 U.S. 203, 222–23 (1997) (affirming that "we continue to ask whether the government acted with the purpose of advancing or inhibiting religion" and "whether the aid has the 'effect' of advancing or inhibiting religion").  Laws that "grant[] a denominational preference" by preferring one religion over another violate the Establishment Clause, too.  *Larson v. Valente*, 456 U.S. 228, 244-46 (1982).  Appellants argue that the Citywide Panel system violates the Establishment Clause both by privileging some religious beliefs over others and by being infected with religious animus. We reject both contentions.

At oral argument, Appellants asserted that the Citywide Panel effectively continued to have multiple tracks for handling appeals from members of different faiths and therefore that certain faiths received preferential treatment over others. But the CAC pleads no facts about this. At best, the only relevant allegations are statements by the City's former mayor, which predate *Kane I* and the existence of the Citywide Panel. *See, e.g.*, App'x at 80, 94–95 (stating that "Mayor de Blasio" said in "press briefings . . . that the City would be openly preferencing Christian Scientists," and that the Arbitration Award Standards enjoined in *Kane I* would provide exemptions only "for recognized and established religious organizations (e.g., Christian Scientists)").

Even if these allegations in the CAC demonstrated an Establishment Clause issue with the now-stricken Arbitration Award Standards, Appellants have failed to allege an Establishment Clause violation with respect to the Citywide Panel or the City's *current* processes, which were implemented after our remand in *Kane I*. There, we rejected the assertion that certain government officials' statements purportedly preferring certain faiths were relevant to the neutrality of the Mandate and exemption standards under the First Amendment. *Kane I*, 19 F.4th at 165 n.13 ("While Mayor de Blasio said that only Christian Scientists and

Jehovah's Witnesses could receive religious accommodations, the City has granted accommodations to members of many other faiths."); *id.* at 165 (finding that Mayor de Blasio's statements "reflect nothing more than the Mayor's personal belief that religious accommodations will be rare" and that he "did not have a meaningful role in establishing or implementing the Mandate's accommodations process"); *see also We the Patriots*, 17 F.4th 266, 283 (2d Cir.), *op. clarified* 17 F.4th 368 (2021) ("Governor Hochul's expression of her own religious belief as a moral imperative to become vaccinated cannot reasonably be understood to imply an intent on the part of the State to target those with religious beliefs contrary to hers[.]"). Ultimately, these statements were made *before* the Panel process was even contemplated. And crucially, Appellants do not plead any tangible connection between the statements and the Panel's processes. For these reasons, the statements are not relevant to our assessment of the Citywide Panel process.

Appellants assert that the Citywide Panel failed to abide by the *Kane I* standards, but their CAC fails to include any well-pleaded factual allegations to support this argument. Rather, all the CAC pleads in this regard are conclusions unsupported by facts. *See Vullo*, 49 F.4th at 713 ("To determine whether a claim is plausible, we must separate the complaint's factual allegations from its

23

conclusions and then determine whether the remaining well-pleaded factual allegations plausibly allege entitlement to relief.").  For example, the CAC states that although "the Citywide Appeals Panel was supposed to apply standards" as set forth in *Kane I*, which "includ[e] . . . the standards established by Title VII," "the Citywide Appeals Panel did not apply these standards, and is simply using this 'fresh look' process to try and justify their original unlawful discriminatory suspensions in bad faith."  App'x at 112.  These legal conclusions are insufficient to state a claim and cannot carry Appellants past a motion to dismiss.  *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

The CAC also alleges only legal conclusions regarding the reasoning provided by the Citywide Panel for its religious accommodation denials. Appellants received an email response following their request for more information about why each *Keil* plaintiff who appealed to the Panel was denied. Appellants assert that, "[u]pon information and belief, the[] 'reasons' [provided by DOE Attorneys] were an afterthought" and a "sham."  App'x at 113.  But a "litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory."  *Citizens United v. Schneiderman*,

882 F.3d 374, 384 (2d Cir. 2018).  These allegations, too, fail to satisfy Appellants'

pleading burden.

In fact, contrary to Appellants' conclusory allegation that the Citywide

Panel "rubber-stamped," App'x at 226, the previous denials in "bad faith," *id.* at

112, the CAC alleges that the Citywide Panel frequently *credited* the personal

religious beliefs about vaccination held by Appellants of different faiths.[4]

Because the CAC asserts no facts to suggest that the Citywide Panel

preferred certain religions over others or was infected with religious animus, we

affirm the district court's dismissal of the facial challenge. [5]

---

[4] *See, e.g.*, App'x at 277 (reversing denial of accommodation request because Appellant William Castro, of unspecified Christian faith, "has sufficiently established that he holds sincerely held religious beliefs, of which he and his family have consistently adhered to, that require [him] to abstain from vaccination"); *id.* at 275 (finding that Appellant Nwakaego Nwaifejokwu, of unspecified faith, "holds sincerely held religious beliefs sufficient to justify a reasonable accommodation" but finding that accommodating the classroom teacher would present an "undue hardship"); *id.* at 276 (finding that Appellant John De Luca, a Catholic, "holds sincerely held religious beliefs sufficient to justify a reasonable accommodation," but finding that accommodating the classroom teacher would present an "undue hardship"); *id.* at 273 (reflecting the finding of the one panelist who reached the question that Appellant Matthew Keil, a Russian Orthodox Christian, "articulated a sincerely held religious belief that precludes vaccination," but that all panelists agreed that accommodating the classroom teacher would present an "undue hardship"); *id.* at 154 (granting Appellant Amaryllis Ruiz-Toro, a member of a "minority church[]," a religious accommodation under the Exemption Standards).  These statements undermine Appellants' contention that the Citywide Panel preferred certain religions over others or treated religion with hostility broadly.

[5] Appellants also advance Equal Protection claims.  As we have explained before, "[w]hen a free exercise challenge fails, any equal protection claims brought on the same grounds

D. **Dismissal of As-Applied Challenges in the Consolidated Amended Complaint**

The *Keil* Appellants also challenge the district court's dismissal of their as-applied claims. They contend that the denial of their religious accommodation requests violated their First Amendment rights either because the City failed to show that it would suffer an undue hardship, or inappropriately preferred some religious beliefs over others.

Whether an applicant has a (1) sincere and (2) religious belief regarding vaccination are questions of fact that are subject to examination when an employment accommodation is sought. However, we do not "sit in judgment on the verity of an adherent's religious beliefs." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). Rather, our task is "to determine whether religious beliefs are 'sincerely held.'" *Jackson v. Mann*, 196 F.3d 316, 321 (2d Cir. 1999). Importantly, "[l]ocal boards and courts . . . are not free to reject beliefs because they consider them 'incomprehensible.'" *United States v. Seegar*, 380 U.S. 163, 184–85 (1965). In other words, the Citywide Panel could deny accommodations if it concluded a

---

are subject only to rational-basis review." *See Kane I*, 19 F.4th at 167 n.14 (quoting *Does 1-6 v. Mills*, 16 F.4th 20, 35 (1st Cir.), *application for injunctive relief denied sub nom. Does 1-3 v. Mills*, 142 S. Ct. 17 (2021)). Accordingly, because Appellants' claims cannot survive rational-basis review, their Equal Protection Clause challenge must fail.

claimant was not personally devout in the belief underlying the objection, but it could not deny accommodations because it cast judgment on the nature of the religious objection raised.  We assess on review whether the Citywide Panel engaged in the appropriate task.

Further, under Title VII "when an employee has a genuine religious practice that conflicts with a requirement of employment," the employer typically must offer the employee a "reasonable accommodation, *unless* doing so would cause the employer to suffer an undue hardship."  *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (emphasis added).  In order to demonstrate an "undue hardship," an employer must show that the burden of granting an accommodation "is substantial in the overall context of [the] employer's business."  *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

For the reasons below, we find that most of the appellants have also failed to state plausible as-applied claims, with the exceptions of Natasha Solon and Heather Clark.

1.  **The Claims of Buzaglo, Delgado,[6] Di Capua, Romero, Smith, and Strk**

We start with the six Appellants who have stated constitutional claims arising from the denial of their requested accommodations, on the basis of undue hardship to the City.[7]  "Because Plaintiffs have not established, at this stage, that they are likely to succeed in showing that the Vaccine Mandate [wa]s not neutral or generally applicable on its face, rational basis review applies."  *Kane I*, 19 F.4th at 166.  For the reasons below, these Appellants have failed to state claims.

For each of these Appellants, the Citywide Panel found that, irrespective of their sincerely held religious beliefs, their requests presented an "undue hardship" because each individual "is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population."  App'x at 273–77.  None of these plaintiffs can make out a constitutional claim for religious discrimination without first making a more-than-

---

[6] This Section refers to Sasha Delgado, an individual whose accommodation request was reheard by the Citywide Panel, not Liz Delgado, another Plaintiff-Appellant.

[7] Other Appellants' requests for religious accommodations were also denied by the Panel; however, the CAC either does not challenge those decisions, or otherwise fails to offer any non-conclusory allegations that the denials were related to the Appellants' religious beliefs.  Accordingly, we affirm the dismissal of their as-applied constitutional claims.

conclusory allegation that the finding of undue hardship was erroneous or pretextual. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). This is necessary to survive the low threshold of rational basis review. *See Kane I*, 19 F.4th at 166.

The CAC on its face identifies the Panel's undue-hardship rationale, but does not plead allegations that contradict that finding. Instead, the CAC offers only threadbare conclusions. *See, e.g.*, App'x at 147 ("Ms. Smith does not pose a direct threat to anyone based on her vaccine status[.]"); App'x at 138 (Di Capua's conclusory allegation that "she poses no direct threat to anyone"). As a result, the district court properly dismissed their religious accommodation claims on that basis.[8] *Cf. Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (explaining that an "affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the

---

[8] The First Circuit similarly affirmed dismissal of a case last year concerning individuals fired for refusing to comply with vaccine mandates where the plaintiffs did not plead facts to challenge the undue-hardship determination. *See Lowe v. Mills*, 68 F.4th 706, 723 (1st Cir. 2023) ("The plaintiffs assert generally that whether their requested accommodation would constitute an undue hardship is a question of fact not suitable for determination on a motion to dismiss. As discussed above, however, we conclude that the complaint's allegations and the relevant Maine law permit no reasonable inference but that granting the plaintiffs their requested accommodation would have exposed the Providers to a substantial risk of license suspension and other penalties, creating an undue hardship." (internal quotation marks omitted)).

complaint" (quoting *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir. 1998))); *see Lowman v. NVI LLC,* 821 F. App'x 29, 31–32 (2d Cir. 2020) (summary order) (affirming the dismissal of a complaint based on undue hardship where the requested accommodation would violate federal law).

Accordingly, we affirm the dismissal of the as-applied challenges by these six Appellants who were denied an accommodation on the ground of undue hardship. We now turn to the as-applied challenges to the dismissal of claims on grounds other than undue hardship.

### 2.  Solon's Claim

The district court dismissed Solon's claim as moot because she decided to obtain the vaccine and has since been reinstated without backpay. Solon argues she remains entitled to backpay for the time she was suspended. We agree that Solon has stated a claim that is not moot.

Crediting Solon's allegations at this stage, we conclude that she was denied a religious exemption under the initial Arbitration Award process despite her longstanding objection to most medical treatments, including vaccines. Solon has pleaded that she left her prior church and "rel[ies] on her personal relationship

with God as a guide."  App'x at 150.  After the formation of the Panel, Solon did not receive fresh review because she chose to receive the vaccine.

If Solon's initial, denied exemption application reflected her purely personal religious practices, then she has plausibly pleaded that she was improperly denied an accommodation because the old Arbitration Award Standards only allowed "exemption requests . . . for recognized and established religious organizations," and did not honor exemptions for those whose "religious beliefs were merely personal."  *Kane I*, 19 F.4th at 168 (internal quotation marks omitted).  That could present a First Amendment problem.  As we previously determined, the Arbitration Award Standards under which Solon was suspended were very likely unconstitutional.  *See id.* at 168 ("[T]he government, if it is to respect the Constitution's guarantee of free exercise, cannot impose regulations that are hostile to the religious beliefs of affected citizens and cannot act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs and practices." (quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 584 U.S. 617, 638 (2018))).

The fact that Solon has now been reinstated does not necessarily erase every injury she alleges.  She has plausibly pleaded that she was potentially subjected to

31

an unconstitutional government action resulting in injury for which she has yet to receive recompense.  *See* App'x at 150–51 (alleging that Solon's home went into foreclosure while she was suspended without pay).  Furthermore, the pleadings and documents incorporated within the CAC do not indicate that the City ever denied Solon's accommodation request on the independent ground of undue hardship.  Regardless of whether Solon ultimately prevails on the merits, she does not "lack a legally cognizable interest in the outcome" of her claims at this stage. *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (quoting *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989)).  Therefore, the district court erred by dismissing her claim as moot when backpay remains an available remedy for her alleged wrongful suspension.

Accordingly, we vacate the district court's dismissal of Solon's as-applied claim.

### 3.    Clark's Claim

Heather Clark has also stated a First Amendment claim at this stage.  She has pleaded that the Citywide Panel dismissed some of her religious beliefs as too idiosyncratic to be religious in nature.  This, of course, would be the same constitutional problem as presented in *Kane I*—and similar to why Solon stated a

32

claim for backpay.  That is, Clark pleaded the denial of a religious accommodation on the ground that a person's religious beliefs are too personal to count as properly religious.  *See* 19 F.4th at 168.

The CAC provides a sufficient basis to infer that Clark was wrongfully denied a religious accommodation.  The CAC pleads that the Citywide Panel rejected her appeal because it "character[ized]" Clark's receiving "guidance from the Holy Spirit as . . . allow[ing] Ms. Clark to follow individualized guidance," and thus concluded that Clark's beliefs were not "religious in nature."  App'x at 135. Consistent with Clark's allegations, *see id.* at 134–35, the documents Clark submitted to the Citywide Panel describe a religious objection to the vaccine because it is a product of development using fetal cell lines and a "differing substance[]" that she may not ingest consistent with her faith.  Exhibit A to Declaration of Heather Clark at 1–2, *Kane II*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022), (No. 21-cv-7863), ECF No. 128-1.  Nevertheless, the district court dismissed Clark's claim because "the [Citywide] panel found that her decision to not receive a vaccin[e] was not based on her religious belief, but rather, on nonreligious sources," a conclusion the district court deemed "entirely proper . . . under Title VII."  *Kane II*, 623 F. Supp. 3d at 362 n.30.  While such a conclusion could indeed

33

be proper and constitutional if the Citywide Panel had a basis for reaching it, Clark's allegations support the plausible inference that the Panel denied her request solely on the basis of its characterization of her religious objection as too idiosyncratic rather than as not sincerely held or non-religious in nature.

Given this possibility, Clark has stated a cognizable as-applied claim at this stage.

### III.    CONCLUSION

For the foregoing reasons, we **DISMISS** the request for injunctive relief in the form of recission as moot, and we **AFFIRM** the district court's denial of injunctive relief in the form of reinstatement and backpay.  Further, we **AFFIRM** the dismissal of the facial First Amendment challenges, and **AFFIRM** in part the dismissal of the as-applied challenges.  Finally, we **VACATE** and **REMAND** the case to the Southern District of New York for further proceedings consistent with this opinion as it relates to Appellants Solon and Clark, making clear that the district court may proceed as circumstances and further development of the record may require, and that we have not commented today on the merits of any stated claims.