| | |
|---|---|
| **GIBSON LAW FIRM, PLLC** | **NELSON MADDEN BLACK LLP** |
| Sujata S. Gibson, Esq. | Barry Black, Esq. |
| 832 Hanshaw Rd. | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |

April 28, 2022

**By ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Michael Kane, et al. v. Bill de Blasio, et al.* 21-cv-7863 (VEC)
              *Matthew Keil, et al. v. The City of New York, et al.* 21-cv-8773 (VEC)

Dear Judge Caproni:

    Plaintiffs submit this Reply well in advance of its due date in light of the ongoing irreparable harm suffered by Plaintiffs and the innumerable prospective class members who await relief from this Court. Accordingly, Plaintiffs respectfully request that this Court not stay the preliminary injunction motion but, instead, schedule expedited briefing so that the Court may rule on the merits of the application, either on its own or in conjunction with the pending motion to dismiss.

    Defendants' sparse opposition concedes virtually all of Plaintiffs substantive points of law, by their failure to as much as acknowledge, let alone address them, including: (1) *Kane v. de Blasio* is not the law of the case; (2) the Citywide Panel process is a mechanism for individualized exemptions; (3) a stay would prejudice Plaintiffs because it could preclude a merits determination; (4) Mayor Adams' comments in a live television interview confirm the ongoing coercion to become vaccinated in order to be reinstated. This should come as no surprise, as various Second Circuit judges and, indeed Defendants themselves, have openly noted that constitutional "infirmities" abound.

I.    The Case Has Been Meaningfully Advanced

    Defendants state that "[d]ue to Plaintiffs' serial filing of motions for a preliminary injunction and multiple interlocutory appeals, this case has not been meaningfully advanced since its commencement." (ECF No. 153). Defendants are reminded that the Second Circuit ruled *in favor of* plaintiffs in *Kane v. de Blasio*, 21-2768, ECF No. 117-1 (Nov. 28, 2021) and expressly made no merits determination in *Keil v. City of New York*, 21-3043, ECF No. 163 (March 3, 2022), and has thus far granted or extended no less than three injunctions. Plaintiffs consider the protection of their First Amendment rights "meaningful advancement." Moreover, it has been Defendants who have repeatedly sought stays in this matter, not Plaintiffs.

II.    Expedience is Paramount

    Defendants' proposed June briefing schedule exposes the City's disregard for and hostility toward Defendants' religious rights. Having openly conceded constitutional "infirmity" (ECF No. 153) and that

"irreparable harm is preserved when there's a likelihood of success on the merits on a First Amendment claim," and "certainly, there are issues as to whether strict scrutiny should apply," Defendants now flippantly propose a long briefing schedule when the Second Circuit has twice ordered expedited briefing Defendants attach a proposed order to show cause setting forth a briefing schedule reflecting the urgency of this matter. A grant of Defendants' proposed delay of relief by several months would effectively amount to a denial of the motion, and is strongly opposed.

III.    EEO-62 is Most Relevant

Defendants argue that "Executive Order 62, and its very limited exceptions, concern a private employer mandate. That mandate exists irrespective of the public vaccination mandate . . . ."  In doing so, the City identifies the precise reason why the DOE Mandate ("Mandate") is not generally applicable.  The City has imposed (stunningly) about 100 emergency executive orders, by the same mayor(s), purportedly for the same stated purpose of confronting the same virus, but applied the mandate differently, with different terms, conditions, dates and parameters, to different people, departments, and worker types.  This cannot credibly be claimed to fall within the category of "across the board" generally applicable laws as described and envisioned in *Smith*.  *Fulton* and *Newsom* further clarify that the grant of secular exemptions alongside the denial of similar religious exemptions subjects a law to strict scrutiny.  This is one pandemic, one City, one mayor, and one purported goal of fighting Covid-19—yet athletes, artists and even strippers are exempt from getting vaccinated, but not religious folks.  The Constitution does not allow this.

IV.    The Pink Elephant: A Mechanism for Individualized Exemptions

<u>Defendants have, not surprisingly, *utterly failed to address* the proverbial pink elephant in the room. No matter how the pie is sliced, the Citywide Panel process is *nothing but* a mechanism for individualized exemptions, which compels strict scrutiny.</u>

V.    Conclusion

Plaintiffs and Defendants appear to agree (at least on an alternative basis) on two things: (1) the Court should rule expediently; and (2) the Court should consider both pending motions, to dismiss and for preliminary relief, in tandem.  Plaintiffs therefore respectfully ask this Court to Order expedited briefing on the preliminary injunction motion, particularly since the City has conceded that "most, if not all, of Plaintiffs' claims" in the preliminary injunction motion are included in the motion to dismiss. Then the Court should either rule on the preliminary injunction motion or, as both parties propose, consider it in tandem with the motion to dismiss to the extent that simultaneous consideration will not delay preliminary injunctive relief. Plaintiffs proposed order to show cause seeks responsive papers on or before May 9 at noon, with any reply submitted on or before May 11th and a request for a hearing or decision shortly thereafter.

Respectfully Submitted,

/s/ Sujata S. Gibson                                             /s/ Barry Black
Counsel for Plaintiffs                                             Counsel for Plaintiffs

cc: Counsel of Record (via ECF)