SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------- x

THE NEW YORK CITY MUNICIPAL LABOR
COMMITTEE, by its Chair HARRY NESPOLI; et al

                                              Plaintiffs,

-against-

The City of New York, et al.,

                                              Defendants.

------------------------------------------------------------------- x

**AFFIRMATION OF ERIC EICHENHOLTZ IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

Index No. 151169/2022

**ERIC J. EICHENHOLTZ**, an attorney admitted to practice before the Courts of the State of New York, affirms, pursuant to the Civil Practice Law and Rules ("CPLR") and under penalty of perjury, that the following is true and correct:

1. I am the Chief Assistant Corporation Counsel for Employment Policy and Litigation within the New York City Office of the Corporation Counsel. I have held this position since October, 4, 2021. In this capacity, I oversee the Law Department's Labor and Employment Law, Worker's Compensation and E-Discovery Divisions. I also provide legal advice and counsel to City agencies and officials in employment matters. Prior to October 4, 2021, I served as the Chief of the Labor and Employment Law Division within the Office of the Corporation Counsel. As Chief of the Labor and Employment Law Division I oversaw all litigation brought against the City arising out of the City's role as an employer.

2. This Affirmation is based on my own personal knowledge, as well as the books and records of the City of New York, and statements made to me by other employees of the City of New York. I submit this Affirmation in opposition to petitioners' application for a preliminary injunction in the above captioned matter.

3. Pursuant to local, state and federal law, the City has an obligation as an employer to provide reasonable accommodations to qualified employees with disabilities, unless to do so would cause undue hardship or present a direct threat to the health and safety of others. The City is also required under applicable laws to reasonably accommodate an employee whose sincerely held religious belief, practice, or observance conflicts with a work requirement, unless providing the accommodation would create an undue hardship or present a direct threat.

4. As per the City's EEO Policy, an agency's Equal Employment Opportunity ("EEO") Officer and/or Disability Rights Coordinator receives requests for accommodations in the first instance. Once received, the EEO Office and/or Disability Rights Coordinator evaluates the request and engages the employee in cooperative dialogue to assess the employee's accommodation needs and explore ways to meet those needs in a way that does not cause an undue hardship for the agency.

5. In the typical course, under the City's EEO Policy, the agency's EEO Office must notify the employee within 30 days of the conclusion of the cooperative dialogue if their request was granted or denied. Under the City's EEO Policy, employees may appeal the denial of an accommodation to their agency head.

6. On October 20, 2021, Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") Dave A. Chokshi, M.D., issued an order requiring all City employees to show proof of at least one dose of a vaccination against COVID-19 by 5:00 p.m. on October 29, 2021 (the "City Order").

7. In response to the City Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests that would be made by City employees.

8. One day after the issuance of the City Order, on October 21, 2021, the New York City Department of Citywide Administrative Services ("DCAS") issued guidance in connection with the City Order, which included the "FAQ on New York City Employees Vaccine Mandate," and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate" (collectively, "the Guidelines"). See https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/vaccine-reasonable-accommodation-process.pdf (last accessed Feb. 9, 2022); Plaintiffs' Ex. 19. These documents laid out the guidelines for seeking an exemption from the City Order through a reasonable accommodation request.

9. The Guidelines specified that a reasonable accommodation was to be submitted by an employee to their agency's EEO Officer on or before October 27, 2021. Any employee who requested a reasonable accommodation on or before that date was, and continues to be, required to submit a negative PCR test result within every seven-day period until their reasonable accommodation or subsequent appeal is decided.

10. However, any employee who sought a reasonable accommodation after October 27, 2021, was to be placed on Leave Without Pay ("LWOP") status effective November 1, 2021 while their request, including any appeal, was pending.

11. A grant of a reasonable accommodation for an employee on LWOP results in the employee being restored to payroll and provided with back pay for the period of time they were on LWOP status.

12. Any employee who is denied a reasonable accommodation by their agency has the right to appeal that denial to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel").

13. The Citywide Panel was created specifically in response to the City Order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

14. The purpose of the Citywide Panel is to ensure that employees who are denied a reasonable accommodation can have their appeals heard and considered consistent with the standards established by the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and the New York City Human Rights Law. The Citywide Panel evaluates appeals under the standards set by those laws and consistent with the guidance issued by the U.S. Equal Employment Opportunity Commission ("EEOC") to assist employers in implementing COVID-19 related strategies compliant with Title VII and the ADA. This EEOC guidance specifically addresses accommodation requests made in response to an employer-issued vaccine mandate. See "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws" at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last accessed on Feb. 9, 2022).

15. The Citywide Panel also ensures that appeals of reasonable accommodation requests concerning the vaccine mandate are processed in a uniform manner throughout the City's workforce.

16. The Citywide Panel is comprised of representatives from the Office of the Corporation Counsel (" Law Department"), DCAS, DOHMH and the City Commission on Human Rights ("CCHR"). The composition of the Citywide Panel was specifically designed to utilize the extensive subject matter expertise and knowledge-base of individuals employed at these City agencies with respect to medical and religious accommodation requests.

17. Furthermore, in order to tailor the Citywide Panel to best evaluate accommodation requests, the composition of the Citywide Panel that considers a particular request changes depending on the nature of the request. When the appeal concerns a request for a medical accommodation, the Law Department, DCAS and DOHMH panel members consider the appeal. If the appeal concerns a request for an accommodation based on a religious need, the Law Department, DCAS and CCHR consider the appeal. This was done by design so as to utilize the scientific knowledge of DOHMH in evaluating appeals concerning medical requests and, similarly, to leverage the expertise of the CCHR with respect to religious accommodation requests.

18. In the event an appeal concerns both a denial of a medical accommodation and a religious accommodation, it is separated into two appeals. Each appeal is considered independently from the other.

19. In terms of the members of the Citywide Panel, for the Law Department, five attorneys, including myself, currently sit on the Citywide Panel and are tasked with reviewing appeals in order to ensure compliance with local, state and federal law.

20. For DCAS, the agency General Counsel, an attorney in the DCAS General Counsel's office and two managers within the City's Office of Citywide Equity and Inclusion currently sit on the panel.

21. For DOHMH, three employees are tasked with reviewing appeals based on medical accommodations.

22. For CCHR, the agency General Counsel, a Deputy General Counsel and another agency employee familiar with religious accommodations are tasked with reviewing appeals based on a religious accommodation request.

23. Each case is reviewed by three Panel members (one Panel member from each applicable agency). As detailed below, following a thorough review the appeal, each panel member exercises their agency's vote on the Citywide Appeal for that particular appeal. Therefore, in a religious accommodation appeal, the Law Department, DCAS and CCHR each have one vote. Similarly, in a medical accommodation appeal, the Law Department, DCAS and DOHMH each have one vote. Each agency may vote to affirm the denial of the accommodation or to reverse the agency decision and grant the accommodation. When there is disagreement amongst the three agencies concerning the outcome, the majority rules.

24. Each agency separately reviews each request, although the panel members can confer if they deem it necessary. Once all three agencies have voted, either myself or the General Counsel of DCAS, Sanford Cohen, will perform a final review of the case for quality assurance purposes and finalize the case. Once the case is finalized, the agency and employee are notified of the appeals panel decision.

25. Prior to reaching the appellate level, with respect to agency-level denials, all City employees who are denied a vaccine mandate accommodation by their agency is provided with written information on the appeals process, including a link to the City's online appeals request portal: www.nyc.gov/vaxappeal.

26. If an employee is denied a reasonable accommodation by their agency, they may appeal the decision within three business days.

27. An employee may submit an appeal via the online review request portal, which will automatically notify their agency EEO Officer of the appeal. Upon notification of the appeal, the agency's EEO Office will upload all records concerning the agency's denial of the reasonable accommodation request within one business day.

- 6 -

28. Once the Citywide Panel is in receipt of an appeal, it is reviewed to determine whether supplemental information is necessary from either the agency or the employee in order to make a determination on the appeal. If such information is necessary, the panel makes that request to the agency, the employee or both.

29. The applicable panel members then review all the materials provided by the agency and the employee. In so reviewing, the panel utilizes the below-described standards which comport with city, state and federal law.

30. For medical accommodations, these standards include an assessment of: (1) whether the medical condition identified fits within the CDC guidelines concerning whether and when vaccination is contraindicated; (2) whether the employee has provided documentation from a health care provider demonstrating the nature of their impairment and the extent to which that impairment prevents vaccination; and (3) whether the accommodation requested, i.e. exemption from the City Order, would result in an undue hardship or poses a direct threat to the health and safety of others.

31. On the undue burden/direct threat issue, the Citywide Panel also considers the following guidance from the EEOC: "The ADA regulation requires an employer to consider the duration of the risk, the nature and severity of the potential harm, the likelihood that the potential harm will occur, and the imminence of the potential harm. Analysis of these factors will likely include considerations based on the severity of the pandemic in a particular area and the employee's own health (for example, is the employee's disability well-controlled), and his particular job duties. A determination of direct threat also would include the likelihood that an individual will be exposed to the virus at the worksite. Measures that an employer may be taking in general to protect all workers, such as mandatory social distancing, also would be relevant."

See "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws" at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws at Section K (last accessed on Feb. 9, 2022).

32. With respect to religious accommodation requests, Title VII requires employers to accommodate only those religious beliefs that are "sincerely held" and directly conflict with the City Order. In accordance with EEOC guidance, employers may request that an employee explain the religious nature of their belief and the Citywide Panel and/or a City agency may therefore make this request of an employee. Additionally, if the City has an objective basis for questioning either the religious nature or the sincerity of a particular belief or practice, the City is justified in seeking additional supporting information. Id. at Section L. The Citywide Panel also relies upon the EEOC's guidance with respect to evaluating those "factors that – either alone or in combination – might undermine an employee's assertion that he sincerely holds the religious belief at issue [which] include: whether the employee has behaved in a manner markedly inconsistent with the professed belief; whether the accommodation sought is a particularly desirable benefit that is likely to be sought for secular reasons; whether the timing of the request renders it suspect (e.g., it follows an earlier request by the employee for the same benefit for secular reasons); and whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons." Id.

33. With respect to religious accommodation requests, the Citywide Panel also considers whether the accommodation presents an undue hardship on City operations. EEOC guidance provides that requiring an employer to bear more than a "de minimis," or a minimal, cost to accommodate an employee's religious belief is an undue hardship. Costs include not only monetary expenses but also the burden on the operations of the City– including, in this instance,

- 8 -

the risk of the spread of COVID-19 to other employees or to the public. In assessing whether a requested religious accommodation presents an undue hardship, the Citywide panel considers the particular facts of each appeal and examines, for example, whether the employee requesting a religious accommodation to a COVID-19 vaccination requirement works outdoors or indoors, works in a solitary or group work setting, or has close contact with other employees or members of the public. As the EEOC has made clear via its guidance, another relevant consideration is the number of employees who are seeking a similar accommodation (i.e., the cumulative cost or burden on the City).

34. Finally as to religious accommodations, it is important to note that Title VII does not protect social, political, or economic views, or personal preferences. "Thus, objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious beliefs' under Title VII." Id. The Citywide Panel will review the record in order to determine whether the source of the employee's objection to vaccination is religious in nature or, in contrast, arises from personal or other non-religious preferences.

35. It is with these guiding principles in mind that the Citywide Panel considers each and every appeal put before it. Once the panel members have had sufficient time to review all materials provided, each agency votes as to whether to affirm the denial or grant the requested accommodation.

36. The Panel members also meet on a weekly basis to review the progress of the Panel's caseload, discuss specific appeals, if needed, as well as any emergent issues relevant to the Panel's work.

37. Prior to voting on an appeal, any Citywide Panel member may request that the request be remanded back to the agency. This request is not subject to a vote. Any request by a panel member for a remand results in a request being sent to the agency for further review or continued cooperative dialogue at the agency level. A panel member may remand back to the agency in advance of a vote for a multitude of reasons, including because: (1) information is missing from the record on appeal; (2) the agency appeared to have overlooked information that had been previously submitted; (3) the employee raised a new matter for the first time on appeal that merits agency review; or (4) the panel member believes additional cooperative dialogue between the agency and employee is needed to better understand the employee's request. Again, these remands are designed to ensure that the employee's request for an accommodation is accorded all reasoned consideration and attention under the circumstances.

38. In the event an appeal is granted, the employee and the agency are promptly notified of that decision and the agency is instructed to implement the accommodation.

39. In the event an appeal is denied, the employee is notified in writing of that decision. The decision issued by the Citywide Panel does not provide information as to the reasons for the denial. This comports with applicable local, state and federal law which does not require an employer to provide an employee with a written justification as to why the accommodation was denied. See N.Y.C. Admin. Code § 8-107(28)(d) ("Upon reaching a final determination at the conclusion of a cooperative dialogue pursuant to paragraphs (a) and (c) of this subdivision, the covered entity shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or denied.").

40. The above-described process is uniform for all City agencies and employees.

41. With respect to DOE employees, any DOE employee who submitted a request for a religious accommodation to DOE and had that request denied, was afforded the opportunity to appeal that denial before a neutral arbitrator. In the event the arbitrator affirmed the denial, the DOE employee was subsequently given the opportunity to submit an additional appeal to the Citywide Panel. Once an appeal is filed with the Citywide Panel, the process applies described in Paragraphs 14 through 39. The Citywide Panel does not accept appeals of denials of medical accommodations from DOE employees

Dated:   New York, New York
         February 9, 2022

_____
ERIC J. EICHENHOLTZ