# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X :
                                                                                                            :
MICHAEL KANE, et al.,                                           :

                                    Plaintiffs,           :
                                                                     :   Case No.  21-cv-7863 (VEC) (Lead)
       - against -                                        :

DE BLASIO et al.,                                               :

                                    Defendants.       :
-------------------------------------------------------------X :

MATTHEW KEIL, et al.                               :

                                  Plaintiffs,     :
                                                              :   Case No.  21-cv-8773 (VEC)
       - against -                                 :

THE CITY OF NEW YORK et al.,           :

                                  Defendants.   :
-------------------------------------------------------------X

## DECLARATION OF BETSY COMBIER

Betsy Combier declares as follows, pursuant to 28 U.S.C. § 1746:

1. My name is Betsy Combier and I am the President and lead paralegal of Advocatz, a paralegal consulting business for people who need a partner as they go through the Courts, grievances, or life problems.

2. I respectfully submit this Declaration in support of Plaintiffs' Motion for a Preliminary Injunction.

3. I know the facts stated herein to be true based upon my personal knowledge and based upon my review of the files of hundreds of my clients whom I have represented in proceedings with the New York City Department of Education ("DOE"), except

for statements which are made on information and belief and, as to those, I verily believe them.

4. I have a degree in Child Psychology from Northwestern University, an MA Certificate from the Johns Hopkins' School for Advanced International Studies where my specialization was the Soviet Military Industrial Complex, an MPS in Interactive Telecommunications from New York University, and a Certificate in Art and Drama Therapy from The New School.

5. I have successfully assisted parents, children, and caregivers with the educational needs of their children, and I have been advocating for the due process rights of Union members—in particular, members of the AFL-CIO, United Federation of Teachers ("UFT") and Local 32 B&J—for 17 years.

6. From 2007-2010, I worked as Special Representative to the UFT where my job was to oversee the eight re-assignment centers in the NYC DOE, first in all boroughs, and then at the Manhattan, Brooklyn, and Bronx locations.

7. I am very familiar with the arbitration hearing process, set forth in New York Education Law § 3020-a, having assisted teachers in approximately 300 3020-a hearings since 2003.

8. I am also very familiar with "problem codes"—the flag the DOE puts in the personnel file of employees to indicate that they should not be hired due to unexplained misconduct of some kind. Employees can be flagged for everything from receiving an unsatisfactory or ineffective rating to engaging in egregious criminal acts. During the three years I worked at the UFT headquarters, I received countless calls every week

2

asking me if there was a problem code on an employee's personnel file. When that happened, I would simply ask the person next door to my office, another UFT Special Representative, whether she could check her computer, and she would tell me "yes" or "no" within a minute.

9. When the DOE puts a problem code in the employee's personnel file, it also places a flag on the employee's fingerprints, which is then sent to the national databases at both the Federal Bureau of Investigation and the State Division of Criminal Justice Services.

10. I have represented more than 15 DOE employees before the DOE's Office of Personnel Investigation in proceedings in which they requested the removal of their problem codes. The flag has several names such as "problem code," "pr" code, "pc" code, "ineligible," and "no hire/inquiry" code; however, all refer to a salary block, whatever title it is given.

11. I have helped approximately 20 DOE employees get their problem codes removed from their personnel files.

12. I know of many former DOE employees who have problem codes in their personnel files because they declined to be vaccinated in violation of the DOE's mandate and were not granted a religious or medical exemption. The DOE places a problem code on the employee's personnel file immediately upon getting information that the employee did not submit proof of vaccination. As soon as the employee gets the vaccination and submits proof, the code is removed from his or her file.

3

13. Attached as Exhibit A is a true and correct redacted copy of an email one of my clients received from Eric Amato at the DOE. The email was also sent to UFT Assistant Secretary Michael Sill and copies UFT officials including its General Counsel Beth Norton. The email confirms that DOE employees who were placed on leave without pay for failing to be vaccinated in violation of the DOE's mandate had a problem code (as opposed to any other kind of code) added to their personnel files.

14. I am aware that non-DOE schools located in counties outside New York City receive funds from the NYC DOE for certain teaching positions. These may include, for example, special education or STEM teachers.

15. The DOE pays the salaries for these positions using the same system it uses to pay traditional DOE employees, which is called Galaxy. Galaxy indicates whether the employee has a problem code in his or her file and blocks payment to the employee with this flag/code if viewed in the personnel file.

16. Many of my clients with problem codes in Galaxy have looked for other teaching jobs outside the NYC DOE while their problem code appeals were ongoing.

17. At least 15 of my clients with problem codes were not hired by prospective schools outside the DOE because such schools saw the problem codes in Galaxy, even though those schools were located outside New York City.

18. Such schools were able to see the codes because the position applied for was financed by the DOE and so the school used the Galaxy system and could check the prospective employee's file.

19. I also have several clients who applied to schools outside of the DOE who were not hired by their prospective employers because when the prospective employers reached out to the DOE to verify my clients' previous employment, the DOE representative told them about the problem codes in my clients' files.

20. In sum, any non-DOE school that wants to learn whether a former DOE employee has a problem code in his or her personnel file can readily do so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
June 3, 2022

_____
By: Betsy Combier

5

# EXHIBIT A

From: **Amato Eric** <EAmato4@schools.nyc.gov>
Date: Wed, Feb 9, 2022 at 8:06 AM
Subject: RE: PR code
To: [redacted] Michael Sill <msill@uft.org>
Cc: Beth A. Norton <bnorton@uft.org>, Kking@uft.org <Kking@uft.org>, dcampbell@uft.org <dcampbell@uft.org>

PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. Our central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.

Thanks,
Eric