```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/11/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MICHAEL KANE, WILLIAM CASTRO,
MARGARET CHU, HEATHER CLARK,
STEPHANIE DI CAPUA, ROBERT
GLADDING, NWAKAEGO NWAIFEJOKWU,
INGRID ROMERO, TRINIDAD SMITH,
AMARYLLIS RUIZ-TORO,

                    Plaintiffs,

      -against-                      21-CV-7863 (VEC)

BILL DE BLASIO, IN HIS OFFICIAL
CAPACITY AS MAYOR OF THE CITY OF
NEW YORK; DAVID CHOKSHI, IN HIS
OFFICIAL CAPACITY OF HEALTH
COMMISSIONER OF THE CITY OF NEW
YORK; NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
MATTHEW KEIL, JOHN DE LUCA, SASHA
DELGADO, DENNIS STRK, SARAH
BUZAGLO,

                      Plaintiffs,

      -against-                      21-CV-8773 (VEC)

THE CITY OF NEW YORK, BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF NEW YORK, DAVID CHOKSHI,
MEISHA PORTER,

                    Defendants.
------------------------------------------------------------X

## ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on September 21, 2021, Plaintiffs in *Kane et al v. de Blasio et al* (21-CV-7863) filed a complaint, alleging that the City's requirement that all employees of the New York City Department of Education ("DOE") be vaccinated against COVID-19 as a condition of continued employment was unlawful and should be enjoined, Dkt. 1;

WHEREAS on October 27, 2021, Plaintiffs in *Keil et a. v. The City of New York et al* (21-CV-8773) filed a similar lawsuit, 21-CV-8773, Dkt. 1;

WHEREAS on December 14, 2021, the Court consolidated the two cases, Dkt. 90;

WHEREAS on June 9, 2022, Plaintiffs moved for the Undersigned to recuse herself from this matter, Dkt. 171;

WHEREAS Plaintiffs argue that the Undersigned's ownership of stock in Pfizer Inc. "constitutes a direct financial conflict of interest in the outcome of this case," Dkt. 172 at 1;

WHEREAS a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," *see* 28 U.S.C. § 455(a);

WHEREAS a judge must also disqualify herself when she "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding," *see* 28 U.S.C. § 455(b)(4); and

WHEREAS "what matters is not the reality of bias or prejudice but its appearance," *Liteky v. United States*, 510 U.S. 540, 548 (1994).

IT IS HEREBY ORDERED that Plaintiffs' motion for recusal is GRANTED. When the case was filed, the Court never considered that this case would be one that would substantially affect any financial interest of a long-term investor in Pfizer, one of three manufacturers of COVID-19 vaccines authorized for use in the United States. The Court doubts that the resolution of this case — including whether the DOE vaccine mandate stands or falls — will affect the value of Pfizer stock in any meaningful way.[1] Nevertheless, out of an abundance of caution and

---

[1] When the case was filed, approximately 81% of all DOE employees had already been vaccinated against COVID-19. *See* Dan Rivoli, *De Blasio Dismisses Fears of a Teacher Staffing Crunch Due to COVID-19 Vaccine Mandate*, Spectrum News: NY1 (Sept. 24, 2021), https://www.ny1.com/nyc/all-boroughs/education/2021/09/24/new-york-city-department-of-education-nyc-covid-vaccine-mandate-staffing-fears. Prior to the first ruling in this case on October 5, 2021, 95% of all DOE employees had been vaccinated, leaving only about 7,000 DOE employees (out of approximately 147,000) who would be affected by future rulings in the case. *See* Bernstein Decl., Dkt. 31-10 ¶ 5; *see also* Michael Elsen-Rooney & Noah Goldberg, *NYC Education Dept.*

to avoid even the possible appearance of any bias or prejudice, the Undersigned has decided to recuse herself from this matter.[2]

The Clerk of Court is respectfully directed to close the open motion at docket entry 171. The Clerk is further directed to reassign consolidated cases 21-CV-7863 and 21-CV-8773 to another Judge.

**SO ORDERED.**

**Date:  June 11, 2022**                                                                       _____
                **New York, New York**                                                          **VALERIE CAPRONI
                                                                                                              United States District Judge**

---

*Staffers Are 95% Vaccinated with at Least One Dose as Mandate Takes Effect*, N.Y. Daily News (Oct. 4, 2021), https://www.nydailynews.com/new-york/education/ny-doe-schools-vaccine-mandate-mayor-de-blasio-20211004-auukd7ka4nafvgeeobh6h67yge-story.html.  Accordingly, the likelihood that the rulings in this case would affect Pfizer's bottom line is remote.

[2]   Plaintiffs further contend that various Court decisions in this case "could also reasonably lead to questions about [the Undersigned's] objectivity."  Mem. of Law, Dkt. 172 at 5.  But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)), and the Court rejects Plaintiffs' argument that any decisions in this case reflect partiality or bias.  Accordingly, the Court's prior judicial rulings in this matter did not factor into the Court's decision on Plaintiffs' motion.