UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MICHAEL KANE, et al.,                                       :
:
:
Plaintiffs,                    :
:
- against -                                  : Case No.  21-cv-7863 (NRB)
: (Lead)
BILL DE BLASIO, et al.,                                     :
:
Defendants.                    :
------------------------------------------------------------X
:
MATTHEW KEIL, et al.                                        :
:
:
Plaintiffs,                    :
:
- against -                                  :
: Case No.  21-cv-8773 (NRB)
THE CITY OF NEW YORK, et al.,                               :
:
Defendants.                    :
------------------------------------------------------------X

### DECLARATION OF JONATHAN R. NELSON, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**JONATHAN R. NELSON, ESQ.**, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am filing this declaration to demonstrate the reasonableness both of my hourly rate and of the total amount of compensable time that my colleagues at Nelson Madden Black LLP and I incurred in this case.

### Procedural Preliminaries

2. We are submitting our motion without first submitting a preliminary letter asking leave to file it as required in many instances by the Court's practices. We do so because we are aware of the possibility that the Court may impose upon Plaintiffs the 14-day limitation

1

provided in Federal Rule of Civil Procedure 54(d)(2)(B)(i) and relate it to the final judgment entered in this case on August 30, 2022 (Document 189). To file a pre-motion letter with the Court would have caused the Plaintiffs to miss the deadline set forth in Rule 54, and therefore we rely upon the statement in the Court's practices which excuses parties from compliance with the pre-motion letter requirement in instances of this kind.

### **Attorney Qualifications**

*Qualifications of Jonathan R. Nelson*

3. I have worked on all aspects of the *Keil* case (later consolidated into the *Kane* case) since its origin. I was the principal draftsman of the initial complaint in the Keil matter.

4. I graduated from Yale University in 1978, from the Fletcher School of Law and Diplomacy at Tufts University in 1984, and from the Northwestern University School of Law (now known as the Pritzker School of Law) in 1983.

5. I have practiced law for 39 years. I practice almost exclusively in the field of religion law, including First Amendment Religion Clause rights. I practice in both federal and New York State courts and have litigated many cases in trial and appellate courts, including jury and bench trials and oral arguments before appellate courts. I am involved in all aspects of litigation, including research, drafting, filing briefs, discovery, mediation, arbitration and oral advocacy.

6. I am admitted to practice in the state of New York; the United States Supreme Court; the United States Courts of Appeal for the First, Second and Fifth Circuits; and the United States District Courts for the Eastern, Northern, Southern and Western Districts of New York and the Northern District of Illinois.

7. For the bars and courts in which I have been admitted, I am a member in good standing (with one exception) and there are no grievances or other disciplinary proceedings pending against me. I allowed my membership in the bar of the State of Illinois to lapse after the passage of many years after I moved from Chicago to New York City in 1987 and have never practiced in the State of Illinois since that time. In addition, no court has ever censured, disbarred or suspended me, or held me in contempt.

8. In 2016, I joined with other attorneys to form Nelson Madden Black LLP. I am a partner in the firm. Since its inception, the firm has concentrated its practice on issues and matters related to religious institutions and individual religious practitioners.

9. In addition to this case, I have served (or am serving) as lead counsel in numerous judicial cases seeking to vindicate the rights of religious institutions and individuals, including, *inter alia, Fifth Avenue Presbyterian Church v The City of New York*, 293 F.3d 570 (2d Cir. 2002) (Free Exercise and Free Speech Clauses); *New Yorkers for Religious Liberty, Inc. v. The City of New York*, Case no. 1:22-cv-00752 (E.D.N.Y.) (Free Exercise and Establishment Clauses); *Kaplan v. Khan*, 929 N.Y.S.2d 200, 31 Misc.3d 1227(A) (Kings Co. 2011) (Religion Clause -based judicial abstention); *Temple-Ashram v Satyanandji*, 142 A.D.2d 1132 (2nd Dep't 2016) (church governance under Religious Corporations Law); *National Church of God of Brooklyn, Inc. v Carrington*, 56 Misc.3d 1215(A) (Kings. Co. 2017) (right of congregation to control church); *Divya Dham Sevashram Sangha, Inc. v. Gita Temple-Ashram, Inc.,* 2017 NYLJ LEXIS 3021 (Queens Co.) (transfer of church property under Religious Corporations Law); *Noel v. Gay*, Index No. 515617/2022 (Kings Co. Supreme Court) (congregational right to compel elections); *Yee v Election of Officers*,

3

Index No. 2021-06042 (2nd Department Appellate Division) (rules to be followed in church elections); and *Deutsche Evangelisch Lutherische Zions Gemeinde v. Evangelical Lutheran Church in America*, Index No. 514900/2021 (Kings Co.) (rights of local church versus denomination). For several years I have taught, online and in person, a Continuing Legal Education course including extensive discussion of Free Exercise law, Religious Establishment law, the federal Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act. In addition, I have co-authored several columns on religion law for the *New York Law Journal*.

*Qualifications of Barry Black*

10. Barry Black graduated from Hofstra University in 1991 and from the Maurice A. Deane School of Law at Hofstra University in 1994.

11. Mr. Black is admitted to practice in the State of New York, in the United States Supreme Court, in the United States Court of Appeals for the Second Circuit, and in the United States District Courts for the Southern and Eastern Districts of New York. For the bars and courts in which he has been admitted, he is a member in good standing and there are no grievances or other disciplinary proceedings pending against him.

12. Mr. Black has practiced law for 24 years. He practices exclusively in the field of religion law, particularly free speech and religious liberty rights. He practices in federal and state courts and has either litigated or assisted in litigation in many cases in district and appellate courts, including bench and jury trials. He is involved in all aspects of litigation, including research, drafting, filing briefs, discovery, mediation, and oral advocacy.

13. In addition to this case, Mr. Black has served (or is serving) as lead counsel or co-counsel in numerous judicial cases seeking to vindicate the rights of religious institutions and individuals, including, *inter alia, New Yorkers for Religious Liberty, Inc. v. The City of New York*, Case no. 1:22-cv-00752 (E.D.N.Y.) (Free Exercise and Establishment Clauses); *Schwartz v. City of New York*, Case no. 1:19-CV-463 (E.D.N.Y.) (Free Exercise of religion in psychiatric practice); *Bethel Haitian Baptist Church v. Angerville*, Docket no. C-52-18 (NJ Superior Ct, Chancery, Essex Div. 2019) (control of church by congregation); and *Menucha of Nyack LLC v. Assessor of Clarkstown,* 2021 N.Y. Misc. LEXIS 3363 (Rockland Co. 2021) (tax exemption of church property). Mr. Black has also taught online Continuing Legal Education courses including extensive discussion of Free Exercise law, Religious Establishment law, the federal Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Mr. Black has been the religion law columnist for the *New York Law Journal* for the past several years.

*Qualifications of Sarah Child*

14. Ms. Child worked on all aspects of the *Keil* case since its origin.

15. Ms. Child graduated from Roberts Wesleyan College in 2012 and Regent University School of Law in 2017.

16. Ms. Child has practiced law for four years. She practices exclusively in the field of religion law, particularly free speech and religious liberty rights. She practices in federal and state courts and has either litigated or assisted in litigation in many cases in district and appellate courts, including bench and jury trials. She is involved in all aspects of litigation, including research, drafting, filing briefs, discovery, mediation, and oral advocacy.

5

17. Ms. Child is admitted to practice in the States of New York, Maryland and Massachusetts; the District of Columbia; the United States Court of Appeals for the Second Circuit; the United States District Courts for the Southern District of New York and the Eastern District of New York; and the U.S. Supreme Court. She has made *pro hac vice* appearances in other federal district courts ranging from New Jersey to Hawaii. For the bars and courts in which she has been admitted, she remains a member in good standing and there are no grievances or other disciplinary proceedings pending against her. In addition, no court has ever censured, disbarred, suspended, or held her in contempt.

18. Prior to working with our firm, Ms. Child worked as an Attorney Advisor for the United States Department of Education, in their Washington, D.C. offices. Her year spent in education law included litigation over Title IX issues. Prior to that, she worked for a religious rights law firm for 18 months. Her first year out of law school was spent as Law Clerk to the Hon. Robert T. Numbers, II, United States District Judge for the Eastern District of North Carolina.

19. In addition to this case, Ms. Child has served as counsel in several religious freedom cases seeking to vindicate First Amendment and other similar statutory rights, including: *New Yorkers for Religious Liberty, Inc. v. The City of New York*, Case No. 1:22-cv-00752 (E.D.N.Y. 2021) (Free Exercise and Establishment claims); *Spirit of Aloha Temple v. County of Maui*, Case No. 1:2014-cv-00535 (D. Haw. 2019) (Free Exercise, Prior Restraint, and RLUIPA claims); *Slomovitz v. The Enclave at Fairways Homeowners Ass'n*, Case No. 3:18-cv-16910 (D. N.J. 2019) (Free Exercise claim under State constitution and religious discrimination claim under State statute); *Thai Meditation Center of Alabama v.*

6

*City of Mobile*, (S.D. Ala. 2016) (Free Exercise, Equal Protection, and RLUIPA claims); and *Hunt Valley Baptist Church v. Baltimore County*, Case No. 1:17-cv-00804 (D. Md. 2018) (Free Exercise, Equal Protection, and RLUIPA claims). Ms. Child has co-authored several columns on religion law for the *New York Law Journal.*

*Qualifications of Brandon Babwah*

20. Brandon Babwah, a non-lawyer, has been employed by my firm for the past 21 months as a paralegal. Prior to that, he was employed by other attorneys as a paralegal for seven years.

21. Mr. Babwah graduated from Boston University in 2013 and received a legal studies certificate from Hunter College in 2014.

*Qualifications of Sujata Gibson*

22. Our co-lead-counsel, Sujata Gibson, is submitting a separate affidavit in which she will address the reasonableness of her bills for time and expenses, and her qualifications that justify her rates.

**Preclusion of Other Employment**

23. By accepting the present case, my firm was precluded from taking on other representation.

24. This case has required significant commitments of my firm's time because the defendants' actions put thousands of clients and potential class members out of work during a pandemic winter, without the protection of unemployment insurance, which required counsel to pursue emergency relief on their behalf.

25. This case has required my entire law firm to devote itself exclusively to the case for significant periods of time, particularly when briefing and oral argument deadlines were set by the circuit court.

26. For most attorneys, this case would have been undesirable to undertake because it required them to go up against the largest municipal law department in the world – that was winning all prior-filed mandate-related cases -- and it lacked a guaranteed hourly fee. Through the current date, Nelson Madden Black LLP is owed more than a quarter million dollars for the fees they have earned and the expenses they have disbursed on this case.

<b><u>Reasonableness of Hourly Rate</u></b>

27. The billing rates of $550 for my partners Barry Black and John Madden, $350 for our associate, Sarah Child, and $135 for our paralegal, Brandon Babwah, are consistent with the prevailing market rates in the Southern District of New York, where many attorneys of similar (or even lesser) experience will bill far more than $550 per hour to litigate a complex First Amendment case. This rate is also consistent with rates awarded to attorneys in similar cases in this jurisdiction and is reasonable in light of the experience that my colleagues and I have in litigating Religion Clause issues and otherwise protecting religious institutions and individuals in their practice of religion. The concurrently filed declaration of Andrew Hruska attests that the rates all of Plaintiffs' attorneys have charged for this case are at or below prevailing market hourly rates in the Southern District of New York for matters of similar complexity.

28. Few attorneys practice religion law, including First Amendment constitutional litigation, and even fewer concentrate their work in this field. Plaintiffs would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

29. Numerous plaintiffs filed cases with the courts before my law firm did, attempting to prevent the New York City government from imposing draconian penalties for their

religiously-motivated refusal to accept vaccination against the covid-19 virus. We entered the fray because our expertise in First Amendment law empowered us to see grave Constitutional flaws in the Department of Education's program for determination of religious exemptions or waivers from the vaccine mandate, flaws that no other litigation was raising. Specifically, the standards set forth in the mandatory arbitration procedure that exemption applicants were required to follow gave preference to some religions and religious practices over others, and disqualified applicants from submitting relevant evidence, and imposed an invalid and unequal priestly affidavit requirement upon all applicants – all of which violated the First Amendment's religion clauses.

30. The Second Circuit upheld our appeal from the District Court's denial of our motion for preliminary injunction, and enjoined enforcement of the vaccine mandates against the Plaintiffs pending the City's adoption of a revised policy which Plaintiffs' litigation forced them to devise. *Kane v de Blasio*, 19 F.4th 152, 176 (2d Cir. 2021). Our suit caused the schools to offer a "fresh consideration" of claims to the Plaintiffs and also to thousands of DOE employees who belonged to the class of individuals whom Plaintiffs intended to benefit through their impact litigation; one of the Plaintiffs was granted an exemption from the vaccine mandate and reinstatement in the fresh consideration process and, on information and belief, some of the hundreds of other DOE employees who participated in the fresh consideration process also received reinstatement to DOE jobs.

## Reasonableness of Time and Expenses Incurred

31. The concurrently filed itemized statements set forth my task-based time based upon contemporaneous time records my colleagues and I kept as we performed the work. I have

exercised billing judgment by reducing unreasonable time expenditures. These reductions are individually documented in the itemized statement.

32. The total time that my Nelson Madden Black colleagues and I incurred on this case before this Court and the circuit court, prior to and leading up to the Second Circuit judgment in which we prevailed, was 607.6 hours. (Please note that our firm's December 3, 2021 bill, as originally rendered, included time for November 29 and 30, 2021, so the time summaries set forth in this affidavit do not correspond exactly to the time summaries stated in that bill). After I reviewed our time and exercised critical billing judgment, this amount was reduced to 560.94 hours. At a billing rate of $550 per hour for myself and my partners, Barry Black and John Madden, $350 per hour for our associate, Sarah Child, and $135 per hour for our paralegal, Brandon Babwah, this results in a current amount of $228,153.18 in fees that may properly be claimed against Defendants. As co-lead counsel in this case, I also reviewed all of the time my colleagues in the law firm of Nelson Madden Black LLP have expended in this matter and exercised billing judgment of that time.

33. The Gibson Law Firm, PLLC served initially as an ally to my firm in pursuing parallel litigation in the *Kane* litigation, and then as a colleague once the *Keil* and *Kane* cases consolidated at the direction of the district court. Ms. Gibson's affidavit, which I endorse, separately addresses the amount of time that her firm devoted to this case (561.90 hours, after adjustments) and the reasonableness of her adjusted and redacted bills.

34. Both cases required a substantial amount of time in (1) analyzing the procedures and standards imposed by the Defendants on applicants for religious exemption from the vaccine mandate, and locating statutory, regulatory and jurisprudential evidence that such

procedures and standards violated the Religion Clauses of the Constitution; (2) interviewing and vetting plaintiffs with strong claims, preparing declarations setting forth their experience with the unconstitutional procedures that the Defendants imposed upon them, and developing direct evidence of the ways that Defendants' constitutional violations directly harmed persons in Plaintiffs' situations; (3) writing briefs and declarations on a tight timeline required to meet emergency conditions created by the terms of the Defendants' mandates, in order to prevent grave harm to thousands of DOE employees and their families caused by their compulsion to choose between violating their religious beliefs and losing their employment. The *Kane* matter involved several district court hearings prior to the appeal in that case; both cases then involved briefing an emergency motion and a merits panel hearing, conducting oral arguments before a motions panel and a merits panel, and drafting a proposed circuit court order requiring remand to the district court. In each instance, briefing and argument required management of the complex legal issues in the matter and of the extensive record that the Plaintiffs had developed below through the submission of multiple factual declarations. The existence of that record also required the Plaintiffs to spend more than twenty thousand dollars in expenses, especially for the printing of the records on appeal.

35. To reduce the amount of time that would be needed on the appeals, our firm collaborated with Ms. Gibson's firm to research, brief and orally argue the appellate motions that we won.

36. On November 28, 2021, the circuit court issued its order granting relief to the Plaintiffs and remanding the case to the district court. My firm's actual expenses and costs through

11

that date for the district and circuit court levels were $22,176.54, as set forth in the attorneys' itemized bills, attached to the motion for fees and costs as Exhibit 1. I certify these figures to be complete and accurate. Such expenses are reasonable and not normally absorbed as a part of a law firm's overhead, but are the type normally billed to a client and are reasonable and appropriate for this type of case.

37. As substantiation of my firm's expenses, we attach the Bills of Cost which we previously submitted to the circuit court as Exhibit 2. This bill has not been paid.

38. As summarized in Exhibit 1, the total fees and expenses incurred by Nelson Madden Black LLP through November 28, 2021 for the district and circuit courts before reductions were $278,069.71. The Gibson Law Firm, PLLC's total fees and expenses, before reduction, were $270,899.53. The total fees and expenses for the district and circuit courts after reductions are $250,329.72 for Nelson Madden Black LLP, and $242,280.00 for the Gibson Law Firm, PLLC. I certify the figures for our firm to be complete (as adjusted) and accurate. Plaintiffs are thus seeking the total sum of $492,609.72 from Defendants in the instant motion.

Dated: New York, New York
September 13, 2022

Respectfully submitted,
/s/ Jonathan R. Nelson
Jonathan R. Nelson, Esq.
JN-8796