UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL KANE, et al.,

                Plaintiffs,

    - against -                            Case No.  21-cv-7863 (NRB)
                                                    (Lead)
BILL DE BLASIO, et al.,

                Defendants.
-----------------------------------------------------------------X
MATTHEW KEIL, et al.

                Plaintiffs,

    - against -                            Case No.  21-cv-8773 (NRB)

THE CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------------X

## DECLARATION OF SUJATA S. GIBSON, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**SUJATA S. GIBSON, ESQ.**, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am filing this declaration in support of the attached motion for fees to demonstrate the reasonableness both of my hourly rate and of the total amount of compensable time that I incurred in this case.

## Background

2. I am the lead attorney on *Kane v. de Blasio,* and have worked on all aspects of the *Kane* case since its origin.

3. I graduated from the University of Pennsylvania Law School in 2007.

1

4. From the time I graduated law school in 2007 until the present, I have worked as a litigator in federal and state court.

5. I am the principal attorney at the Gibson Law Firm, PLLC, and I practice almost exclusively in the areas of civil rights, religious and medical accommodations, and movement law.

6. In addition, I teach part time as an adjunct professor at Cornell Law School, also in the areas of civil rights and movement law.

7. I am admitted to practice in the state of New York; the United States Supreme Court, the United States Court of Appeal for the Second Circuit; and in the Eastern, Western and Northern Districts of New York. I have also made pro hac vice appearances in other federal district courts, for example in this case, where I am admitted pro hac vice in the Southern District of New York.

8. For the bars and courts in which I have been admitted, I am a member in good standing and there are no grievances or other disciplinary proceedings pending against me. In addition, no court has ever censured, disbarred, suspended, or held me in contempt.

### Preclusion of Other Employment

9. By accepting the present case, I was precluded from taking on other representation.

10. This case imposed weighty time limitations on my schedule since it has lasted over a year, and required extensive briefing and appearances in the district court and Court of Appeals, much of it on an extremely expedited schedule.

11. The myriad constitutional challenges necessitated by Defendants' religious accommodation policies and practices, and the added complexity of the intended impact of

2

this litigation, brought by a movement of impacted teachers and educators, required substantial attorney and paralegal time, which precluded me from working on other matters.

12. Since taking this case, I intentionally declined to offer a website for my firm, to lessen the volume of inquiries from potential clients, and have set up a phone service with standing instructions to tell potential clients who find me that I am not taking any new cases. Hundreds of potential clients have requested to retain me at my normal hourly rates of $550 an hour. I have had to turn most of them down.

13. For most attorneys, this case would have been undesirable to undertake because it lacked a guaranteed fee, it involves vaccines, which are a hot-button political topic, and it requires litigation against the City of New York and its army of attorneys.

### Reasonableness of Hourly Rate

14. I have investigated and obtained information to familiarize myself with the hourly billing rates of attorneys with skill and experience in the First Amendment area of law who practice in the New York area.

15. My billing rate of $550 per hour in this case is consistent with or below the prevailing market rate in the Southern District of New York, where many attorneys of my experience will bill much more than $550 per hour to litigate a complex First Amendment case.

16. My firm's billing rates of $300 per hour for associate time, and $135 for billable paralegal time are also at or below prevailing market rates in the Southern District of New York.

17. These rates are also consistent with rates awarded to attorneys in similar cases in this jurisdiction and is reasonable in light of my experience in constitutional and civil rights

3

law. The concurrently filed declaration of Andrew C. Hruska, Esq. attests to the local billing rates for similar matters.

18. The hourly billing rates charged are particularly low considering that this case is on contingency, and there is no guaranteed fee.

19. Few attorneys practice constitutional litigation, and ever fewer specialize in the intersection between religion, medical freedom, and civil rights, as I do. Of these, most are unable to take on litigation like this without a guaranteed fee.

20. Plaintiffs would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

## Reasonableness of Time and Expenses Incurred

21. The concurrently filed itemized statement attached as **Exhibit 1** sets forth my firm's task-based time based upon contemporaneous time records I kept as I and other members of my firm performed the work. I have exercised billing judgment by reducing unreasonable time expenditures. These reductions are individually documented in the itemized statement.

22. The total time that my Gibson Law Firm, PLLC colleagues and I incurred on this case before this Court and the circuit court, prior to and leading up to the Second Circuit judgment in which we prevailed, was 605.4 hours ($250,972.00). After I reviewed our time and exercised critical billing judgment on all attorney and paralegal time, this amount was reduced to 561.90 hours. At a billing rate of $550 per hour for myself, $300 per hour for my Of Counsel attorney Sujata Ramaiah, and $135 per hour for our paralegal, this results in a current amount of $242,280.00 in fees that is fairly claimed against Defendants.

23. I certify that **Exhibit 1** is accurate and complete, and that the unredacted time reflected in the invoice was reasonable, necessary and appropriate to achieve the results in this case.

24. The law firm of Nelson, Madden, Black served initially as an ally to my firm in pursuing parallel litigation in the *Keil* litigation, and then as a colleague once the *Keil* and *Kane* cases consolidated at the direction of the district court. Mr. Nelson's affidavit, which I endorse, separately addresses the amount of time that his firm devoted to this case and the reasonableness of their adjusted and redacted bills, which are adjusted to 560.94.

25. To reduce the amount of time that would be needed on the appeals, our firms collaborated to research, brief and orally argue the appellate motions that we won.

26. On November 28, 2021, the circuit court issued its order granting relief to the Plaintiffs and remanding the case to the district court.

27. Though our matters were heard together on appeal, each firm had to prepare, bind, print and serve copies of their own voluminous appendices and briefings on an extremely expedited basis. The expedited nature of this matter required my firm to retain Counsel Press for paralegal and services that might ordinarily be handled in house.

28. The *Kane* Plaintiffs were awarded a Bill of Costs by the circuit court that was filed with the district court. A copy of it is attached as **Exhibit 2**. To date, these costs have not been paid by defendants.

29. Though the Bill of Costs will pay some of the costs of these appeals, the total expenses my firm paid to Counsel Press, and for docketing, transcript and filing fees, along with binding, service of process, and substantial fees to expedite the motion and merits briefing, amount to $19,927.53.

30. Such expenses are reasonable and not normally absorbed as a part of a law firm's overhead, but are the type normally billed to a client and are reasonable and appropriate for this type of case. Nonetheless, my firm has exercised billing judgment to write these additional fees off of our attached bills.

31. As summarized in Exhibit 1 of Attorney Nelson's annexed declaration, the total fees and expenses incurred by Nelson Madden Black LLP through November 28, 2021 for the district and circuit courts before reductions were $278,069.71. The Gibson Law Firm, PLLC's total fees and expenses, before reduction, were $270,899.53. The total fees and expenses for the district and circuit courts after reductions are $250,329.72 for Nelson Madden Black LLP, and $242,280.00 for the Gibson Law Firm, PLLC. I certify the figures for our firm to be complete (as adjusted) and accurate. Plaintiffs are thus seeking the total sum of $492,609.72 from Defendants in the instant motion

Dated: Ithaca, New York

September 13, 2022

Respectfully submitted,

*/s/Sujata S. Gibson*
Sujata S. Gibson, Esq.