UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

NAOMI REICE BUCHWALD                                                                                      (212) 805-0194
UNITED STATES DISTRICT JUDGE

September 29, 2022

Sujata S. Gibson, Esq.
Gibson Law Firm, PLLC
832 Hanshaw Rd, Suite A
Ithaca, NY 14850

Jonathan R. Nelson, Esq.
Nelson Madden Black LLP
475 Park Ave. S, Suite 2800
New York, NY 10016

Lora Minicucci
City of New York Law Department
100 Church Street
New York, NY 10007

**RE: Kane et al. v. de Blasio, et al., 21-cv-7863 (NRB) / Keil et al. v. City of New York, et al., 21-cv-8773 (NRB)**

Dear Counsel:

The Court is in receipt of plaintiffs' Motion for Attorneys' Fees and Costs (the "Motion"); the Corporation Counsel's letter requesting an extension of time to respond to the Motion; and plaintiffs' letter in opposition.

Plaintiffs contend that the Second Circuit's November 28, 2021 decision gives plaintiffs prevailing-party status, thus entitling plaintiffs' counsel to attorney's fees. See Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021). However, the subsequent dismissal of plaintiffs' complaint with prejudice raises a serious question as to whether plaintiffs are, in fact, prevailing parties. See 10 Moore's Federal Practice - Civil § 54.171 (2022) (to be considered prevailing parties, plaintiffs "must [have] obtain[ed] at least some relief on the merits of a claim; usually, a purely procedural victory does not make the plaintiff a prevailing party").

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**                                                                              (212) 805-0194
UNITED STATES DISTRICT JUDGE

    Moreover, given plaintiffs' pending appeal on the merits before the Second Circuit, the Court also questions whether it would be judicially efficient and/or sensible to address the issue of attorney's fees before the Second Circuit resolves plaintiffs' appeal.

    The Court therefore directs plaintiffs to submit a response addressing why: (1) the Second Circuit's November 28, 2021 decision entitles plaintiffs to prevailing-party status when their complaint was subsequently dismissed on the merits; and (2) the Court should decide the issue of attorney's fees prior to the Second Circuit's resolution of plaintiffs' appeal.   Following plaintiffs' submission, Corporation Counsel will have twenty-one (21) days to respond.

                                                      Very truly yours,

                                                      Naomi Reice Buchwald
                                                      United States District Judge