

| **HON. SYLVIA HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | LORA MINICUCCI<br>Labor and Employment Law Division<br>Phone:  (212) 356-2078<br>Fax:  (212) 356-2438<br>Email: lminicuci@law.nyc.gov |

November 1, 2022

**By ECF**
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

           Re:    Kane, et al. v. de Blasio, et al., 21 Civ. 7863 (NRB)
                    Keil, et. al v. City of New York, et. al., 21 Civ. 8773 (NRB)

Dear Judge Buchwald:

      Counsel for Defendants respectfully submit this letter in response to Plaintiffs' letter, dated October 11, 2022 (hereinafter, "Plaintiffs' letter"), as directed by Your Honor's September 29, 2022 order. ECF Dkt. 202. That order asked the Plaintiffs to address two issues: (1) whether Plaintiffs are entitled to prevailing party status based on the Second Circuit's November 28, 2021 decision even though their complaint was subsequently dismissed on the merits, and (2) whether it would be judicially efficient to decide the fee application prior to the Second Circuit's resolution of Plaintiffs' appeal. ECF Dkts. 202 and 203. Defendants submit that Plaintiffs have failed to show that (1) they are entitled to "prevailing-party status" and (2) it would be judicially efficient to decide the issue of fees at this juncture.

**A. This Court should deny Plaintiffs' motion for fees because the motion is untimely.**

      Plaintiffs are seeking fees based on the November 28, 2021 decision issued by the Second Circuit Court of Appeals. However, a motion for appellate attorneys' fees must be made within a "reasonable amount of time" after the entry of the Second Circuit's final judgment. Cush-Crawford v. Adchem Corp., 234 F. Supp. 2d 207, 211 (E.D.N.Y. 2002)(finding that two months after defendants' time to seek appellate review from the Supreme Court had elapsed was reasonable amount of time to seek fees); see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, No. 07-CV-6304 (KMK), 2021 U.S. Dist. LEXIS 62863, *13-14 (S.D.N.Y. Mar. 31, 2021)(one month and eleven days after Second Circuit Mandate was issued is a

reasonable amount of time to seek fees). Here, the instant motion for fees was made 289 days after the November 28 decision. As such, the motion should be denied as untimely.

Furthermore, a petition for review on certiorari must be filed within 90-days of the entry of judgment. That time elapsed on February 26, 2022, and indeed Plaintiffs did not seek Supreme Court review for their first motion for a preliminary injunction.[1] Plaintiffs then waited another seven months to make the instant application. This is well outside the "reasonable" timeframe and as such Plaintiffs' application for attorneys' fees should be denied as untimely.

### B. Plaintiffs are not "prevailing parties" for the purposes of § 1988.

To recover fees under 42 U.S.C. § 1988, Plaintiffs must have prevailed on the merits on at least some parts of their claims. See 42 U.S.C. § 1988(b). A party who has only achieved interim relief but ultimately loses on the merits is not a prevailing party. Sole v. Wyner, 551 U.S. 74 (2007)(plaintiff was granted a preliminary injunction but ultimately lost on the merits was not entitled to attorneys fees). Here, both the Kane and Keil Plaintiffs sought to enjoin the Department of Education ("DOE") vaccine mandate. See Kane ECF Dkt. 12 and Keil ECF Dkt. 8. Neither set of Plaintiffs achieved that relief. Kane v. De Blasio, 19 F.4th 152, 170 (2d Cir. 2021). Indeed, Defendants chose to amend their procedures and review reasonable accommodation applications through the Citywide panel appeals process. Kane, 19 F.4th at 170.

While 42 U.S.C. § 1988 authorizes fee awards on interim judgments, the party must still have "prevailed". Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790-91 (1989). A party is deemed to have "prevailed" in the suit "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Lefemine v. Wideman, 568 U.S. 1, 11 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)[2]); see also Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) ("Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims."). For the legal relationship between the parties to be considered "materially altered," there must be "judicial imprimatur". Raab v. City of Ocean City, 833 F.3d 286, 293 (3d Cir. 2016) ("Key to this determination is whether the change is enforceable or 'judicially sanctioned' by the court." (citations omitted)).

Here, Plaintiffs argue that the Second Circuit partially ruled on the merits in their favor, but an evaluation of the Second Circuit decision shows that is not the case. See Plaintiffs' letter at

---

[1] Plaintiffs applied for certiorari for their second motion for a preliminary injunction, that application was denied by Justice Sotomayor on February 11, 2022. Thereafter, Plaintiffs made a second application to Justice Gorsuch which was referred to the court and denied on March 7, 2022. See Kane v. De Blasio, no. 21A398, U.S. Sup. Ct. Docket (2022) https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21a398.html

[2] Farrar also sets forth that while a party that is awarded nominal damages in a civil rights case may be a "prevailing party," the reasonable amount of fees to be awarded should be $0. Farrar, 506 U.S. at 111-12.

5-6. First, the "success" that Plaintiffs claim to have achieved was only reached through the consent of the City. Kane, 19 F.4th at 167. The Second Circuit expressly stated that it would not address the constitutionality issue of the Plaintiffs' as-applied claims given the City's consent to offer Plaintiffs a "fresh look" at their reasonable accommodation requests through the Citywide Panel and the principal of maintaining judicial efficiency. Id. Additionally, the Second Circuit emphasized that their determination was to be narrowly construed. Id. The Court further acknowledged that their decision did not suggest that Plaintiffs were entitled to *any* religious accommodation under Title VII or the First Amendment. Kane, 19 F.4th 152, 175. Thus, contrary to Plaintiffs' assertions there has been no judicial finding that Plaintiffs have definitively been treated unconstitutionally; the interim relief that was granted merely suggests that the Plaintiffs had a *potential* for success, rather than *actual* success on the merits. Even if Plaintiffs could claim that they were "prevailing parties" at the point the Second Circuit issued the decision granting interim relief, they were stripped of that title once the District Court held that Plaintiffs had not pled as-applied challenges. See District Court Memorandum and Order dated August 26, 2022, ECF Dkt. 184 at 36-37.

Moreover, Plaintiffs' reliance on LaRouche v. Kezer, 20 F.3d 68, 75-76 (2d Cir. 1994), see Plaintiffs' Letter at 5, is misplaced. Although the plaintiffs in LaRouche "succeeded in obtaining part or all of the relief they sought," they were ultimately not deemed the "prevailing" party because the relief they obtained was based on finding of irreparable harm and not based on a determination on the merits. LaRouche v. Kezer, 20 F.3d 68, 75-76 (2d Cir. 1994). The LaRouche court held that, "[a] party prevails 'when he establishes a legal *entitlement* to what he seeks, not when what he seeks is actually delivered.'" Id. at 76 (quoting Coalition for Basic Hum. Needs v. King, 691 F.2d 597, 600 (1st Cir. 1982)). Although, in the instant matter, Defendants gave the individually named plaintiffs' applications "fresh look" reviews that does not deem them the "prevailing" party for purposes of 42 U.S.C. § 1988 because they have not obtained success on the merits of their claims.

Additionally, Plaintiffs claim as one of their "successes" the newly established ability of other similarly-situated DOE employees to access the "fresh look" religious accommodation review set forth in the Motions Panels Order. See Plaintiffs' Letter at 4. The Second Circuit, however, rejected this claimed success and declined to "expand the relief ordered by the Motions Panel to cover nonparties to this litigation…" Kane, 19 F.4th 152, 174. Contrary to Plaintiffs' baseless speculation, DOE extended this "fresh look" review to applicable DOE employees not included in the litigation. Id.

**C. To the extent Plaintiffs are a prevailing party the motion for fees should not be reached until after the appeal of the order dismissing the Consolidated Amended Complaint in this case has been decided.**

Contrary Plaintiffs' claims, the instant matter is *not* "final." In the interest of judicial efficiency the Court should wait to rule on the instant application pending a decision by the Second Circuit Court of Appeals concerning the denial of Plaintiff's fourth motion for a preliminary injunction and the grant of Defendants' motion to dismiss. Numerous decisions, including those in the Supreme Court, have emphasized the promotion of judicial efficiency by mitigating piecemeal litigation. Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1712 (2017) ("'From the very

3

foundation of our judicial system,' the general rule has been that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.' This final-judgment rule . . . preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice") (citations omitted); <u>Am. Freedom Def. Initiative v. Metro. Transp. Auth</u>., 889 F. Supp. 2d 606, 613 (S.D.N.Y. 2012) (deferred ruling on prevailing party's fee motion pending appeal for the purposes of promoting judicial efficiency). As the District Court's decision in this matter is currently on appeal to the Second Circuit Court of Appeals, finality has been suspended until the Second Circuit renders a decision on the merits of the matter. See <u>Kane v. De Blasio</u>, 22-1876, 2d Cir. (2022). Given that the District Court's August 26, 2022 decision and order is currently on appeal, it is not judicially efficient to decide this fee issue when there is a chance that the Second Circuit's forthcoming decision may deny Plaintiffs' claims on their merits and alter any "prevailing party" status claimed by the Plaintiffs.

Accordingly, to the extent the Court is inclined to consider Plaintiffs a "prevailing party" for the purposes of fees and costs, Defendants respectfully request that Plaintiffs' motion for fees be considered only after the Second Circuit has rendered its final decision in the matter.

**D. To the extent the Court allows the motion to proceed, Defendants request the opportunity to fully brief the motion.**

Plaintiffs are seeking $242,280.00 and $250,329.00 in attorneys' fees for a total of $492,609.00 in fees. This is an astronomical amount for a motion for a preliminary injunction and a single appeal.[3] ECF Dkt. 197 at 2. The amount requested by Plaintiffs and the results obtained are not reasonably correlated. Even if a fee application motion is proper at this time, an award is only proper for the portion of the litigation that pertains to claims that have truly been finalized, and claims where Plaintiffs are the prevailing party. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 440 (1983) ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.").

In <u>Hensley</u>, the Supreme Court laid out twelve factors to be considered by district courts in awarding 42 U.S.C. § 1988 fees. The twelve factors to be considered are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Hensley v. Eckerhart</u>, 461 U.S. 424  429-30 (1983). The <u>Hensley</u> Court held that the factor pertaining to the amount involved and the *results obtained* is a crucial factor in determining the

---

[3] A cursory review of the billing records provided indicates that the attorneys' bills have been grossly inflated. For example, on November 4, 2021, Attorney Sujata Gibson purportedly worked for 23.2 hours in a single day. Likewise, Nelson Madden Black LLP requests 96.65 partner hours billed at $550 per hour to draft a single complaint and a memorandum of law in support of the motion for a preliminary injunction, which was denied immediately because it made the same claims as the <u>Kane</u> action. See <u>Keil v. De Blasio</u>, 21-cv-8773, Order dated October 28, 2021.

proper award amount under § 1988. Id. at 440.  In situations where the moving party is only *partially* successful, as here, the court puts forth two additional questions that must be addressed: (1) Did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? (2) Did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? Id. at 434.

As guidance, the Hensley Court provides three "buckets" that illustrate the different scenarios that may arise in fee application motions. The first bucket is if the plaintiff is presenting "distinctly different claims for relief that are based on different facts and legal theories" and is only successful in bringing *some* of those claims, then no fees may be awarded for any of the unsuccessful claims (as they would be treated "as if they had been raised in separate lawsuits"). Id. at 434-35. In the second bucket are claims that "involve a common core of facts or will be based on related theories," but the plaintiff only succeeds on one of those claims. Id. at 435. In such scenarios, the Court instructs district courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. In the last bucket are cases where if a plaintiff has obtained "excellent results," then their attorney should recover the full amount, even if they have not prevailed in every single one of their claims. Id.  All three "buckets" of situations would still, of course, warrant an analysis of the twelve factors laid out by the Hensley Court. Id. at n 5.

As applied here, the Plaintiffs' limited, and arguable, "successes" can only be said to fall into the first bucket, since they brought separate legal claims presenting different legal theories, principally that the Vaccine Mandate is facially infirm and that the Vaccine Mandate was unconstitutional as-applied to the individually named plaintiffs. Plaintiffs only seem to be claiming success with respect to the Second Circuit's preliminary determination that the DOE altered its process to allow the individual plaintiffs an opportunity to have their religious accommodation requests reconsidered under a new standard. If it is determined then that Plaintiffs truly are the prevailing party here, any fee award should exclude any fees claimed for the work completed in bringing the unsuccessful claims. If Plaintiffs are unable to provide evidence supporting the hours worked on this specific portion of the litigation, the District Court should exercise its discretion and lower the amount awarded accordingly. Hensley, 461 U.S. at 433.

Therefore, Plaintiffs' motion for attorneys' fees should be denied because their application is untimely and in any event they are not a prevailing party. In the alternative, Defendants respectfully request that the Court wait to hear Plaintiffs' application until such time as Plaintiffs' appeal is decided by the Second Circuit.

                                              Respectfully submitted,

                                              /s/ Lora Minicucci_____
                                              Assistant Corporation Counsel

CC: All parties via ECF