| | |
|---|---|
| **GIBSON LAW FIRM, PLLC** | **NELSON MADDEN BLACK LLP** |
| 120 East Buffalo Street | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |
| Sujata S. Gibson, Esq. | Jonathan R. Nelson, Esq. |

June 5, 2025

**By ECF**
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: <u>Kane, et al. v. Bill de Blasio, et al.</u>, No. 21 Civ. 7863 (lead), No. 21 Civ. 8773
           Plaintiffs' Response re Remaining Claims After Appeal

Dear Judge Buchwald:

    Counsel for Plaintiffs respectfully submit this letter in response to the Court's directive of May 28, 2025 (ECF No. 231), requesting clarification of which claims raised in the Amended Complaint remain viable following the Second Circuit's Amended Opinion dated January 10, 2025. [Amended Opinion Doc 224].[1]

    **I.**    **Claims That Remain Viable After Remand**

    Based on the Second Circuit's mandate, only the as-applied constitutional claims of Plaintiffs Natasha Solon and Heather Clark remain viable for further proceedings in this Court.

    **A.**  **Natasha Solon's Remaining Claims**

    The Second Circuit found that Solon stated a cognizable as-applied claim because she was denied a religious exemption under the initial Arbitration Award Standards, stating: "As we previously determined, the Arbitration Award Standards under which Solon was suspended were very likely unconstitutional." [Amended Opinion at 31 quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 584 U.S. 617, 638]. In so holding, the Second Circuit overturned this Court's determination that Solon's claims are "moot" reasoning: "The fact that Solon has now been reinstated does not necessarily erase every injury she alleges. She has plausibly pleaded that she was potentially subjected to an unconstitutional government action resulting in an injury for which she has yet to receive recompense. *See* App'x at 150–51 (alleging that Solon's home went into foreclosure while she was suspended without pay)." [Amended Opinion at 32].

    Because the religious accommodation policy under which Solon was judged facially discriminated

---

[1] The Second Circuit issued an Amended Opinion in 2025. Respectfully, while the Court is correct that the Mandate for the Amended Opinion was not filed in this docket until May 7, 2025, the Mandate on the original Opinion, which reinstated claims as of that date and began the clock for filing an answer, was entered in this docket on March 11, 2025 at ECF 194-1.

against personally held religious beliefs, among other constitutional problems, Solon's as applied Constitutional claims prevail.

The Second Circuit did not specify which of the constitutional claims survive, but it must be presumed based on their reasoning that the Free Exercise, Establishment Clause and Equal Protection Claims would all be reinstated. The Amended Opinion affirms *Kane's* holding regarding the unconstitutionality of the religious accommodation policies applied to Solon under the Arbitration Award. *Kane* held that strict scrutiny applied, and that the Arbitration Award policies discriminated against personally held and other religious beliefs, which creates an Establishment Clause and Equal Protection Clause problem as well as a Free Exercise problem. The Amended Opinion points out that Equal Protection claims brought on the same grounds rise and fall based on the holding regarding the First Amendment claims. [Amended Opinion at 25-26 fn. 5]; *see also Larson v. Valente,* 456 U.S. 228, 244-46 (1982).

### B. Heather Clark's Remaining Claims

The Second Circuit also found that Clark stated a cognizable as-applied claim because the Citywide Panel improperly characterized her religious beliefs as too "idiosyncratic" to be religious in nature. The Second Circuit held that this was "the same constitutional problem as presented in *Kane I*—and similar to why Solon stated a claim for backpay. That is, Clark pleaded the denial of a religious accommodation on the ground that a person's religious beliefs are too personal to count as properly religious." [Amended Opinion at 32-33, citing *Kane,* 19 F.4th at 168].

For the same reasons as Solon, Clark therefore still has viable Free Exercise, Establishment Clause and Equal Protection Claims that are proceeding in this Court. The Amended Opinion affirms *Kane's* holding which applied strict scrutiny and held that Clark asserted a viable claim that the City discriminated against her personally held religious beliefs, which creates an Establishment Clause and Equal Protection Clause problem as well as a Free Exercise problem.

### II. Claims That Have Been Dismissed

The Second Circuit's decision did not disturb the dismissal of all other claims, including:

1. **All facial challenges** to the Vaccine Mandate itself (under the facial portions of the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth Claims for Relief)

2. **All as-applied claims for all other plaintiffs**, including individual claims for the remaining 19 named plaintiffs

3. **All hybrid rights, due process, and Supremacy Clause claims** (Second, Third, Fourth, and Sixth Claims for Relief) which were not appealed.

Respectfully submitted,

/s/ Jonathan R. Nelson           /s/ Sujata S. Gibson
Jonathan R. Nelson                Sujata S. Gibson
Counsel for Keil Plaintiffs       Counsel for Kane Plaintiffs

cc:     All counsel of Record (via ECF)