```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL KANE, et al.,

                Plaintiffs,                    MEMORANDUM AND ORDER

           - against -                         21 Civ. 7863 (NRB)
                                               21 Civ. 8773 (NRB)
BILL DE BLASIO, et al.,

                Defendants.
----------------------------------------X
MATTHEW KEIL, et al.,

                Plaintiffs,

           - against -

THE CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pending before the Court is plaintiffs' renewed motion for attorneys' fees. ECF No. 211 ("Mot.").[1] We previously detailed the background of this case in our Memorandum and Order of August 26, 2022 (the "August 2022 Order"), in which we denied plaintiffs' fourth motion for a preliminary injunction and granted defendants' motion to dismiss the Complaint in its entirety. See Kane v. de Blasio, 623 F. Supp. 3d 339 (S.D.N.Y. 2022) (Buchwald, J.). Accordingly, the Court assumes the reader's familiarity with the

---

[1] Unless stated otherwise, all citations to ECF in this Memorandum and Order refer to entries on the docket for Kane v. de Blasio, 21 Civ. 7863.

1

case and provides only the background relevant for deciding the instant motion.

On September 21, 2022, plaintiffs appealed this Court's August 2022 Order. ECF No. 186. While plaintiffs' appeal was pending, plaintiffs moved for an award of attorneys' fees, costs, and expenses against defendants. ECF Nos. 197-201. We subsequently issued a Memorandum and Order denying plaintiffs' motion without prejudice to its renewal at the appropriate time, writing:

> Plaintiffs' application present[s] an obvious threshold issue of whether plaintiffs are prevailing parties, which cannot be resolved until the Second Circuit addresses their appeal and the motion can be fully briefed. Neither has occurred.
>
> Accordingly, plaintiffs' motion is denied without prejudice to its renewal at the appropriate time. See Leibovitz v. Paramount Pictures Corp., No. 94-cv-9144 (LAP), 1997 WL 542560, at *1 (S.D.N.Y. Sept. 3, 1997) (deferring "the attorney's fees question until defendant's status as a prevailing party is confirmed by the Court of Appeals").

ECF No. 208 at 1-2.

More than a year later, on November 13, 2024, the Second Circuit issued a decision with respect to plaintiffs' appeal. New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319 (2d Cir. 2025). That decision: (i) largely affirmed the dismissal of plaintiffs' facial First Amendment and as-applied challenges, id. at 330-33; (ii) dismissed plaintiffs' request for injunctive relief in the form of reinstatement and backpay, id. at

2

328-29; and (iii) dismissed as moot plaintiffs' request for injunctive relief in the form of rescission of the City's vaccine mandate ("Vaccine Mandate"), id. at 327-38.  Further, without commenting on the merits of their claims, the Circuit remanded two individual plaintiffs' as-applied claims for further proceedings before this Court.  Id. at 334-35.

On March 25, 2025, plaintiffs filed this renewed motion for an award of attorneys' fees and other expenses, relating solely to "attorney and paralegal time incurred to prevail on their first motions for injunctive relief," ECF No. 211 at 2, and contending that such fees, costs, and other expenses are owed as a result of the Second Circuit's first full decision in this action, issued on November 28, 2021 (the "November 2021 Order"), ECF No. 215 at 1 (citing Kane v. de Blasio, 19 F.4th 152 (2d Cir. 2021)).

Before addressing plaintiffs' request, it is worth revisiting the sequence of events that led to the Second Circuit's November 2021 Order.  In September and October 2021, plaintiffs sought and were denied religious accommodations, seeking to be exempted from the requirement that all Department of Education employees and contractors be vaccinated against the COVID-19 virus (the "Vaccine Mandate").  Kane, 19 F.4th at 159, 162.  Thereafter, plaintiffs filed the present suit alleging, inter alia, the violation of their First Amendment rights.  Id. at 162.  Judge Caproni of this District denied plaintiffs' request for a preliminary injunction,

3

Kane v. de Blasio, No. 21 Civ. 7863 (VEC), 2021 WL 5037401 (S.D.N.Y. Oct. 12, 2021), and plaintiffs appealed, requesting an emergency injunction pending appeal, ECF No. 67.

A Second Circuit motions panel heard oral argument on November 10, 2021, during which the City conceded that the standards it had applied to determine religious accommodations to the Vaccine Mandate were "constitutionally suspect." Kane v. De Blasio, 19 F.4th at 162. Following oral argument, the parties submitted supplemental letter briefing, and each party filed a proposed order for relief pending appeal. Id. On November 15, 2021, the motions panel issued an order "largely tracking the City's proposed order[,]" pursuant to which plaintiffs would receive de novo consideration of their accommodation requests before a central citywide panel (the "Citywide Panel"),[2] and referred the matter to a merits panel. Id. at 163.

The merits panel heard oral argument on November 22, 2021 and issued a decision on November 28, 2021. After concluding that the "plaintiffs ha[d] not shown a likelihood of success on their facial challenge to the Vaccine Mandate," the Circuit granted plaintiffs'

---

[2] The motions panel's order stated, inter alia, that: (i) plaintiffs would receive fresh consideration of their requests for religious accommodation by a the Citywide Panel; (ii) such consideration would adhere to the standards established by Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law; (iii) in the interim, no steps would be taken to terminate plaintiff's employment for noncompliance with the Vaccine Mandate pending a decision of the Citywide Panel; and (iv) if the Citywide Panel granted a plaintiff's request, the plaintiff would receive backpay running from the date they were placed on leave without pay. Kane, 19 F.4th at 176-77.

4

request for a preliminary injunction solely with respect to the terms of relief ordered by the motions panel. Id. at 164, 176. The merits panel emphasized that its decision was "exceedingly narrow," id. at 167, writing:

> As we have explained, and based only on the record developed to date, Plaintiffs have demonstrated a likelihood of success on their claim that as applied to them, the City's process for implementing the Vaccine Mandate . . . offended the First Amendment. But we do not suggest that Plaintiffs are in fact entitled to their preferred religious accommodations – or any religious accommodation, for that matter – under Title VII (or the First Amendment). Our decision is narrow. We conclude only that the interim relief put in place by the Motions Panel should continue so that Plaintiffs, with the consent of the City, are afforded an opportunity to have their accommodation requests promptly reconsidered.

Id. at 175 (emphasis in original).

Accordingly, plaintiffs' success was limited. Moreover, the merits panel soundly rejected plaintiffs' argument that they should receive reinstatement and back pay while the City reconsidered their requests for religious accommodations. Id. at 171-72 ("Because Plaintiffs have refused to get vaccinated, they are on leave without pay. The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable."). And, upon rehearing plaintiffs' claims, the Citywide Panel reversed the denial of only one plaintiffs' request for religious accommodation. See August 2022 Order at 362.

Additionally, since we issued our Memorandum and Order in July 2023 denying plaintiffs' initial motion for attorneys' fees,

5

costs, and expenses, ECF No. 208, the Supreme Court has held that the granting of "[a] preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a 'prevailing party[.]'" Lackey v. Stinnie, 145 S. Ct. 659, 671 (2025). Rather, "a plaintiff 'prevails' . . . when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." Id. at 669.

While it is premature to address the full impact of the Supreme Court's decision on this case, plaintiffs have largely lost their case on the merits. Plaintiffs' requests for preliminary injunctive relief, seeking rescission of the Vaccine Mandate as well as reinstatement and backpay, have repeatedly been denied in this District and multiple times by the Second Circuit since 2021.³ Moreover, as noted, the Second Circuit has twice

---

³   On December 11, 2021, after receiving notice of the outcome of their appeals to the reconstituted Citywide Panel, the Kane plaintiffs filed a letter seeking leave to file another motion for a preliminary injunction. ECF No. 85. The district court, by Judge Caproni, again denied plaintiffs' motion and ordered that the Kane and Keil cases be consolidated. ECF No. 90. Plaintiffs appealed the district court's denial of injunctive relief, ECF No. 91, and a Second Circuit panel denied plaintiffs' motion for a preliminary injunction and affirmed the district court's opinion in its entirety, Keil v. City of New York, Nos. 21-3043-cv, 21-3047-cv (VEC), 2022 WL 619694, at *4 (2d Cir. Mar. 3, 2022) (summary order).

  Defendants subsequently moved to dismiss the Complaint. ECF No. 111. While the parties were briefing on the motion to dismiss, plaintiffs again moved for a preliminary injunction, seeking rescission of the Vaccine Mandate as well as reinstatement and backpay, ECF No. 121, and this Court again denied plaintiffs' motion, Kane, 623 F. Supp. 3d at 365. The Second Circuit subsequently dismissed as moot plaintiffs' request to rescind the Vaccine

rejected any argument that the Vaccine Mandate was unconstitutional on its face. Kane, 19 F.4th at 163-67; New Yorkers for Religious Liberty, Inc., 125 F. 4th at 330.[4]

Accordingly, plaintiffs' only victory in this case is with respect to a narrow issue which the City had already conceded, simply allowing plaintiffs to receive "fresh consideration" of their requests for religious accommodations before a central Citywide Panel adhering to standards established by, inter alia, Title VII of the Civil Rights Act of 1964. Kane, 19 F.4th at 175-77. In its most recent order in this litigation, the Second Circuit soundly rejected plaintiffs' claims that this Citywide Panel applied unconstitutional standards or was infected with religious animus. New Yorkers for Religious Liberty, Inc., 125 F.4th at 330. Moreover, the Second Circuit largely upheld this Court's dismissal of plaintiffs' as-applied claims arising from the subsequent denial of their requested accommodations, with claims by only two plaintiffs remaining in dispute at this stage of the litigation. Id. at 333-35.

---

Mandate and affirmed this Court's denial on the merits of plaintiffs' request for preliminary injunctive relief relating to reinstatement and backpay. New Yorkers for Religious Liberty, 125 F.4th at 327-29.

[4] In the November 2021 Order, the Second Circuit wrote that the Vaccine Mandate "plainly satisfie[d]" the rational basis review standard, Kane, 19 F.4th at 166, writing that the Mandate, "in all its iterations, [wa]s neutral[,] generally applicable," and facially constitutional under the Free Exercise Clause, id. at 164-66.

As a result, we again defer plaintiffs' motion for attorneys' fees without prejudice to its renewal following a final decision in this case. However, given the extremely limited relief that was ever achieved by the plaintiffs and the even more limited issues remaining, as well as the intervening Supreme Court decision, the Court urges the parties to try to resolve any remaining issues without further litigation. If the parties require further assistance to do so, the Court will make its services available.

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 211.


Dated:   New York, New York
         September 3, 2025

                                    _____
                                       NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE